**Nos. 2025-1068 & 2025-1070**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

JEANINE FRAZIER,

Claimant-Appellee-Cross-Appellant,

v.

DOUGLAS A. COLLINS, Secretary of Veterans Affairs,

Respondent-Appellant-Cross-Appellee.

---

On Appeal from the United States Court of Appeals for Veterans Claims
in case no. 22-4670, Judge Michael P. Allen, Chief Judge Margaret C. Bartley, and
Judge Grant Jaquith.

---

**OPENING BRIEF OF RESPONDENT-APPELLANT-CROSS-APPELLEE**

---


YAAKOV M. ROTH
*Acting Assistant Attorney General*

PATRICIA M. MCCARTHY
*Director*

ERIC P. BRUSKIN
MEREDYTH COHEN HAVASY
*Attorneys, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2951*

*Of Counsel:*

BRIAN D. GRIFFIN
*Deputy Chief Counsel*

MATTHEW ALBANESE
*Attorney*
*Office of General Counsel*
*Department of Veterans Affairs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................iii

STATEMENT OF RELATED CASES ........................................................viii

INTRODUCTION..........................................................................................1

STATEMENT OF JURISDICTION ...........................................................3

STATEMENT OF THE ISSUE.....................................................................4

STATEMENT OF THE CASE.......................................................................4

I. Statutory Background ..................................................................................4

II. Factual Background and Prior Proceedings ...................................................9

A. Mr. Frazier Seeks Non-Periodic Housing and Automobile Benefits ..........................................................................................9

B. Ms. Frazier Seeks Substitution Following Mr. Frazier's Death .....9

C. The Board Dismisses the Claims for Non-Periodic Benefits ......10

D. The Veterans Court Reverses and Remands ...............................11

SUMMARY OF ARGUMENT ...................................................................13

ARGUMENT ..................................................................................................15

I. Standard Of Review......................................................................................15

II. The Plain Language of Section 5121A Limits Substitution to Accrued Benefits Claims.......................................................................................15

A. Section 5121A's Two References to Section 5121 Indicate Congress's Intent to Tie the Statutes to Each Other....................15

B. Section 5121A Lacks Language Entitling a Claimant to Payment of Benefits ..........................................................................................17

C. The Veteran's Court's Plain Language Analysis Gave Too Much Weight to Certain Words and Phrases Read in Isolation .............19

III. Section 5121A's Purpose and History Confirm That It Permits Substitution for Only Accrued Benefits Claims .......................................24

A. Section 5121A Was Designed to Provide a Procedural Mechanism for Seeking Section 5121(a) Benefits...............................................26

B. The Veterans Court Failed to Consider the Broader Purpose of Permitting Certain Individuals to Seek Benefits Following a Veteran's Death .......................................................................28

IV. VA Has Long Interpreted Section 5121A As Applying Only to Substitution for Accrued Benefits...............................................................33

A. VA's Implementing Regulation Explicitly Limits Section 5121A to Accrued Benefits Claims.....................................................................33

B. VA's Adjudication Procedures Manual Also Explicitly Limits Section 5121A to Accrued Benefits Claims....................................34

V. The Veterans Court Decision Could Overburden VA With Substitution Requests That Go Far Beyond Congress's Intent ....................................35

CONCLUSION.........................................................................................................37

## TABLE OF AUTHORITIES

CASES **Page(s)**

*Bartenwerfer v. Buckley*,
598 U.S. 69 (2023) ....................21

*Batcher v. Wilkie*,
975 F.3d 1333 (Fed. Cir. 2020) ....................29

*Bondi v. VanDerStok*,
604 U.S. __,No. 23-852, 2025 WL 906503 (U.S. Mar. 26, 2025) ....................33

*Burris v. Wilkie*,
888 F.3d 1352 (Fed. Cir. 2018) ....................18

*Crews v. McDonough*,
63 F.4th 37 (Fed. Cir. 2023) ....................5, 7, 23, 25

*Crowley v. United States*,
398 F.3d 1329 (Fed. Cir. 2005) ....................27

*Dolan v. United States Postal Serv.*,
546 U.S. 481 (2006) ....................19

*Fed. Crop Ins. Corp. v. Merrill*,
332 U.S. 380 (1981) ....................17

*Gazelle v. Shulkin*,
868 F.3d 1006 (Fed. Cir. 2017) ....................20

*Griffin v. Oceanic Contractors, Inc.*,
458 U.S. 564 (1982) ....................32

*Groff v. DeJoy*,
600 U.S. 447 (2023) ....................15

*Gundy v. United States*,
588 U.S. 128 (2019) ....................24

*Haines v. West*,
154 F.3d 1298 (Fed. Cir. 1998)....................25

*Jones v. Hendrix*,
599 U.S. 465 (2023)....................32

*Loper Bright Enter. v. Raimondo*,
603 U.S. 369 (2024).................... 33, 35

*Martinez-Bodon v. McDonough*,
28 F.4th 1241 (Fed. Cir. 2022)....................32

*Meeks v. West*,
216 F.3d 1363 (Fed. Cir. 2000)....................23

*Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*,
7 F.4th 1110 (Fed. Cir. 2021)....................23

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*,
551 U.S. 644 (2007)....................15

*Nat'l Ass'n of Mfrs. v. Dep't of Defense*,
583 U.S. 109 (2018)....................20

*OPM v. Richmond*,
496 U.S. 414 (1990)....................17

*Panama R. Co. v. Johnson*,
264 U.S. 375 (1924)....................16

*Phillips v. Shinseki*,
581 F.3d 1358 (Fed. Cir. 2009).................... 5, 25

*Reliford v. McDonald*,
27 Vet. App. 297 (2015) ....................27

*Rose v. Rose*,
481 U.S. 619 (1987)....................28

*Rusick v. Gibson*,
760 F.3d 1342 (Fed. Cir. 2014).................... 26, 27

*Skaar v. McDonough*,
48 F.4th 1323 (Fed. Cir. 2022) ........ 4

*Smith v. Collins*,
No. 23-1479 (Fed. Cir. Apr. 4, 2025) ........ passim

*Sucic v. Wilkie*,
921 F.3d 1095 (Fed. Cir. 2019) ........ 15, 25, 37

*United States v. Alvarez-Sanchez*,
511 U.S. 350 (1994) ........ 20

*United States v. Palmer*,
16 U.S. 610 (1818) ........ 20

*Western Air Lines, Inc. v. Bd. Of Equalization of S.D.*,
480 U.S. 123 (1987) ........ 32

*Whitman v. Am. Trucking Ass'ns, Inc.*,
531 U.S. 457 (2001) ........ 21

*Williams v. Principi*,
275 F.3d 1361 (Fed. Cir. 2002) ........ 3

*Zevalkink v. Brown*,
102 F.3d 1236 (Fed. Cir. 1996) ........ 23

STATUTES

38 U.S.C. § 1110 ........ 4, 18

38 U.S.C. § 1115 ........ 28

38 U.S.C. § 1131 ........ 4

38 U.S.C. § 1135 ........ 28

38 U.S.C. § 1155 ........ 4, 28

38 U.S.C. § 1310 ........ 18, 28

38 U.S.C. § 1521 ........ 4, 33

38 U.S.C. § 1522 ........ 4

38 U.S.C. § 2101 ........ 5, 29

38 U.S.C. § 3902 ........ 5

38 U.S.C. § 5112(b)(1) ........ 5

38 U.S.C. § 5121 ........ passim

38 U.S.C. § 5121A ........ passim

38 U.S.C. § 7252(a) ........ 4

38 U.S.C. § 7292(a) ........ 3, 15

REGULATIONS

38 C.F.R. § 3.1(p) ........ 18, 36

38 C.F.R. § 3.1000 ........ 10, 11

38 C.F.R. § 3.1010 ........ passim

38 C.F.R. § 17.156 ........ 30

38 C.F.R. § 20.3(e) ........ 36

38 C.F.R. § 36.4402 ........ 30

38 C.F.R. § 36.4404 ........ 30, 31

38 C.F.R. § 36.4406 ........ 30

OTHER AUTHORITIES


Black's Law Dictionary (12th ed. 2024) ....................18

H.R. Rep. 110-789 (2008) ....................26

https://www.benefits.va.gov/BENEFITS/Applying.asp ....................36

https://www.regulations.gov/docket/VA-2011-VBA-0008/comments....................34

Specially Adapted Housing Grant Processing Procedures, Loan Guaranty Operations for Regional Offices, VA M26-12 Manual ....................31

*Substitution in Case of Death of Claimant*
76 Fed. Reg. 8666, 8667 (Feb. 15, 2011) .................... 33, 34

*Substitution in Case of Death of Claimant*
79 Fed. Reg. 52977, 52978-81 (Sept. 5, 2014) ....................34

VA Adjudication Procedures Manual M21-1 ....................34

VA Fast Letter 10-30 (Aug. 10, 2010) .................... 34, 35

VA Gen. Coun. Prec. Op. 13-95 (May 10, 1995) ....................30

Veterans Benefits Act of 1957, Pub. L. No. 85-56, § 921, 71 Stat. 83 ....................6

Veterans' Benefits Enactment as Title 38 U.S. Code, Pub. L. No. 85-857, § 3021(a), 72 Stat. 1105 (1958) ....................6

Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110–389, § 212(a); 122 Stat. 4145, 4151 ....................7

Veterans' Regulation No. 2(a), Part I, Paragraph V (effective July 28, 1933) ....................6

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## INTRODUCTION

Generally, when an individual claiming benefits from the Department of Veterans Affairs (VA) dies, that individual's claim for benefits ends. One longstanding exception to this overarching rule is contained in 38 U.S.C. § 5121(a), which permits eligible survivors to be paid certain benefits that were due and unpaid at the time of the claimants' deaths. 38 U.S.C. § 5121(a). Such benefits are restricted to "periodic monetary benefits," known as "accrued benefits." *Id.* Until 2008, a survivor seeking accrued benefits had to file a new benefits claim and begin the adjudication process from the beginning. Congress, having concluded that this procedure was inefficient, enacted 38 U.S.C. § 5121A, which allows an individual who is "eligible to receive accrued benefits due to the [deceased] claimant under section 5121(a)" to be substituted for the claimant "for the purposes of processing the claim to completion."

At the time of his death, veteran Clarence Frazier had pending claims for both periodic and non-periodic monetary VA benefits. VA granted the request of his adult daughter, Jeanine Frazier, for substitution because, under 38 U.S.C. § 5121(a)(6), she was eligible to receive a payment of accrued benefits to reimburse her for the expenses she bore for Mr. Frazier's funeral. The Board of Veterans' Appeals (board) subsequently determined that the law did not permit Ms. Frazier to be substituted in Mr. Frazier's pending claims for *non*-periodic monetary benefits.

The United States Court of Appeals for Veterans Claims (Veterans Court), however, reversed the board's denial of substitution with respect to Mr. Frazier's claims for non-periodic monetary benefits. The court held that section 5121A, beyond providing a new streamlined procedure by which a survivor can seek accrued benefits due and unpaid at the time of a claimant's death, reflected congressional intent to significantly expand the right of survivors to seek benefits, allowing them—for the first time—to also substitute in claims for non-periodic benefits.

In reaching this legally erroneous conclusion, the Veterans Court read the statutory language in isolation, giving too much weight to individual words and phrases, while failing to consider clearer textual indications of Congress's intent. The Veterans Court also failed to consider that permitting substitution in non-periodic benefits claims is inconsistent with the purpose of permitting certain individuals to seek benefits following a veteran's death—to support that veteran's surviving dependents. Further, the Veterans Court overlooked the judicially acknowledged scope and VA's long-held interpretation of section 5121A, both of which strongly support an interpretation that the statute permits substitution only for the purpose of pursuing periodic (accrued) benefits claims. Finally, the Veterans Court's decision will have far-reaching implications not intended by Congress in enacting section 5121A because (1) it can be read to allow substitution in countless types of non-periodic benefits claims, such as education and home loan benefits, and (2) can be read to permit certain types of claimants to recover uncapped amounts.

Taken together, these considerations demonstrate that Congress did not intend section 5121A to permit substitution in claims for *non*-periodic monetary benefits. In short, the best reading of section 5121A requires reversal of the Veterans Court's judgment.

## STATEMENT OF JURISDICTION

This Court possesses jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on … any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). This appeal seeks this Court's review of the Veterans Court's interpretation of 38 U.S.C. § 5121A.

Though the Veterans Court remanded Ms. Frazier's appeal to the board, and this Court typically does not review non-final orders, this Court has held that "non-final" remand orders from the Veterans Court are nevertheless reviewable when there is "a clear and final decision of a legal issue that … if reversed by th[e] court, would render the remand proceedings unnecessary," where "the resolution of the legal issues [] adversely affect[s] the party seeking review; and, [] there [is] a substantial risk that the decision would not survive a remand." *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002). Those requirements are satisfied here because: (1) a determination by this Court that Ms. Frazier is not entitled to substitution would make remand proceedings on that issue unnecessary; (2) VA is adversely affected by the Veterans

Court's interpretation of 38 U.S.C. § 5121A because the decision requires VA to grant substitution to Ms. Frazier and other survivors in future non-accrued benefits claims, "expend[ing] time and resources addressing individuals beyond the Secretary's statutorily-permitted reach," *Skaar v. McDonough*, 48 F.4th 1323, 1330 (Fed. Cir. 2022); and (3) a remand proceeding would likely moot the issue because the board must now allow Ms. Frazier to be substituted and VA cannot appeal board decisions to the Veterans Court, 38 U.S.C. § 7252(a).

## STATEMENT OF THE ISSUE

Whether section 5121A authorizes substitution in a claim for non-periodic—that is, non-accrued—monetary benefits.

## STATEMENT OF THE CASE

### I. Statutory Background

Congress has authorized a range of benefits for veterans, the purposes and forms of which vary. Some of these benefits, such as disability compensation and disability pension, are paid periodically and meant to supplement income. For instance, compensation is payable monthly to veterans based on the average impairment to their earning capacities caused by disabilities resulting from injury or disease incurred during service. 38 U.S.C. §§ 1110, 1131, 1155. While also paid monthly, pension is a need-based benefit available to wartime veterans suffering permanent and total disability that is not connected to service. 38 U.S.C. §§ 1521, 1522.

In addition to these periodic benefits, Congress has authorized the provision of many non-recurring benefits, including those that are tailored to assist veterans in adapting to certain severe disabilities. As relevant to this case, Congress has provided for specially adapted housing and special housing adaptation benefits that are designed to "assist a disabled veteran" meeting specified criteria "in acquiring a suitable housing unit" or suitable housing "adaptations" made necessary by the veteran's disability. 38 U.S.C. § 2101(a)(1), (b)(1)(A). Similarly, qualifying veterans are entitled to one-time monetary assistance from VA in purchasing "an automobile or other conveyance" and "adaptive equipment" that will allow the vehicle to be operated safely. 38 U.S.C. § 3902.

Congress has also provided that when the payee of VA benefits dies, those benefits "shall be" discontinued effective "the last day of the month before such . . . death occurs." 38 U.S.C. § 5112(b)(1). Thus, VA cannot pay disability benefits for a period following the death of a veteran, which forms the basis for the longstanding rule that "when a veteran dies, the veteran's claim for benefits also terminates." *Crews v. McDonough*, 63 F.4th 37, 39 (Fed. Cir. 2023) (citing *Phillips v. Shinseki*, 581 F.3d 1358, 1363 (Fed. Cir. 2009)).

But there is a longstanding exception to this rule. Since at least the 1930s, recurring monetary benefits—like pension and compensation—that were owed to a veteran but not yet paid at the time of the veteran's death could be paid to specified survivors, such as a surviving spouse, minor children, or the person who bore the

expense of the veteran's burial. Veterans' Regulation No. 2(a), Part I, Paragraph V (effective July 28, 1933) (implementing Act of March 20, 1933, ch. 3, § 9, 48 Stat. 8, 10); *see* VA Regulations & Procedures 2662 (effective Jan. 25, 1936) (referring to these "accrued benefits").

In 1957, Congress consolidated the existing laws regarding administration of veterans' benefits, including accrued benefits, and repealed the prior versions of those provisions. *See* Veterans Benefits Act of 1957, Pub. L. No. 85-56, § 921, 71 Stat. 83, 121.[1] The following year, Congress recodified veterans' law at title 38 of the United States Code and concisely defined accrued benefits as "periodic monetary benefits." Veterans' Benefits Enactment as Title 38 U.S. Code, Pub. L. No. 85-857, § 3021(a), 72 Stat. 1105, 1228 (1958).

Entitlement to accrued benefits when a claimant dies is currently governed by section 5121 of title 38, United States Code, which provides, in relevant part:

> (a) Except as provided in sections 3329 and 3330 of title 31, periodic monetary benefits (other than insurance and servicemen's indemnity) under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death (hereinafter in this section and section 5122 of this title referred to as "accrued benefits") and due and unpaid, shall, upon the death of such individual be paid as follows:
>
> (1) Upon the death of a person receiving an apportioned share of benefits payable to a veteran, all or any part of such benefits to the

[1] By this time, accrued benefits included not just pension and compensation but other regularly recurring benefits like dependency and indemnity compensation, subsistence allowance, education and training allowance, special training allowance, and educational assistance allowance. § 921(a), 71 Stat. at 121.

> veteran or to any other dependent or dependents of the veteran, as may be determined by the Secretary.
>
> (2) Upon the death of a veteran, to the living person first listed below:
>
> (A) The veteran's spouse.
>
> (B) The veteran's children (in equal shares).
>
> (C) The veteran's dependent parents (in equal shares).
>
> (3) Upon the death of a surviving spouse or remarried surviving spouse, to the children of the deceased veteran.
>
> (4) Upon the death of a child, to the surviving children of the veteran who are entitled to death compensation, dependency and indemnity compensation [(DIC)], or death pension.
>
> (5) Upon the death of a child claiming benefits under chapter 18 of this title, to the surviving parents.
>
> (6) In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial.

Until 2008, an eligible survivor "could, with limited exceptions, pursue those claims [for periodic monetary benefits] only by restarting from the beginning and filing a new accrued benefits claim." *Crews*, 63 F.4th at 39.

"But in 2008, to remedy the inefficiencies and delays from restarting the process, Congress enacted § 5121A to allow [certain survivors] to be substituted as a claimant in place of a deceased [claimant]." *Id.*; *see* Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110–389, § 212(a); 122 Stat. 4145, 4151. Section 5121A provides in full:

(a) Substitution.—

> (1) If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion.
>
> (2) Any person seeking to be substituted for the claimant shall present evidence of the right to claim such status within such time as prescribed by the Secretary in regulations.
>
> (3) Substitution under this subsection shall be in accordance with such regulations as the Secretary may prescribe.
>
> (b) Limitation.—
>
> Those who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title.

38 U.S.C. § 5121A.

To implement section 5121A, in 2011 VA proposed and later promulgated

38 C.F.R. § 3.1010. As relevant to this appeal, that regulation provides:

> (a) Eligibility. If a claimant dies on or after October 10, 2008, a person eligible for accrued benefits . . . may . . . request to substitute for the deceased claimant in a claim for periodic monetary benefits (other than insurance and servicemembers' indemnity) under laws administered by the Secretary, or an appeal of a decision with respect to such a claim, that was pending before the agency of original jurisdiction or the Board of Veterans' Appeals when the claimant died. . . .

38 C.F.R. § 3.1010.

## II. Factual Background and Prior Proceedings

Mr. Frazier served honorably in the United States Navy from 1988 to 1993. Appx1.[2]

### A. Mr. Frazier Seeks Non-Periodic Housing and Automobile Benefits

Several years after leaving service, Mr. Frazier filed claims for multiple types of benefits, including the non-periodic housing and automobile benefits at issue in this appeal. See Appx30-31. In 2011, a VA regional office denied several of his claims, including his housing and automobile assistance claims. Appx3. He appealed the denials to the board and, after a remand and additional proceedings (that did not result in the award of benefits), the appeal was returned to the board's docket for adjudication. Appx3. Mr. Frazier passed away in August 2020 while the appeal was pending before the board. Appx3.

### B. Ms. Frazier Seeks Substitution Following Mr. Frazier's Death

Following Mr. Frazier's death, Ms. Frazier filed a claim with the regional office for accrued benefits owed to Mr. Frazier and also sought substitution with respect to Mr. Frazier's pending claims based on her having paid $597, Appx54, towards his

[2] "Appx__" refers to the pages of the joint appendix to be filed in this case.

funeral expenses.[3] The regional office granted Ms. Frazier's substitution request because, as contemplated in section 5121(a)(6), she had borne Mr. Frazier's funeral expenses, but the regional office did not specify the pending claims for which she was eligible to substitute. *See* Appx51.

### C. The Board Dismisses the Claims for Non-Periodic Benefits

Following the regional office's recognition of Ms. Frazier as a substitute claimant, the board considered the pending claims on the merits. In April 2022, the board granted several of Mr. Frazier's disability compensation claims but observed that Ms. Frazier would only be entitled to receive accrued benefits to the extent "necessary to reimburse expenses [she] bore in relation to the last sickness or burial of the [v]eteran." Appx33 (citing 38 C.F.R. § 3.1000(a)(5)). The board dismissed the appeal as to the claims for housing and automobile assistance benefits. *Id.* Referencing the general rule that a claim for benefits does not survive a claimant's death, the board explained that Mr. Frazier's claims for housing and automobile adaptive benefits, which are non-periodic benefits, "ha[d] become moot by virtue of the death of the [v]eteran and must be dismissed for lack of jurisdiction." Appx34.

[3] Though Mr. Frazier's claims were pending before the board when he died, Ms. Frazier filed her substitution request with the regional office because "the agency of original jurisdiction will decide in the first instance all requests to substitute, including any request to substitute in an appeal pending before the [board]." 38 C.F.R. § 3.1010(e).

The board acknowledged that Ms. Frazier had been granted substitution as a general matter. But it nevertheless concluded that "a claimant is eligible for substitution only for claims for periodic monetary benefits, and not for claims for personal benefits administered through the Veterans Health Administration." Appx34 (citing 38 U.S.C. § 5121A; 38 C.F.R. §§ 3.1000, 3.1010). Because housing and automobile assistance are all "non-periodic, personal benefit[s]," the board determined that Ms. Frazier was not permitted to be substituted in them. Ms. Frazier appealed to the Veterans Court, arguing that section 5121A allows her to be substituted in a claim for "any benefit," including the non-periodic housing and automobile adaptive benefits that her father was seeking. Appx2.

### D. The Veterans Court Reverses and Remands

In a May 2024 decision, the Veterans Court agreed with Ms. Frazier, holding that "section 5121A unambiguously provides that an eligible accrued benefits recipient can be substituted in a claim for any benefit, including non-accrued benefits."[4] Appx2. The court invalidated VA's implementing regulation, 38 C.F.R. § 3.1010, to the extent that it provides otherwise. Appx2-3. The court held, however, that because Ms. Frazier's eligibility to substitute stemmed from section 5121(a)(6),

[4] In doing so, the Veterans Court distinguished its prior holdings that housing and automobile assistance claims could not be pursued by survivors under section 5121 because those benefits consist of one-time, rather than periodic, payments. Appx9.

because she had borne Mr. Frazier's funeral expenses, her recovery pursuant to section 5121A (if any) would be limited to the amount of those expenses.[5] Appx18. The court thus reversed the board's finding that Ms. Frazier could not be substituted on the housing and automobile assistance claims, set aside the portion of the board decision dismissing those claims, and remanded to the board to adjudicate the merits of those claims with Ms. Frazier as the substituted claimant. Appx20.[6]

On June 12, 2024, Ms. Frazier requested panel reconsideration of the court's holding that the amount she could recover as a substitute claimant under section 5121A was governed by the limitation in section 5121(a)(6). Appx22. The panel denied reconsideration on July 17, 2024, and judgment was entered on August 8, 2024. *Id.* This appeal followed.

---

[5] This Court recently adopted the Veterans Court's holding on this point. *Smith v. Collins*, No. 23-1479 (Fed. Cir. Apr. 4, 2025). In *Smith*, this Court rejected the substitute claimant's assertion that section 5121A(a)(1) entitled him to "recover all benefits" due to his deceased father and held that his recovery was limited to the expenses of the veteran's last sickness and burial per subsection (a)(6). Slip Op. at 6.

[6] The Veterans Court, at the urging of both parties, also vacated the portion of the board decision that dismissed a claim for special monthly compensation based on housebound status and remanded that matter for further proceedings. Appx20-21. The Secretary does not challenge that aspect of the Veterans Court's decision.

The Veterans Court also addressed the Secretary's argument that Ms. Frazier's appeal was moot because VA had previously attempted to reimburse her the $597 in funeral expenses from Mr. Frazier's accrued benefits. Appx12-14. Due to the differing circumstances of the present appeal, we do not raise a mootness argument here.

## SUMMARY OF ARGUMENT

This Court should reverse and remand because the Veterans Court misinterpreted section 5121A as permitting substitution in claims for non-accrued benefits.

Section 5121A's plain language limits substitution to claims for accrued benefits because it explicitly ties section 5121A to section 5121(a). Indeed, payments of federal benefits are limited to those authorized by statute, and while section 5121(a) provides entitlement to accrued benefits for certain eligible individuals, section 5121A does not itself authorize payment. Absent a right to payment of non-accrued benefits, there is no "claim" for non-accrued benefits to "process to completion" under section 5121A.

In holding otherwise, the Veterans Court afforded too much weight to the word "any" and to the absence of the term "periodic" in section 5121A. Properly interpreted, the statutory text here indicates that "any" does not sweep as broadly as the Veterans Court held. To be sure, section 5121A does not use the word "periodic," but it necessarily relates to section 5121(a)'s entitlement to periodic benefits because 5121A itself provides no substantive right to benefits.

The history and purpose of section 5121A further confirm the VA's long-standing interpretation of the statute as permitting substitution only for accrued benefits claims. Although as a general matter VA benefits do not survive a claimant's death, section 5121(a) has long provided a limited exception to this rule for claimants

seeking accrued benefits. Rather than provide another limited exception by establishing an additional substantive right to benefits, section 5121A simply provides an alternative procedural path for those seeking section 5121(a) accrued benefits. Indeed, this Court has already confirmed that the clear purpose of 5121A was to provide a more efficient avenue to pursue accrued benefits, not a separate mechanism for substituting in non-accrued benefits claims.

The error in the Veterans Court's statutory interpretation comes sharply into focus when considered against the absurdities that will ensue from its implementation and the likely burden that it will visit on VA's already overtaxed claims system. Under the Veterans Court's decision, section 5121A authorizes survivors to substitute and potentially obtain payment of countless types of non-accrued benefits claims, both monetary and non-monetary, such as education benefits, home loan guarantees, training, and healthcare. And because VA's determination of whether and how much to pay for many of these non-accrued benefits depends on the veteran's disability picture and current living conditions, VA will now be required to make determinations about a deceased veteran's disability picture and living conditions as if they were still alive. There is surely no indication that Congress had this in mind when it enacted section 5121A.

## ARGUMENT

### I. Standard of Review

Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." This Court "review[s] the Veterans Court's statutory interpretation *de novo*." *Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019).

### II. The Plain Language of Section 5121A Limits Substitution to Accrued Benefits Claims

In interpreting the meaning of a statute, a court must begin by looking at its plain language. *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). But "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007). Here, when appropriately considered in the statutory context, the plain language of section 5121A indicates that it applies only to accrued benefits claims.

#### A. Section 5121A's Two References to Section 5121 Indicate Congress's Intent to Tie the Statutes to Each Other

Section 5121A twice references section 5121—once in subsection (a) when describing a person who may request substitution as "a living person who would be eligible to receive accrued benefits . . . under section 5121(a)"; and again in subsection (b), which states that those eligible to make a substitution claim "shall be determined

in accordance with section 5121." These references to accrued benefits make clear that Congress intended to tie substitution to claims for accrued benefits. *See Panama R. Co. v. Johnson*, 264 U.S. 375, 392 (1924) ("This is a recognized mode of incorporating one statute or system of statutes into another, and serves to bring into the latter all that is fairly covered by the reference."). If Congress had intended otherwise, it could have simply listed separate criteria to be met for substitution in section 5121A instead of referring to section 5121.

This Court recently confirmed that section 5121A is explicitly tied to the eligibility for accrued benefits in section 5121(a). *Smith*, Slip Op. at 6 (recognizing that section 5121A does not provide a substitute claimant with entitlement to "recover all benefits" due to the deceased veteran, but rather that section 5121A "allows a party [] to be substituted so long as the party is eligible under § 5121(a)"). The Veterans Court here similarly recognized the link between the two statutes when it held that although Ms. Frazier could substitute in Mr. Frazier's non-accrued benefits claims, her recovery was limited by section 5121(a)(6) to reimbursement of her expenses for Mr. Frazier's funeral. The court recognized that permitting Ms. Frazier to substitute in and recover "any benefit" under section 5121A without applying the cap on recovery in section 5121(a)(6) would turn section 5121A into a "pay for profit substitution scheme [that] would be an absurd result, something [the court] assume[d] Congress did not intend." Appx18. To reach this holding, however, the Veterans Court expressly tied Ms. Frazier's entitlement as a section 5121A substitute to the payments

authorized in section 5121(a). This analysis, although correct, is analytically irreconcilable with the court's earlier decision to ignore section 5121 when considering the *types* of claims in which Ms. Frazier could substitute. That is, the court interpreted section 5121A's language in a vacuum when considering whether Ms. Frazier could substitute in Mr. Frazier's claims for non-accrued benefits despite later acknowledging the obvious need to interpret that language in concert with section 5121 when considering the *amount* of benefits Ms. Frazier could claim. Had the court adopted a consistent interpretive approach, it would have in both instances considered the relationship between the two statutes, with section 5121(a) providing the substantive rules of eligibility and entitlement and section 5121A supplying an alternative procedural avenue for accrued benefits claimants to pursue their claims.

### B. Section 5121A Lacks Language Entitling a Claimant to Payment of Benefits

Ignoring the clear textual ties in section 5121A to section 5121 is especially problematic because section 5121A provides no independent right to the payment of benefits. It is well-established that "payments of money from the Federal Treasury are limited to those authorized by statute." *OPM v. Richmond*, 496 U.S. 414, 416 (1990); *see also Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1981) (explaining that it is "the duty of all courts to observe the conditions defined by Congress for charging the public treasury"). But it is in section 5121(a), not section 5121A, that Congress authorized VA to pay veterans' benefits to survivors, and section 5121 directs that the

only benefits that "shall . . . be paid" to those survivors are "periodic monetary [i.e., accrued] benefits . . . due and unpaid." This is the sort of explicit language Congress uses throughout title 38 when it is authorizing and directing VA to pay money to certain individuals. *See, e.g.*, 38 U.S.C. §§ 1110 ("the United States will pay to any veteran . . . compensation"), 1310(a) ("the Secretary shall pay [DIC] to such veteran's surviving spouse, children, and parents"). Section 5121A, on the other hand, contains no such payment language—it merely gives the substituted individual the right to "process[] the claim to completion"—that is, the claim under which the individual "would be eligible to receive accrued benefits . . . under section 5121(a)." 38 U.S.C. § 5121A(a)(1). The Veterans Court's contrary interpretation of section 5121A thus raises serious concerns regarding basic principles of appropriations law. *See Burris v. Wilkie*, 888 F.3d 1352, 1359 (Fed. Cir. 2018) (cautioning against reading a statute "in a manner that runs afoul of—or, at a minimum, raises serious questions pertaining to—this constitutional restriction" on payments from the Treasury not clearly authorized by Congress).

Relatedly, section 5121A references processing a "claim" to completion. A "claim" is the "assertion of an existing right; any right to payment or to an equitable remedy." *Claim*, Black's Law Dictionary (12th ed. 2024). In the veterans' benefits context, "claim" means "a written or electronic communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by the [VA.]" 38 C.F.R. §3.1(p). This definition

references "entitlement" to a "specific benefit," and only section 5121(a) provides a "right to payment" of a specific benefit after a veteran's death, and that specific benefit is only periodic monetary benefits. Therefore, no "claim" for non-periodic benefits survives a veteran's death, meaning that there can be no "claim" for non-periodic benefits to "process. . . to completion" under section 5121A.

### C. The Veterans Court's Plain Language Analysis Gave Too Much Weight to Certain Words and Phrases Read in Isolation

"Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis," because "[a] word in a statute may or may not extend to the outer limits of its definitional possibilities." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 486 (2006).

In considering the plain language of section 5121A, the Veterans Court accorded too much weight to the single word "any" without regard for its statutory context. The court held that, "[i]n the context of section 5121A, 'any benefit' plainly is used to indicate breadth of coverage, something like, 'any or all.'" Appx14. As a result, the court held that "Congress did not restrict that type of benefit for which substitution is allowed in any way other than it be a benefit the Secretary [] administers." Appx14.

But this Court in *Smith* recently rejected such a broad reading of section 5121A's language, holding that section 5121A does not entitle a substituted claimant

to "recover all benefits" due to the deceased veteran, but rather "allows a party to be substituted so long as the party is eligible under § 5121(a)." Slip Op. at 6. The holding in *Smith*, unlike the Veterans Court's contrary holding here, is consistent with the principle that a court must "consider not only the bare meaning of each word but also the placement and purpose of the language within the statutory scheme." *Gazelle v. Shulkin*, 868 F.3d 1006, 1011(Fed. Cir. 2017).

Although it is true that "use of the word 'any' will sometimes indicate that Congress intended a particular statutory text to sweep broadly[,] . . . whether it does so necessarily depends on the statutory context." *Nat'l Ass'n of Mfrs. v. Dep't of Defense*, 583 U.S. 109, 123 (2018); *see also United States v. Alvarez-Sanchez*, 511 U.S. 350, 357 (1994) ("We believe respondent errs in placing dispositive weight on the broad statutory reference to 'any' law enforcement officer or agency without considering the rest of the statute."). This admonition from the Court has a long pedigree. *See, e.g.*, *United States v. Palmer*, 16 U.S. 610, 631 (1818) (Marshall, C.J.) (advising that "general words" such as "any" must "be limited" in application "to those objects to which the legislature intended to apply them").

The text and context of section 5121A discussed above indicates that the word "any" does not sweep quite so broadly here. If Congress had intended in section 5121A to meaningfully depart from the longstanding scope of entitlement provided in section 5121 and to—for the first time—permit survivors to pursue and potentially obtain payment of a deceased veteran's *non*-accrued benefits, it would have clearly

stated its intent to do so, not relied on the use of the vague term "any." *Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 468 (2001) (holding that Congress "does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes"). The better, more natural reading of the word "any" here is as a reference to the various types of accrued benefits available under section 5121(a) that can be pursued via section 5121A's substitution process.

The Veterans Court also gave too much weight to its comparison of section 5121(a)'s use of the term "periodic monetary benefits," with section 5121A's use of the term "any benefit," concluding that Congress knew how to specify "periodic monetary benefit" (*i.e.*, accrued benefit) when it wanted to do so, and could have done so in section 5121A had it meant to limit substitution to only accrued benefits claims. Appx14-15. "'[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act,' [courts] generally take the choice to be deliberate.' As the word 'generally' indicates," however, "this rule is not absolute. Context counts, and it is sometimes difficult to read much into the absence of a word that is present elsewhere in a statute." *Bartenwerfer v. Buckley*, 598 U.S. 69, 78 (2023) (citations omitted). The latter situation is true here. The Veterans Court, in comparing the language of the two sections, did not properly consider that section 5121A does not itself provide for payment of benefits and twice expressly links substitution to section 5121(a). Because the reference to "any benefit" is better read

to mean the periodic monetary benefits payable under section 5121(a), there was no need for Congress to have used the term "periodic monetary benefits" again in section 5121A.

The Veterans Court attempted to explain away the references to section 5121(a) in section 5121A by noting that there are two separate parts to section 5121A, one describing the type of benefit a substituted claimant can pursue ("any benefit") and another describing who may substitute (those listed in section 5121(a)). Appx15. But this does not explain why Congress twice explicitly referenced accrued benefits beneficiaries in section 5121A, including in section 5121A(a), if it did not intend to tie substitution to accrued benefits. In any event, this Court's recent decision in *Smith* rejected the basic premise of the Veterans Court's explanation here, holding that section 5121A's link to section 5121(a) is not limited to just *who* may substitute but also addresses the *amount* that can be recovered by a substitute claimant. *See* Slip Op. at 6.

In defense of its statutory interpretation, the Veterans Court also explained that the "factual background of an accrued benefits claim is different from that of a substitution claim, so it is not necessarily true that a benefit denied under section 5121(a) would be denied under section 5121A." Appx15. But it is unclear how this supports the Veterans Court's interpretation of section 5121A. Survivors proceeding with new claims under section 5121(a) cannot submit new evidence, while survivors who substitute under section 5121A claims can, depending on the stage at which the

claim was pending at the time of the veteran's death, submit new evidence. 38 C.F.R. § 3.1010(f)(3); *Zevalkink v. Brown*, 102 F.3d 1236, 1242 (Fed. Cir. 1996) (holding that section 5121 claims are based on existing rating or decisions), *superseded by statute on other grounds as stated in Crews*, 63 F.4th at 39. Because of this procedural difference, an accrued benefits claim may be denied via section 5121(a)'s claim procedure but granted via substitution under section 5121A. But this is a distinction between the evidence that can be considered in each procedural path, not the types of benefits that can be pursued via each procedural path. That is, just because procedural paths differ in their limits on evidentiary development does not demonstrate that they are intended for different types of claims. For example, under VA's modernized appeals system, claimants seeking review of a claim can choose from "three procedural lanes" with "varying limitations on the submission of new evidence." *Cf. Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1119 (Fed. Cir. 2021). Given this variance in evidentiary development, a claim might succeed in one lane and fail in another. But it is unquestionably the same claim.

Thus, the Veterans Court's statutory analysis not only misreads the statutory text but ignores the role section 5121A plays in the statutory scheme, flouting the established principle that "statutory interpretation is a holistic endeavor that requires consideration of a statutory scheme in its entirety." *Meeks v. West*, 216 F.3d 1363, 1366 (Fed. Cir. 2000). When properly considered in the entire statutory scheme, section 5121 substantively defines what money is at stake when a claimant dies and

who is eligible to seek and obtain it, while section 5121A provides a more efficient procedural avenue to effectuate the intent of section 5121.

Relying on its acontextual reading of section 5121A, the Veterans Court failed to provide a coherent explanation for why Congress would have intended section 5121A to permit substitution in periodic *and* non-periodic benefits claims, while keeping section 5121(a) applicable only to periodic monetary benefits claims. It would indeed be strange if the substantive galaxy of pursuable claims turned on which procedural path a survivor chooses. If Congress had wanted survivors to be able to pursue both periodic and non-periodic benefits, it more likely would have permitted claimants to pursue both types of benefits through either procedural path.[7]

## III. Section 5121A's Purpose and History Confirm That It Permits Substitution for Only Accrued Benefits Claims

The purpose and history of the statutory scheme applicable to claims for benefits following a veteran's death all point to the conclusion that section 5121(a) defines the type of benefits that can be paid after a veteran's death and who can claim those benefits, while section 5121A provides an alternative process for pursuing those benefits. *See Gundy v. United States*, 588 U.S. 128, 140 (2019) (explaining that statutory interpretation includes looking at a statute's "purpose and history") (citations

[7] It is also noteworthy that VA's implementing regulation, 38 C.F.R. § 3.1010, provides that a claim for accrued benefits "is deemed to include a request to substitute if a claim for periodic monetary benefits" was pending when the claimant died. 38 C.F.R. § 3.1010(c)(2). This supports the reading that section 5121A is merely a procedural mechanism for pursuing section 5121(a) accrued benefits claims.

omitted). And the statutory scheme within which section 5121A must be read is governed by the "general rule, [that] when a veteran dies, the veteran's claim for benefits also terminates." *Crews*, 63 F.4th at 39 (Fed. Cir. 2023) (citing *Phillips v. Shinseki*, 581 F.3d 1358, 1363 (Fed. Cir. 2009)).

As established above, Congress has long provided a limited exception to this rule via section 5121(a), whereby "certain successors acquire an interest in the veteran's benefits." *Phillips*, 581 F.3d at 1363 (discussing section 5121); *see also Haines v. West*, 154 F.3d 1298, 1300 (Fed. Cir. 1998) (holding that section 5121 constitutes "a narrowly limited exception to the general rule that a veteran's claim for benefits does not survive the veteran"). Section 5121(a) thus provides, in detail, a limited exception for claimants seeking accrued benefits "due and unpaid" at the time of the veteran's death.

Against this backdrop, the Veterans Court held that Congress "unambiguously" intended to further depart from the general rule and its longstanding limited exception by drastically expanding the entitlement of survivors to veterans' benefits following the death of a veteran simply by using the word "any." But the general rule governing veterans' benefits following the death of a veteran, this Court's rejection of the notion that section 5121A fundamentally changed the accrued benefits framework, *Sucic*, 921 F.3d at 1100, and the fact that section 5121A neither changes the scope of section 5121(a) nor otherwise provides any substantive right to benefits (periodic or otherwise), entirely undermine the Veterans Court's overly broad interpretation.

### A. Section 5121A Was Designed to Provide a Procedural Mechanism for Seeking Section 5121(a) Benefits

The Veterans Court erred when it held that section 5121A was intended to be anything more than a procedural mechanism for seeking section 5121(a) accrued benefits. Section 5121A was part of a larger effort to modernize the disability benefits claims processing system and "ensure the accurate and timely delivery of compensation" to veterans and survivors. H.R. Rep. 110-789, at 1 (2008). Its stated purpose was to allow eligible individuals as identified in section 5121(a) to "substitute for the deceased claimant at the point the claim had proceeded rather than being forced to re-file and restart the claim or appeal." *Id.* at 17. The idea was to keep "survivors who are eligible to pursue a *claim for accrued benefits*" from having to "restart *the* claim 'at the back of the line.'" *Id.* (emphasis added).

Once Congress enacted section 5121A, eligible individuals could now pursue accrued benefits claims by either filing a new claim for accrued benefits under section 5121(a) *or* substituting in an existing claim for accrued benefits under section 5121A. Allowing substitution permits an eligible individual to proceed with an accrued benefits claim from the point at which it was when the veteran died, rather than having to deal with the inefficiency of restarting a claim and going to the "back of the line." H.R. Rep. 110-789, at 17.

This Court previously addressed this legislative history when interpreting section 5121A and confirmed that the statute "was meant to address the problem of

survivors who were not allowed to substitute on a veteran's pending claim, and were thereby forced to 'restart the claim at the back of the line.'" *Rusick v. Gibson*, 760 F.3d 1342, 1346-47 (Fed. Cir. 2014) (quoting H.R. Rep. 110-789, at 17). The Veterans Court was not free to disregard this Court's holding regarding the purpose of section 5121A. *See Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005). Nor did it, until this case; just one year after *Rusick*, the Veterans Court reached the same conclusion as this Court, holding that section 5121A was meant to provide "separate and distinct procedural *paths* for pursuing accrued benefits." *Reliford v. McDonald*, 27 Vet. App. 297, 304 (2015) (explaining that, under section 5121A, "an eligible person takes the place of the deceased claimant in order to process the original claim to completion, *albeit for purposes of accrued benefits*" (emphasis added)).

The Veterans Court would have been hard pressed here to explain how its new interpretation of section 5121A is consistent with this precedent and the legislative history. But it did not even try, not once mentioning *Rusick* or the legislative history and only acknowledging *Reliford* in passing. The Veterans Court thus failed to properly account for section 5121A's place in the statutory scheme and its legislative history as already considered by this Court and in an earlier Veterans Court decision, all of which indicate that Congress did not intend substitution to extend to claims for non-accrued benefits.

### B. The Veterans Court Failed to Consider the Broader Purpose of Permitting Certain Individuals to Seek Benefits Following a Veteran's Death

Although the Veterans Court held that Ms. Frazier was entitled by section 5121A to be substituted in Mr. Frazier's claims for non-accrued benefits, it did not explicitly hold that section 5121A actually entitles Ms. Frazier to be awarded non-accrued benefits. But the right to substitute absent a corresponding right to recover the benefits would be nonsensical, so the most logical reading of the Veterans Court decision is that it entitles claimants to both substitute in non-periodic benefits claims and to be awarded non-periodic benefits. Yet that holding ignores, and is flatly inconsistent with, the overall purpose of permitting certain individuals to obtain benefits due to a veteran upon the veteran's death.

When VA finds a disability to be service connected, it applies a rating system reflecting "reductions in earning capacity" upon which it bases "payments of compensation" for "specific injuries or combination of injuries." 38 U.S.C. § 1155; *see also* 38 C.F.R. Part 4. The periodic monetary service-connected benefits are intended to compensate both veterans and their families for the reduction in earning capacity. *See Rose v. Rose*, 481 U.S. 619, 631(1987) (holding that "Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents"); 38 U.S.C. §§ 1115, 1135 (increasing compensation based on the number of a veteran's dependents); *see also* 38 U.S.C. § 1310(b) (authorizing DIC for the surviving spouses, children, and parents of deceased veterans). That is, the

monthly payments that a veteran receives from VA are intended to support the veteran and the veteran's dependents who rely on the veteran's income. *See Batcher v. Wilkie*, 975 F.3d 1333, 1338 (Fed. Cir. 2020) (noting that such benefits are "not meant to support [the veteran] alone"). Thus, it makes sense that, when a veteran dies, the veteran's dependent(s) would be eligible to claim any owing and unpaid periodic monetary payments for their own support.

On the other hand, the one-time non-periodic benefits payments at issue here aid the veteran alone by subsidizing adaptations to housing and transportation that are personalized to the veteran's disability picture. For example, 38 U.S.C. § 2101 assists veterans in "acquiring a suitable housing unit with special fixtures or movable facilities made necessary by the nature of the veteran's disability, and necessary land therefor." 38 U.S.C. § 2101(a)(1). That is, the benefit is meant to assist veterans in acquiring housing to meet their needs, without regard to whether they have dependents. It is not meant to provide general financial assistance to the veteran or to help the veteran support their dependents. Because these one-time benefits are not meant to support a veteran's dependents during the veteran's lifetime, it would not make sense to read section 5121A as nevertheless creating entitlement for a veteran's dependents or other eligible individuals (*see* 38 U.S.C. § 5121(a)(6)) to claim these one-time benefits after the veteran's death.

Along the same lines, claims for the housing and automobile adaptations are normally prospective claims—seeking grants for future purchases.[8] *See* 38 C.F.R. § 17.156, 36.4402. Once the veteran has died, there would be no need to purchase these adaptations because the veteran would no longer need them. It would make no sense, therefore, to permit a survivor to substitute in these types of claims or permit them to receive payment for adaptions that they do not need, that are never going to be needed, and that are never going to be made.

Relatedly, the housing assistance benefits determination simply does not make sense in the context of survivors. Determining whether a veteran suffers from a qualifying service-connected disability is only the first step in the process. *See* 38 C.F.R. § 36.4404(a). Before a grant is approved, VA typically conducts a face-to-face meeting with the veteran so that VA personnel can: (1) assess the veteran's exterior surroundings, interior living conditions, overall physical condition and maneuverability, social relationships, and decision-making capacity; (2) explain the

[8] Admittedly, some non-periodic claims may be for grants for adaptations already made. *See* 38 C.F.R. §36.4402(a)(4) ("Where an eligible individual has already acquired a suitably adapted housing unit, the Secretary will pay . . ."). The Secretary may authorize incurrence of certain conditionally approved costs. If final approval is then given after the veteran's death, those costs can be sought by the veteran's estate. *See generally* 38 C.F.R. § 36.4406; VA Gen. Coun. Prec. Op. 13-95 (May 10, 1995). This is a very limited exception to the general rule that these adaptations benefits are not available after the veteran's death. If conditional approval is not granted before the veteran makes the adaptations, then the veteran takes the risk that those adaptations will not be covered by VA later, even if the veteran lives to pursue the claims process to its end.

design and construction process; and (3) discuss financial considerations. *See generally* Specially Adapted Housing Grant Processing Procedures, Loan Guaranty Operations for Regional Offices, VA M26-12 Manual, ch. 2.[9] This meeting is a prelude to VA's feasibility and suitability studies. *See* 38 C.F.R. § 36.4404(b). At this stage, VA agents are expected—among other things—to use their relevant expertise to determine "that the cost of the proposed housing unit bears a proper relation to the [v]eteran's present and anticipated income and expenses," VA M26-12 Manual, ch.3, sec.3.a, and "that the nature and condition of the proposed housing unit are such as to be suitable to the [v]eteran's needs for dwelling purposes," *id.*, ch.3, sec. 4.a. When the veteran is deceased, requiring VA to undertake these intensive and highly individualized investigations into circumstances that no longer exist for the purpose of providing a benefit that is no longer of any use is, frankly, irrational.[10]

Such an absurd result is a sure sign that the Veterans Court's acontextual interpretation of section 5121A to extend to non-periodic benefits like specially

---

[9] *Available at* https://www.benefits.va.gov/WARMS/docs/admin26/m26_12/M26_12_Manual.pdf (last visited April 11, 2025).

[10] What is more, the foregoing inquiries and activities are required simply to establish conditional approval for a specially adapted housing grant. Final approval necessitates working with the veteran to solicit bids, interview contractors, review plans and specifications, conduct cost analyses, monitor construction, and complete compliance inspections. *See id.*, chs. 5–7. It defies credulity to think that Congress, in enacting section 5121A, silently decided to saddle VA with such burdens when the person they would be specifically designed to benefit—the veteran—has passed.

adapted housing is simply wrong. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."); *see also Martinez-Bodon v. McDonough*, 28 F.4th 1241, 1246 (Fed. Cir. 2022).

In contrast, it makes sense that the "periodic monetary benefits" referenced in section 5121(a), which are payments that were "due and unpaid" at the time of the veteran's death, should be payable to survivors. 38 U.S.C. § 5121(a). That is, accrued benefits are benefits that the veteran would have received to support the veteran and his or her dependents, and it makes sense that the dependents can later claim those benefits for their own support. Non-accrued benefits like the ones sought by Ms. Frazier are not meant to support dependents, either during the veteran's lifetime or after the veteran's death.

The Veterans Court's interpretation should thus be rejected because it leads to the illogical result that a benefit that is not meant to support a veteran's dependents during the veteran's lifetime can later be claimed by those dependents after the veteran's death. *See Jones v. Hendrix*, 599 U.S. 465, 480 (2023) (holding that "'[t]he illogical results of applying such an interpretation . . . argue strongly against the conclusion that Congress intended these results'" (quoting *Western Air Lines, Inc. v. Bd. Of Equalization of S.D.*, 480 U.S. 123, 133 (1987))).

## IV. VA Has Long Interpreted Section 5121A As Applying Only to Substitution for Accrued Benefits

Though courts must exercise "independent judgment" in determining the meaning of statutory provisions, in exercising that judgment, courts may "seek aid from the interpretations of those responsible for implementing particular statutes." *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 394 (2024). Interpretations "issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning" and are entitled to "great respect." *Id.*; *see also Bondi v. VanDerStok*, 604 U.S. __, __, No. 23-852, 2025 WL 906503, at *11 (U.S. Mar. 26, 2025) (holding that the "contemporary and consistent views of a coordinate branch of government can provide evidence of the law's meaning"). The Veterans Court failed to account for VA's longstanding interpretation of section 5121A as permitting substitution only in claims for accrued benefits.

### A. VA's Implementing Regulation Explicitly Limits Section 5121A to Accrued Benefits Claims

Following section 5121A's enactment, VA promulgated 38 C.F.R. § 3.1010 to implement section 5121A, and section 3.1010 explicitly provides that a person eligible for accrued benefits may be substituted "in a claim for periodic monetary benefits." 38 C.F.R. § 3.1010(a). The proposed rule that became section 3.1010 explicitly stated that, "[i]n accordance with the Act (38 U.S.C. [§] 5121A(a)(1))," it would allow requests for substitution "in a claim for periodic monetary benefits." *Substitution in*

*Case of Death of Claimant*, 76 Fed. Reg. 8666, 8667 (Feb. 15, 2011); *see also id.* ("The availability of substitution means that survivors are no longer limited to those benefits to which the claimant was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death. However, the types of benefits payable to a survivor—periodic monetary benefits (other than insurance and servicemembers' indemnity)—remain the same.") Of the comments that VA received on the proposed rule, it is noteworthy that none took issue with substitution being limited to claims for "periodic monetary benefits[.]" *Substitution in Case of Death of Claimant*, 79 Fed. Reg. 52977, 52978-81 (Sept. 5, 2014) (summarizing comments); https://www.regulations.gov/docket/VA-2011-VBA-0008/comments (last visited Apr. 11, 2025).

### B. VA's Adjudication Procedures Manual Also Explicitly Limits Section 5121A to Accrued Benefits Claims

VA's understanding of the statute is also contained in its Adjudication Procedures Manual, which states that "[t]he monetary benefit sought in the request for substitution is accrued benefits" and that "[s]ubstitution applies to the same benefits for which accrued benefits are payable, i.e., periodic monthly benefits." VA Adjudication Procedures Manual, M21-1, Part XI, subpart ii, 3.B.1.a. Before being incorporated into the M21-1, this understanding was expressed in a VA fast letter that predated the promulgation of § 3.1010 by almost a year. *See* VA Fast Letter 10-30 (Aug. 10, 2010) (Addendum A1 at A2) ("Substitution applies to the same benefits for

which accrued benefits are payable, i.e., periodic monetary benefits (other than insurance and Servicemember's indemnity) such as compensation, pension, DIC, and Chapter 18 benefits."). Because this interpretation was issued by VA nearly contemporaneously with the statute and has remained consistent over time, in addition to considering section 5121A's language and its context, the Court should look to VA's interpretation in determining its meaning. *See Loper Bright*, 603 U.S. at 394.

## V. The Veterans Court Decision Could Overburden VA With Substitution Requests That Go Far Beyond Congress's Intent

The Veterans Court decision, if interpreted to entitle survivors to the payment of non-periodic benefits, has far-reaching consequences not intended by Congress in enacting section 5121A. For example, as described above, entitling survivors to seek and obtain non-periodic benefits for housing and automobile assistance alone would require VA to engage in speculative determinations as to what assistance the veteran would have needed and qualified for had they still been alive. And the Veterans Court decision could be read to encompass countless other types of non-periodic benefits and in amounts far greater than the $597 at issue here.

In *Frazier* itself, the court limited Ms. Frazier's potential recovery to her expenditure on Mr. Frazier's funeral, which was only $597. But the Veterans Court's interpretation of section 5121A to encompass *any* benefit under a law administered by the Secretary has much wider implications. As the court itself noted, there is no

monetary cap on the accrued benefits that beneficiaries who fall within subsections (a)(1)-(5) of section 5121 may recover. Appx17. Accordingly, an individual falling within those subsections making the same housing and automobile assistance claims at issue here could potentially recover thousands of dollars in non-accrued benefits via substitution.

And of course, the Veterans Court's reasoning is not necessarily limited to housing and automobile assistance claims. There are countless types of non-accrued benefits, both monetary and non-monetary, that could potentially fall within the court's expansive interpretation of "a claim for any benefit." As set forth above, "claim" within the VA benefits system means "a written or electronic communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by the Department of Veterans Affairs submitted on an application form prescribed by the Secretary." 38 C.F.R. § 3.1(p); *see also* 38 C.F.R. § 20.3(e) ("Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."). Under the Veterans Court's interpretation, claimants could plausibly argue that "a claim for any benefit" encompasses non-periodic monetary benefits (like education benefits) and non-monetary benefits (such as home loan guarantees,

training, and healthcare).[11] It is impossible to square this expansive view of survivor entitlement to benefits with the contrary indications of congressional intent in section 5121A, as discussed above. Indeed, this Court has already rejected the contention that section 5121A "fundamentally changed the accrued benefits framework[,]" *Sucic*, 921 F.3d at 1100, and it should do so again here.

[11] *See* https://www.benefits.va.gov/BENEFITS/Applying.asp (last visited Apr. 11, 2025) (listing the many types of VA benefits available to veterans).

## CONCLUSION

For these reasons, the judgment of the Veterans Court ordering substitution in the housing and automobile assistance claims should be reversed and the case remanded for the court to affirm the board decision as to those matters.

Respectfully submitted,


YAAKOV M. ROTH
*Acting Assistant Attorney General*

PATRICIA M. MCCARTHY
*Director*

/s/ *Eric P. Bruskin*
ERIC P. BRUSKIN
*Assistant Director*

/s/ *Meredyth Cohen Havasy*
MEREDYTH COHEN HAVASY
*Trial Attorney*
*Commercial Litigation Branch*
*Civil Division*
*U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2951*
*Meredyth.C.Havasy@usdoj.gov*

*Of Counsel:*

BRIAN D. GRIFFIN
*Deputy Chief Counsel*

MATTHEW ALBANESE
*Attorney*
*Office of General Counsel*
*Department of Veterans Claims*
*810 Vermont Avenue NW*
*Washington, DC 20420*


April 11, 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9185 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Meredyth Cohen Havasy*
Meredyth Cohen Havasy

# ADDENDUM

## TABLE OF CONTENTS

Veterans Court Memorandum Decision, dated May 23, 2024,
(Veterans Court Docket (no docket number)) .................................................... Appx1

Veterans Court Order on Motion for Reconsideration, dated July 17, 2024,
(Veterans Court Docket (no docket number)) .................................................. Appx22

Veterans Court Judgment, dated August 8, 2024,
(Veterans Court Docket (no docket number)) .................................................. Appx24

VA Fast Letter 10-30, dated Aug. 10, 2010 ..................................................................... A1

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 22-4670

JEANINE FRAZIER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued February 8, 2024 Decided May 23, 2024)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Mark M. McNabb*, with whom *Richard J. Hipolit*, Deputy General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Mark J. Hamel*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, *Chief Judge*, and ALLEN and JAQUITH, *Judges*.

ALLEN, *Judge*: Appellant Jeanine Frazier is the adult daughter of deceased U.S. Navy veteran Clarence Frazier, who served the Nation honorably on active duty from June 1988 to April 1993.[1] In June 2021, after the veteran died, appellant was substituted under 38 U.S.C. § 5121A to continue the veteran's administrative appeals before VA. In this appeal, which is timely and over which the Court has jurisdiction, appellant contests an April 1, 2022, Board of Veteran's Appeals (Board) decision that dismissed the veteran's claims for entitlement to specially adapted housing (SAH) or a special home adaptation (SHA) grant, eligibility for automobile and adaptive equipment, or adaptive equipment only, and entitlement to special monthly compensation (SMC) based on housebound status.[2] The Board, citing 38 U.S.C. § 5121A and 38 C.F.R. §§ 3.1000,

[1] Record (R.) at 33.

[2] The Board granted entitlement to service connection for sleep apnea, benign prostatic hypertrophy, and venous insufficiency beginning February 27, 2018, and SMC based on the need for aid and attendance. These are favorable findings that the Court lacks jurisdiction to review. *See Medrano v. Nicholson,* 21 Vet.App. 165, 170 (2007), *aff'd in part, dismissed in part sub nom Medrano v. Shinseki*, 332 F. App'x 625 (Fed. Cir. 2009). The Board remanded the issue of entitlement to service connection for a heart condition, including hypertensive heart disease. R. at 21-23. We lack jurisdiction over this remanded matter. *See Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order). The Board also denied entitlement to an initial disability rating higher than 10% for hypertension before February 27, 2018. Appellant presents no argument concerning this matter. So, we deem any appeal as to that matter abandoned. *See Pederson v. McDonald*, 27 Vet.App. 276, 281-86 (2015) (en banc).

3.1010, dismissed the appeals concerning claims for SAH or SHA and automobile adaptive benefits because "a claimant is eligible for substitution only for claims for periodic monetary benefits, and not for claims for personal benefits administered through the Veterans Health Administration."[3] The Board concluded it lacked jurisdiction over those claims as a result of the veteran's death. The Board also dismissed the appeal concerning SMC at the housebound rate, but on a different ground. The Board concluded that the Board's grant of SMC based on aid and attendance justified dismissal of the appeal concerning SMC at the housebound level.

Appellant principally challenges the Board's dismissal of the appeals concerning claims for SAH or SHA and automobile adaptive benefits, asserting that as a qualified accrued benefits recipient under 38 U.S.C. § 5121(a), she is permitted to be substituted to continue the appeal of the veteran's claim under 38 U.S.C. § 5121A for "any benefit," which includes any non-accrued (or non-periodic) benefits like SAH or SHA or for automobile adaptive equipment. And to the extent the regulation the Board cited, 38 C.F.R. § 3.1010(a), provides otherwise, appellant argues that it is invalid.

This matter was referred to a panel of the Court to address whether a qualified accrued benefits recipient can be substituted under 38 U.S.C. § 5121A for a deceased claimant's pending administrative appeal of a claim that involves a non-accrued benefit. We held oral argument in this matter on February 8, 2024.[4] As we detail below, under section 5121A (with our emphasis added), an eligible accrued benefits recipient may request substitution "[i]f a claimant dies while a claim for *any benefit* under a law administered by the Secretary, . . . is pending[.]" Congress provided no restriction on the type of benefit at issue, other than it is one the Secretary administers. Restricting substitution requests for an eligible accrued benefits recipient to only those cases involving a "claim for periodic monetary benefits," as the Secretary urges, inappropriately imposes a limitation Congress did not. Therefore, we hold that section 5121A unambiguously provides that an eligible accrued benefits recipient can be substituted in a claim for *any* benefit, including non-accrued benefits. But that is not without limitation. We also hold that an accrued benefits recipient under section 5121(a)(6) is limited to reimbursement for last expenses of sickness and burial and nothing more, even if substituted under section 5121A. And, to the extent the Secretary's implementing

---

[3] R. at 9.

[4] Oral Argument (OA), *Frazier v. McDonough*, U.S. Vet. App. No. 22-4670 (oral argument held Feb. 8, 2023), https://www.youtube.com/watch?v=0Fu7AWUA7nA.

regulation, § 3.1010(a), provides otherwise, it is unlawful and we invalidate it. Because the Board clearly erred when it dismissed the veteran's claims for SAH or SHA and automobile adaptive benefits, we will reverse that portion of the Board's decision. We will then remand those matters for the Board to adjudicate the merits of the veteran's claims for SAH, SHA, and automobile adaptive benefits, with appellant as the substituted claimant.

Turning to the Board's dismissal of the claim concerning entitlement to SMC at the housebound rate, the Secretary concedes that remand is appropriate. We agree. We will set aside that part of the Board's decision dismissing the appeal concerning the claim for SMC based on housebound status and we will remand the matter because the Board provided inadequate reasons or bases for its decision.

## I. BACKGROUND

### A. Procedural History

In June 2011, a VA regional office (RO) denied several of the veteran's claims, including claims for entitlement to SAH or SHA, automobile adaptive benefits, and SMC based on the need for aid and attendance or housebound status.[5] The veteran timely disagreed with that decision and ultimately appealed to the Board.[6] In January 2016, the Board remanded those claims because they were inextricably intertwined with other matters that required additional development.[7] In May 2020, VA issued a Supplemental Statement of the Case that denied, among other things, the veteran's claims for entitlement to SAH or SHA, automobile adaptive benefits, and SMC based on housebound status. These matters then returned to the Board.

The veteran died on August 27, 2020, while his claims were pending Board review.[8] In June 2021, appellant filed an application for accrued benefits as well as a request to be substituted into the veteran's pending appeal before the Board.[9] VA granted appellant's substitution request concluding that appellant was "an eligible claimant who bore the last sickness or burial expenses"[10]

---

[5] R. at 3780-93 (June 2011 rating decision).

[6] R. at 2779 (VA Form 9), 2795-2830 (Statement of the Case), 3712-30 (Notice of Disagreement).

[7] R. at 2701-10.

[8] R. at 310 (Death Certificate).

[9] R. at 299-304 (accrued benefits application), 306 (request for substitution).

[10] R. at 286.

based on reimbursement of the veteran's funeral expenses, totaling $597.[11] Specifically, VA informed appellant that "[y]ou have been substituted on the basis of reimbursement as the veteran's adult child."[12]

In April 2022, the Board issued the decision on appeal before the Court. Although the Board granted several of the veteran's pending service-connection claims, the Board dismissed the appeal of the claims for entitlement to SAH or SHA, and eligibility for automotive adaptive benefits. This appeal largely concerns the Board's decision to dismiss those claims. The Board explained that although VA granted appellant substitution in the appeal overall, substitution was not permitted for these matters because the claims involved non-periodic, personal benefits that do not survive the veteran's death.[13] The Board also dismissed a claim for SMC based on housebound status because the Board reasoned that its grant of SMC based on aid and attendance reflected the award of a "higher benefit" than SMC based on housebound status.[14]

Following the Board's April 1, 2022, decision on appeal, VA sent a check for payment to appellant in the amount of $597 for the purposes of reimbursement for final burial expenses. The check was returned as undeliverable, but as it turns out, VA sent the check for an incorrect amount because it failed to account for attorney fees.[15] So, VA notified appellant that the check was canceled, but informed appellant that if she responded to VA's letter, it would issue a new check for the correct amount.[16] Appellant has not yet responded.

In September 2023, the Court ordered supplemental briefing from the parties. The Court directed that the parties each submit a supplemental brief explaining the effect of VA's attempted payment on the current appeal, especially whether that action mooted the appeal.

### B. Parties' Arguments

#### *1. Appellant*

Appellant argues that the Board erred when it dismissed the deceased veteran's appeals concerning SAH, SHA, and eligibility for automotive and adaptive equipment. She asserts that

---

[11] R. at 319.

[12] *Id.*

[13] R. at 9.

[14] R. at 21.

[15] Secretary's Supplemental (Supp.) Brief (Br.) Exhibit (Ex.) 1.

[16] *Id.*

because she qualifies as an accrued benefits recipient under section 5121(a), she can be substituted to pursue the veteran's claim under section 5121A for "any benefit under a law administered by the Secretary," including the non-periodic benefits at the core of this appeal.[17] Appellant contends that the Board misinterpreted section 5121A by looking strictly through the lens of section 5121(a) and limiting substitution for cases only involving periodic benefits. Further, appellant argues that VA's implementing regulation, 38 C.F.R. § 3.1000, is invalid to the extent it imposes a limitation on substitution inconsistent with section 5121A.[18] Appellant relies on *Breedlove v. Shinseki*[19] to support her position, explaining that a claim for accrued benefits is distinct from continuing via substitution the claim of a deceased claimant. In sum, appellant asserts that "[n]either §5121A nor § 3.1010 address or otherwise preclude the completion of an appeal based upon entitlement to a non-periodic monetary benefit."[20] Additionally, appellant argues that section 5121A supports a conclusion that because an eligible accrued benefits recipient is "completing a pending claim" for chapter 11 benefits (which includes claims for SAH, SHA, and automobile adaptive benefits), she is entitled to any benefits that VA awards on the veteran's claims.

With respect to the SMC claim on appeal, appellant argues that the Board clearly erred when it found that the grant of SMC based on aid and attendance mooted the claim for entitlement to SMC based on housebound status. In a footnote, appellant asserts that VA mischaracterized the veteran's claim for SMC. She maintains that it was not an SMC claim based on housebound status under section 1114(s)(2), but rather was an SMC claim under section 1114(s)(1), based on need arising from a combination of the veteran's service-connected disabilities.[21] Appellant explains that because the requirements for the various types of SMC are distinct from each other, the Board erred when it dismissed the veteran's appeal for entitlement to SMC of one type based on the grant of entitlement to SMC of another type. In her reply, appellant accepts the Secretary's concession of Board error with respect to the SMC issue, but contests the Secretary's proposed remedy of a reasons or bases remand. Appellant insists that reversal is necessary because the Board's error was a substantive error of law.

---

[17] Appellant's Br. at 5.

[18] *Id.* at 8.

[19] 24 Vet.App. 7, 20 (2010) (per curiam order).

[20] Appellant's Br. at 13.

[21] *Id.* at 14 n.1.

Finally, in response to the Court's September 2023 order, appellant asserts that VA's attempted payment of $597 (less appropriate attorney fees) does not moot the appeal because the Board decision is not about accrued benefits, it is about substitution.[22] Because she was substituted for the veteran, she maintains that it is appropriate for her to proceed with the appeal to pursue the veteran's claims to completion. Further, she asserts that there is no limit on the amount she can recover under section 5121A, unlike under section 5121(a). In other words, she insists that she is not limited to recovering the expenses she bore concerning the veteran's burial as she would be under section 5121(a)(6). She contends that "[t]he only purpose in allowing an eligible accrued-benefits [claimant] to continue to process a pending claim to completion is to determine VA's obligation to pay the [late] veteran the past due benefits of such … claim or claims."[23]

*2. Secretary*

The Secretary asserts that Congress adopted the limitations for accrued benefits under section 5121(a) in its substitution statute under section 5121A. He contends that to be eligible to receive accrued benefits under section 5121(a), the benefits in question must be periodic monetary benefits. Because the pending claims concerning SHA, SAH, and automobile adaptive equipment are not for periodic monetary benefits, no one, including appellant, is eligible to receive accrued benefits under section 5121(a) based on these claims. Further, the Secretary argues that because no one can be an eligible accrued benefits recipient with respect to claims for SHA, SAH, and automobile adaptive benefits, no one is eligible to continue the appeal of those matters under section 5121A. The Secretary, quoting *Reliford v. McDonald*,[24] states that "'section 5121 and section 5121A provide separate and distinct procedural *paths* for pursuing accrued benefits.'"[25] The Secretary asserts that while VA granted appellant substitution generally, and meets the substitution requirements for other claims pending at the time of the veteran's death, she cannot be an eligible accrued benefits recipient for non-periodic benefits. Therefore, the Secretary continues, the Board was correct in concluding that appellant could not be substituted for the veteran as it relates to the claims seeking entitlement to SAH, SHA, or automobile adaptive benefits. Finally, the Secretary argues that if appellant is found to be entitled to continue the appeal of the claims for

---

[22] Appellant's Supp. Br. at 6; OA at 1:01:53-:02:00.

[23] Appellant's Supp. Br. at 10.

[24] 27 Vet.App. 297 (2015).

[25] Secretary's Br. at 11 (quoting *Reliford*, 27 Vet.App. at 302).

SHA, SAH, and automobile adaptive benefits, she is only eligible to be reimbursed for expenses she bore during the veteran's last sickness or burial; she is not eligible to receive anything more, whether such recovery is associated with accrued or non-accrued benefits due and unpaid to the veteran at the time of his death.[26]

Before asserting that this appeal in its entirety is moot, an argument we turn to next, the Secretary conceded that remand is warranted concerning the Board's decision denying SMC based on housebound status. The Secretary asserted that the Board was correct in stating that SMC based on aid and attendance is a "higher benefit" that affords a claimant a greater monthly monetary payment than SMC based on housebound status. But the Secretary conceded that the Board was wrong to dismiss the appeal concerning SMC based on housebound status because the provision in that subsection of the statute could potentially allow for a higher rate or intermediate rate if appellant's service-connected conditions exceeded the requirements for the SMC rate based on the need for aid and attendance.[27] Again assuming for the moment that the appeal is not moot, the Secretary's position is that remand of the claims concerning SMC based on housebound status would be warranted.

Turning to his response to the Court's September 2023 order, the Secretary argued that the appeal is moot, and the Court should dismiss it. He explained that VA "attempted" to reimburse appellant for the full amount of $597 (less attorney fees), the amount she bore for the veteran's burial. The Secretary explained that initially VA sent a check to appellant for $597, but it was never cashed, and was returned as undeliverable. VA realized that it should have deducted attorney fees from the $597. VA then sent appellant a letter requesting that she respond so that the Agency could reissue payment in the correct amount. Appellant has never responded. Because VA offered to pay appellant the maximum benefit to which the Secretary believes she is entitled, i.e., reimbursement (minus attorney fees) for the payment of the veteran's burial, the Secretary maintains that the Court is unable to provide any additional relief. So, he asks us to dismiss the appeal as moot. Because the appeal is mooted by VA's attempt to provide appellant what he believes is the full benefit she is entitled, the Secretary also rescinded his concession concerning the SMC issue on appeal.[28]

---

[26] *Id.* at 13-14.

[27] .*Id.* at 15.

[28] Secretary's Supp. Br. at 3.

## II.ANALYSIS

The primary issue in this appeal concerns the principle that survivors of a deceased veteran may be eligible to receive certain VA benefits based on the claim that was pending at the time of the veteran's or other VA claimant's death.[29] We begin our analysis with an overview of the legal landscape concerning this principle. As we will explain, there are two kinds of benefits, or perhaps more accurately paths to benefits, at the core of this appeal, accrued benefits and benefits for claimants who have been allowed to substitute into claims for veterans who died after October 9, 2008.

Before October 10, 2008, if a veteran-claimant died without first establishing entitlement to VA benefits, the claim died too.[30] Thus, survivors were required to file their own claims seeking accrued benefits that were due to the veteran but unpaid at the time of the veteran's death.[31] "A claim for accrued benefits is separate and distinct from the deceased claimant's underlying claim."[32] Because an accrued benefits claim is a new claim, it is "relegated to the beginning of the process, generally behind other pending claims, regardless of where the underlaying claim had been in the appeals process."[33] An accrued benefits claim belongs to the accrued benefits claimant and must be based only on the evidence that was in the deceased veteran's file at the time of death.[34]

Section 5121 governs the distribution of accrued benefits. Accrued benefits are "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or . . . based on evidence in the file at date of death . . . and due and unpaid."[35] Accrued benefits are paid to surviving spouses, children, or dependent parents, but if a claimant is not a relative who comes within those categories, an individual can be deemed an accrued benefits recipient if they "bore the expense of [the veteran's] last sickness and burial." However, such claimants are limited to "only so much of the accrued benefits" necessary to reimburse the

---

[29] In addition to a deceased veteran, survivors of certain other VA claimants (e.g., a veteran's surviving spouse) may also receive benefits. For ease of reference, we will generally refer to deceased veterans.

[30] *Rusick v. Gibson*, 760 F.3d 1342 (Fed. Cir. 2014); *see also Crews v. McDonough*, 63 F.4th 37, 39 (Fed. Cir. 2023).

[31] *See Phillips v. Shinseki*, 581 F.3d 1358, 1363-64 (Fed. Cir. 2009) (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996)).

[32] *Reliford*, 27 Vet.App. at 302 (citing *Hyatt v. Shinseki*, 566 F.3d 1364, 1367 (Fed. Cir. 2006)).

[33] *Id.* (citing *Breedlove*, 24 Vet.App. at 20).

[34] *Id.* (citing *Ralston v. West*, 13 Vet.App. 108, 113 (1999)).

[35] 38 U.S.C. § 5121(a); *see also Zevalkink,* 102 F.3d at 1241 ("[A]n accrued-benefits claim is derivative of the veteran's claim for service connection, i.e., the claimant's entitlement is based on the veteran's entitlement.").

individual for last sickness and burial expenses.[36] Caselaw from our Court as well as the Federal Circuit makes clear that the categories of eligible people who may receive accrued benefits are limited to the list set forth in section 5121(a).[37]

Section 5121(a) further specifies that accrued benefits are "periodic monetary benefits."[38] The Court has held that "periodic," as the term is used in section 5121(a), "means '[r]ecurring at fixed intervals; to be made or done, or to happen, at successive periods separated by determined intervals of time.'"[39] In *Gillis v. West*, the Court denied a veteran's surviving spouse's claim concerning automobile purchase assistance as an accrued benefit because "[e]ven assuming that the veteran could have been eligible for multiple grants over an unspecified period of time, the timing of any such benefits cannot be determined with any certainty, and hence, the benefits cannot be considered periodic."[40] The Court has also concluded that a one-time payment for SAH is not payable as an accrued benefit.[41]

In 2008, Congress enacted section 5121A, effective October 10, 2008, which permits an accrued benefits claimant to be *substituted* in the place of a deceased veteran to complete the veteran's pending claims. Section 5121A was enacted in "an effort to resolve the inefficiencies and delays from restarting the process."[42] Section 5121A provides that

> [i]f a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may . . . file a request to be substituted as the claimant for the purposes of processing the claim to completion.[43]

---

[36] 38 U.S.C. § 5121(a)(6).

[37] *See Youngman v. Shinseki*, 699 F.3d 1301, 1303 (Fed. Cir. 2012) (denying accrued benefits to deceased veteran's fiduciary, concluding that because the veteran "died without any heirs in the categories qualifying under § 5121, his unpaid benefits died with him"); *Richard v. West*, 161 F.3d 719, 721-23 (Fed. Cir. 1998) (denied payment to a nephew); *Morris v. Shinseki*, 26 Vet.App. 494, 499 (2014) (citing *Pelea v. Nicholson*, 497 F.3d 1290, 1291-92 (Fed. Cir. 2007) (denied payment to an estate)); *Caranto v. Brown*, 4 Vet.App. 516, 518 (1993) (Board remand to determine whether daughter qualified as a "child" for accrued benefits purposes)).

[38] 38 U.S.C. § 5121(a).

[39] *Gillis v. West*, 11 Vet.App. 441, 442 (1998) (quoting BLACK'S LAW DICTIONARY 1138 (6th ed. 1990)).

[40] *Id*. at 443.

[41] *Pappalardo v. Brown*, 6 Vet.App. 63, 64-65 (1993); *see also Suguitan v. McDonald*, 27 Vet.App. 114, 118 (2014) (concluding that a one-time payment from the Filipino Veterans Equity Compensation Fund is not payable as an accrued benefit).

[42] *Mayfield v. McDonough*, 36 Vet.App. 251, 255 (2023); *see also Crews*, 63 F.4th at 39.

[43] 38 U.S.C. § 5121A(a)(1).

In other words, an eligible accrued benefits claimant has the opportunity to "procedurally be substituted for deceased claimants in pending claims, enabling the surviving accrued-benefits beneficiary to proceed in the place of the deceased claimant to the completion of the original claim."[44] In short, the purpose of section 5121A is to permit an eligible accrued benefits claimant to step into the shoes of the veteran and assume the decedent's place in the adjudicatory queue.[45]

In *Breedlove*, the Court held that "a veteran's chapter 11 disability benefits claim survives the death of the veteran, not for the purpose of providing VA benefits to a veteran, but for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant."[46] The Court held that it could consider substitution in all appeals pending before the Court and that substitution requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant."[47]

In *Reliford*, the Court made clear that "[s]ection 5121 and section 5121A provide separate and distinct procedural paths for pursuing accrued benefits."[48] The Court explained that substitution under section 5121A continued the deceased claimant's underlying claim, and an accrued benefits claim is derivative of a deceased claimant's claim and must start anew.[49] "[T]he enactment of section 5121A provided eligible survivors a faster, fairer, and more efficient way to process their accrued benefits claims through substitution."[50] Typically, substitution may be the more favorable route for a survivor because accrued benefits determinations are based on the evidence in the claims file at the date of the veteran's death. In other words, a survivor seeking accrued benefits under section 5121(a) could not submit any additional evidence to persuade VA to grant the pending claim.

Here, it is undisputed that appellant is an eligible accrued benefits claimant under section 5121(a) because she bore the expenses of the veteran's "last sickness and burial," and obtained a

[44] *Reliford*, 27 Vet.App. at 302.

[45] *Nat'l Org.of Veterans Advocates, Inc. v. Sec'y of VA*, 809 F.3d 1359, 1361 (Fed. Cir. 2016).

[46] *Breedlove*, 24 Vet.App. at 9.

[47] *Id.* at 20.

[48] *Reliford*, 27 Vet.App. at 302.

[49] *Id.*

[50] *Id.* at 303.

formal determination before VA within 1 year of the veteran's death, as required by the statute.[51] However, appellant also sought entitlement to be recognized as a substitute claimant under section 5121A, which a VA RO granted.[52] At the time appellant sought substitution, the veteran had several claims pending before VA, including claims for service connection as well as the claims on appeal here today concerning entitlement to SAH, SHA, and automobile adaptive equipment (as well as SMC). In its June 2021 letter granting substitution, VA explained that

> [p]ersons eligible for substitution will include a living person who would be eligible to receive accrued benefits due to the claimant. An accrued benefit is any money we owe a veteran at the time of death . . . only so much of the accrued benefit may be paid as may be necessary to reimburse the person [(who is not a qualifying surviving spouse or child)] who bore the expense of the last sickness or burial based upon receipts presented. [53]

VA specified that appellant was eligible only because she bore the expenses of the veteran's last sickness or burial and that the amount of funds she is eligible to receive from the veteran's pending claims is limited to that expenditure.[54]

As mentioned above, appellant argues that she is not seeking accrued benefits; she is seeking to be substituted in the veteran's place to process the pending claims for SAH, SHA, and automobile adaptive benefits to completion.[55] She challenges the Board's decision that she is not eligible to be substituted in the place of the veteran for these three claims because denying substitution for those claims is contrary to the plain language of section 5121A. Appellant explains that section 5121A allows substitution in cases for "any benefit" and sets no limitation on whether that benefit is periodic. During oral argument, appellant reiterated that the benefits she is seeking are not accrued benefits but are benefits derivative of the deceased veteran's claims specifically under section 5121A.[56]

There are several moving parts to the issue this appeal presents concerning substitution. But we note that we can remove one potential question because appellant does not challenge

---

[51] R. at 285-86.

[52] R. at 285-87.

[53] R. at 285.

[54] R. at 286.

[55] For the sake of completeness, appellant also argues that she is an appropriate substitute for the veteran in pursuing the veteran's SMC claim. We deal with that issue separately from the question of substitution for the non-accrued benefit claims.

[56] OA at 50:45-51:28.

precedent that establishes that claims for entitlement to SAH, SHA, or automobile adaptive benefits are not payable as "accrued benefits" under section 5121(a).[57] So, we can at least proceed on that common ground. In terms of a roadmap for what follows, we start by addressing whether this appeal (including both the non-accrued benefit claims as well as the claim concerning SMC) is moot.[58] For the reasons that we explain below, we conclude that the matter is not moot because, were we to agree with appellant's arguments in full, the Court could provide her meaningful relief. We then move on to decide whether substitution is permitted for claims for non-accrued benefits that are pending at the time of a VA claimant's death, such as the ones for SAH, SHA, and automobile adaptive benefits we have before us. We conclude based on the plain language of the section 5121A that an eligible accrued benefits recipient may substitute into claims for non-accrued benefits pending at the time of a veteran-claimant's death. We also consider whether an eligible accrued benefits recipient under section 5121(a)(6) who is permitted to be substituted under section 5121A is limited in what they may receive on such a claim by expenses they paid for the deceased claimant's last sickness and burial. We conclude that such a substituted party is so limited. And finally, we address the Board's dismissal of the claim for entitlement to SMC based on housebound status. We will remand that claim because the Board's statement of reasons or bases is inadequate.

A. Mootness

The Secretary argues, once in a footnote in his brief but more substantively in his supplemental brief, that the appeal is moot.[59] The Secretary explains that on April 26, 2022, VA granted appellant's request for payment for reimbursement of $597, the veteran's last expenses of sickness and burial, and mailed appellant a check.[60] In February 2023, VA notified appellant that she was not authorized for any additional payment of accrued benefits because she had been awarded the full amount of the expenses she bore.[61] However, the check the Agency mailed to appellant was returned to VA as undeliverable. Moreover, upon its return VA recognized that it

---

[57] *See* Appellant's Br. at 13-14.

[58] As we explained above, the Secretary raised the mootness argument principally in his supplemental brief. But even if he had not done so, we would have been required to address the issue because we have an independent obligation to assess our jurisdiction. *See Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019).

[59] Secretary's Br. at 14 n.1; Secretary's Supp. Br. at 3-6.

[60] Secretary's Supp. Br. at 2, Ex. at 1 (Declaration of Robert Perkins).

[61] *Id.*

made a mistake in sending a check in the full amount of $597 because it had not withheld attorney fees from that amount, so it canceled the check.[62] In October 2023, VA notified appellant that it had canceled the original check, but a new check would be issued, or payment would be directly deposited into appellant's bank account, once appellant responded to VA's letter.[63] As of the date of oral argument, appellant had not yet responded to the October 2023 letter from VA.[64]

Considering these facts, the Secretary argues that because VA has attempted to pay appellant all the benefits to which she is entitled, the Court should dismiss the appeal as moot. Appellant counters that the appeal is not moot because had the Board adjudicated the dismissed claims, she may be entitled to what she refers to as "full benefits," benefits that go beyond the $597 for reimbursement of last expenses.[65]

First, and assuming for the moment that the $597 (less attorney fees) is the only amount at issue, the Secretary does not cite any authority for the proposition that an offer or other attempt to pay a claimant the amount in dispute moots an appeal when the payment has not actually been made. And the Court has been unable to find authority to support that an offer of payment that has not been acted on is enough to moot a case. Indeed, the sparse authority addressing this question points in the other direction.[66]

However, even if we assume that an offer of payment could be enough to moot a case, we would still conclude that the case is not moot. Concluding that the appeal is moot here based on the attempted payment of $597 would require us to decide the substantive legal question appellant presents in a manner adverse to her. In other words, to hold that the attempted payment of $597 (less attorney fees) moots the case would require us to hold that appellant is limited to only receiving reimbursement for $597minus attorney fees. Appellant argues, however, that she is not limited to that amount under section 5121A. As we know from *Kernz*, an appeal is moot when "a

---

[62] *Id.*

[63] *Id.*

[64] OA at 50:45-51:28. Neither party has notified the Court that there has been any change in the circumstances of payment, so we proceed on the basis that matters stand as they did at the time of oral argument.

[65] Appellant's Supp. Br. at 5-6.

[66] *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016) (adopting Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) that an unaccepted settlement offer does not moot a case); *see also Hoekman v. Educ. Minn.*, 41 F.4th 969, 977 (8th Cir. 2022) ("[A]n uncashed check is not materially different from an unaccepted offer of settlement.").

claimant obtains all the relief he or she could receive from the Court."[67] But here, the issue is what "all the relief" means for appellant—something that makes this case different from the lion's share of appeals in which we confront the mootness question. Appellant may not be entitled to receive more than $597 less attorney fees (in fact, that is what we hold), but we can't make that determination without rejecting her position on the merits. Thus, the Court concludes that the appeal is not moot.

## B. Substitution Under Section 5121A

### *1. The plain language of section 5121A permits substitution of an accrued benefits claimant in matters concerning "any benefit," and that includes a non-accrued benefit.*

It is well settled that when interpreting a statute, "[w]e look to the plain meaning of the statute, and when we find the plain meaning, our job is simply to apply it."[68] Here, Congress provided that "[i]f a claimant dies while a claim for *any benefit* under a law administered by the Secretary . . . is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)" may file a request for substitution.[69]

Beginning with the first part of section 5121A, Congress specified *what claims* were subject to substitution. In that regard, Congress stated that substitution would be allowed concerning a claim for "any benefit under a law administered by the Secretary" pending at the time of a claimant's death. The word "any" is typically used in a broad manner, although the term must be considered in context.[70] In the context of section 5121A, "any benefit" plainly is used to indicate breadth of coverage, something like "any or all." Congress did not restrict the type of benefit for which substitution is allowed in any way other than it be a benefit the Secretary of the Department of Veterans Affairs administers. Congress could have easily written a restriction on the type of benefits that could be pursued by a substituted claimant, but it did not do so. And importantly, we don't have to merely surmise that Congress could have done so. In section 5121(a), Congress described the benefits at issue under that statute as "periodic monetary benefits (other than

---

[67] *Kernz v. McDonough*, 36 Vet.App. 372, 388 (2023) (en banc order).

[68] *Frantzis v. McDonough*, 35 Vet.App. 354, 360-61 (2022); *see Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019); *Artis v. District of Columbia*, 583 U.S. 71, 83 (2018); *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Frederick v. Shinseki*, 684 F.3d 1263, 1269 (Fed. Cir. 2012).

[69] 38 U.S.C. § 5121A (emphasis added).

[70] *See Terry v. McDonough*, 37 Vet.App. 1, 10-11 (2023).

insurance and servicemen's indemnity) under laws administered by the Secretary."[71] It would be remarkable if Congress meant the same thing it said in section 5121(a) when it used the term "any benefit" in section 5121A. In short, the plain language Congress used in section 5121A definitely answers *what claims* are subject to substitution.

The Secretary argues that section 5121A adopts the restriction on benefits set forth in section 5121(a), i.e., only periodic monetary benefits, because Congress limited substitution eligibility under section 5121A to those categories of people listed as eligible accrued benefits recipients in section 5121(a). In other words, the Secretary posits that if the benefits being pursued are not the type of benefits that an accrued benefits recipient could receive, then those benefits are also not the type that a substituted claimant could receive. The Secretary's logic is flawed because he conflates two distinct parts of section 5121A: specification of *what* type of claim is eligible for substitution versus *who* is eligible to substitute.

As we explained above, section 5121A unambiguously describes *what* type of benefit a substituted claimant can pursue: "*any benefit* under a law administered by the Secretary." But that question is separate from *who* may substitute into a claim of a deceased veteran. In that regard, section 5121A specifies *who* can substitute by incorporating the specified list of people Congress had used in section 5121(a).[72] But using the list from section 5121(a) to identify *who* can be substituted doesn't alter the choice Congress made about *what* benefits are subject to substitution. As to that matter, Congress could not have been clearer: substitution is appropriate for claims concerning "*any benefit* under a law administered by the Secretary." Reading section 5121A as the Secretary insists adds a restriction beyond what Congress provided. Moreover, the Secretary's reading of section 5121A ignores precedent explaining the distinction between section 5121(a) and 5121A—one provides guidance for a claim for accrued benefits, that is a claim that is started anew, and the other, respectively, is a substitute claimant's continuance of the deceased claimant's underlying claim. The factual background of an accrued benefits claim is different from that of a substitution claim, so it is not necessarily true that a benefit denied under section 5121(a) would be denied under section 5121A.

[71] 38 U.S.C. § 5121(a).

[72] Reply Br. at 3 ("[Appellant] does not dispute that § 5121(a) sets several limits on whether one is eligible to receive accrued benefits due to a deceased claimant to include whether the benefit is a periodic monetary benefit.").

In sum, section 5121A unambiguously describes what claims are subject to substitution as well as identifies who may take advantage of such substitution. Because Congress has spoken clearly about these matters, our job is merely to apply the statute. And here there is no question that (1) the claims for SAH, SHA, and automobile adaptive benefits are benefits the Secretary administers, and (2) appellant is an accrued benefits claimant under section 5121(a)(6). This all shows the Board erred when it dismissed the appeals at issue concerning SAH, SHA, and automobile adaptive benefits.

This conclusion is not necessarily fully favorable to appellant, however. There is a limitation in the amount an accrued benefits recipient under section 5121(a)(6) may recover: amounts expended for the last sickness and burial of the veteran. Appellant maintains that this limitation does not apply in the context of a substitution claim under section 5121A. After a brief detour, we turn to that question next.

But first our detour. VA purported to implement section 5121A in the following regulation:

> [i]f a claimant dies on or after October 10, 2008, a person eligible for accrued benefits under § 3.1000(a) . . . may, in priority order, request to substitute for the deceased claimant in a claim for periodic monetary benefits (other than insurance and servicemembers' indemnity) under laws administered by the Secretary, . . . that was pending before the agency of original jurisdiction or the [Board] when the claimant died.[73]

VA used the phrase "a claim for periodic monetary benefits" in place of the broad "any benefit" language Congress used in the governing statute, section 5121A. VA's action is unlawful. As we explained, section 5121A uses the phrase "any benefit" and does not restrict the type of benefit that can be continued to completion by a qualifying substitute claimant through substitution. There is no ambiguity for VA to address nor is there any gap to fill. Therefore, we invalidate the parts of § 3.1010(a) that are inconsistent with section 5121A.[74]

*2. There is a limitation in the amount of benefits that can be paid to a substituted claimant under section 5121A who is recognized as an accrued benefits claimant under section 5121(a)(6).*

As explained above, Congress clearly restricted those who are eligible to seek substitution under section 5121A to those persons who are eligible accrued benefits recipients under section 5121(a). Appellant is an eligible accrued benefits claimant under § 5121(a)(6). Section 5121(a)(6)

---

[73] 38 C.F.R. § 3.1010(a) (2023).

[74] *See Spicer v. McDonough*, 61 F.4th 1360, 1366 (Fed. Cir. 2023) (striking down a VA regulation as unlawful when it was inconsistent with a statute Congress had enacted); *Terry*, 37 Vet.App. at 14 (same).

allows payment of accrued benefits but "only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial."[75] The language plainly places a cap on the amount that an accrued benefits recipient could receive if they are only eligible on the basis of the one who "bore the expense of last sickness and burial."[76] The question is whether the limitation set forth in § 5121(a)(6) applies when a person in that category is pursuing a substitution claim under section 5121A.

Appellant agrees that if she were only proceeding as an accrued benefits recipient under section 5121(a)(6) then "she would have been limited to only so much of the accrued benefits paid as may be necessary to reimburse the person who bore the expense of last sickness and burial."[77] But appellant argues that as a substituted claimant, she is entitled to continue the veteran's claims to completion and is not limited to accrued benefits in the amount of reimbursed expenses for the payment of last sickness and burial. She insists that the language Congress used in section 5121A does not incorporate the limitation portion of section 5121(a)(6). The Court is not persuaded by appellant's argument.

We begin by noting that appellant's argument is underdeveloped, amounting to little more than a bare conclusion. This would be enough to reject it.[78] But the argument is flawed even if we consider it on the merits.

Essentially, appellant ask us to ignore the reason why Congress included subsection (a)(6) in the list of categories of persons eligible to receive a benefit under section 5121. Recall that Congress specified *who* can substitute into a pending claim by incorporating the list of beneficiaries it had included in section 5121(a). Subsections (a)(1) through (a)(5) all refer to a veteran's family members—spouses, children, and parents.[79] Congress did not impose limits on the nature of these beneficiaries' recoveries.[80] But subsection (a)(6) is materially different. Inclusion in this category does not turn on a familial relationship to the deceased veteran. Rather, the category is defined by its purpose—to reimburse any person who bore the expense of the

---

[75] 38 U.S.C. § 5121(a)(6).

[76] *Id*.

[77] Appellant's Supp. Br. at 12.

[78] *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments).

[79] 38 U.S.C. § 5121(a)(1)-(5).

[80] *Id*.

veteran's last sickness and burial.[81] As the Court has commented, "Congress's clear intent was to make whole the one who—one way or another—was saddled with the financial burden of a beneficiary's last sickness and burial."[82]

If appellant were correct, the very reason for the existence of the (a)(6) category would cease to be. Imagine this scenario. A person who qualifies for accrued benefits under section 5121(a)(6) pays $500 for a veteran's funeral expenses. We know Congress was concerned that such a person be made whole for that expense. But we also know that Congress did not leave recovery open-ended as it did for the categories of persons in subsection (a)(1)-(5). But if appellant's view prevailed, that same person—and recall he or she need not even be related to a veteran—could recover an unlimited amount under section 5121A. Such a pay-for-profit substitution scheme would be an absurd result, something we assume Congress did not intend.[83] So, we read section 5121A to require that a person who is allowed to substitute on the grounds that they bore the expense of a veteran's last sickness and burial is limited by the amount of such expense when allowed to substitute into a deceased veteran's claim.

C. Special Monthly Compensation

SMC is available when a veteran's service-connected disability or disabilities cause "additional hardships above and beyond those contemplated by VA's schedule of rating disabilities."[84] There are many types of SMC. Pertinent here, SMC under section 1114(*l*) is available where a veteran is "permanently bedridden or with such significant disabilities as to be in need of regular aid and attendance."[85] And SMC under section 1114(s) is available where a veteran either has a service-connected disability rated as total, and "(1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran's service-connected disability or disabilities, is permanently housebound."[86]

---

[81] 38 U.S.C. § 5121(a)(6).

[82] *Helmick v. McDonough*, 34 Vet.App. 141, 149 (2021). We note that a part of VA's implementing regulation concerning substitution reflects this same principle. *See* C.F.R. § 3.1010(g)(3). Appellant does not acknowledge this regulation in her briefing, only compounding the underdeveloped nature of her argument on this point.

[83] *See Timex V.I., Inc. v. United States*, 157 F.3d 879, 886 (Fed. Cir. 1998) ("[A] statutory construction that causes absurd results is to be avoided if at all possible.").

[84] *Breniser v. Shinseki*, 25 Vet.App. 64 68 (2011); *see* 38 U.S.C. § 1114(k)-(s).

[85] 38 U.S.C. § 1114(1).

[86] 38 U.S.C. § 1114(s).

In its decision the Board granted entitlement to SMC based on the need for aid and attendance under section 1114(*l*). Based on this grant of SMC related to the need for aid and attendance, the Board dismissed the claim for entitlement to "SMC based on housebound status."[87] Specifically, the Board stated that because "the grant of [SMC] on the basis of aid and attendance represents a higher benefit than [SMC] at the housebound level the issue of entitlement to [SMC] at the housebound rate is dismissed."[88] The Board does not specifically cite to the statute for any type of SMC other than section 1114(*l*), SMC based on the need for aid and attendance.

The Secretary concedes, and appellant accepts the Secretary's concession, that the Board erred when it dismissed SMC based on housebound status.[89] Although the parties agree that the Board erred, they disagree about what remedy is warranted. The Secretary concedes that the Board's analysis is incomplete and asserts that remand is required for the Board to decide the merits of the SMC claim that was on appeal in the first instance. The Secretary explains that without a decision on the remaining SMC claim, the Board was unable to determine whether the veteran would have been entitled to payment of SMC at a higher rate under section 1114(p).[90]

Appellant argues that the Court should reverse the Board's finding that the veteran's SMC claim based on housebound status should be dismissed. Appellant also argues that the Board mischaracterized the SMC claim as one based on section 1114(s)(2), and not one based on section 1114(s)(1). Because the Board dismissed the SMC claim based on "housebound status" generally, we do not know whether it considered entitlement to an SMC claim based on section 1114(s) subpart (1) or (2). We agree with both parties that the Board erred when it dismissed the veteran's remaining SMC claim simply because SMC based on aid an attendance provided a "higher benefit." And so, to that extent we can say the Board committed clear legal error. But we agree with the Secretary that remand and not broader reversal is the appropriate remedy.

---

[87] R. at 21. We address below appellant's argument that the Board inappropriately described the dismissed SMC claim as one based on housebound status when it actually concerned the SMC described in section 1114(s)(1).

[88] *Id.*

[89] *See* Secretary's Br. at 14-15; Reply Br. at 6-9. We recognize that in the Secretary's supplemental brief he rescinds his concession about the SMC issue, but that was only if we were to conclude that the appeal was moot, which we did not. *See* Secretary's Supp. Br. at 3.

[90] Secretary's Br. at 15.

Reversal is warranted when the only permissible view of the evidence contradicts the Board's decision,[91] and the Board "has performed the necessary fact-finding and explicitly weighed the evidence."[92] Moreover, as factfinder, the Board has the responsibility to assess and weigh the evidence.[93] For all its findings on a material issue of fact and law, the Board must support its factual determinations and legal conclusions with a written statement of reasons or bases that is "adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court."[94] If the Board fails to do so, remand is appropriate.[95]

Here, we do not have enough information from the Board to understand whether it assessed the correct remaining SMC claim on appeal when it dismissed the claim for SMC based on housebound status generally. The Board also, based on the Secretary's concessions, may have overlooked a favorable provision of the law in its entirety, i.e. section 1114(p). And finally, the Board's decision to dismiss the SMC claim based on housebound status is too conclusory. Accordingly, remand is the proper remedy.[96]

## III. CONCLUSION

In sum, 38 U.S.C. § 5121A allows an accrued benefits recipient to be substituted in claims involving *any benefit*, including non-accrued benefits. And 38 C.F.R. § 3.1010(a) is invalid to the extent it is inconsistent with the plain and ordinary meaning of 38 U.S.C. § 5121A. Because the Board relied on the invalid regulation and clearly erred when it dismissed the claims for entitlement to SAH, SHA, and automobile adaptive benefits, we REVERSE the Board's finding that appellant cannot be substituted to continue the appeal of the claims for entitlement seeking SAH, SHA, and automobile adaptive benefits to completion; SET ASIDE that portion of the Board's decision dismissing those claims; and REMAND these matters for the Board to adjudicate the merits of those claims with appellant as the substituted claimant. Additionally, we SET ASIDE that portion

[91] *Gutierrez v. Principi*, 19 Vet.App. 1, 10 (2004).

[92] *Deloach v. Shinseki*, 704 F.3d 1370, 1380-81 (Fed. Cir. 2013).

[93] *See D'Aries v. Peake*, 22 Vet.App. 97, 107 (2008) (per curiam).

[94] *Allday v. Brown*, 7 Vet.App. 517, 527 (1995).

[95] *Tucker v. West*, 11 Vet.App. 369, 374 (1998).

[96] *Id.*

of the Board's decision dismissing the claim for entitlement to SMC based on housebound status and REMAND that matter for further proceedings consistent with this decision.

*Not published*
*NON-PRECEDENTIAL*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 22-4670

JEANINE FRAZIER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before BARTLEY, *Chief Judge*, and ALLEN and JAQUITH, *Judges*.

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

On May 23, 2024, in a panel decision, the Court set aside the April 1, 2022, decision of the Board of Veterans' Appeals (Board) that dismissed the claims for entitlement to specially adapted housing, special home adaptation, and automobile adaptive benefits, reversed the Board's finding that the appellant could not be substituted to continue the appeal of those claims for entitlement to completion, and remanded those matters for readjudication. The Court also set aside that portion of the Board's decision that dismissed the claim for entitlement to special monthly compensation based on housebound status and remanded that matter for readjudication. On June 12, 2024, the appellant filed a timely motion for panel reconsideration "limited to that portion of the panel's decision which addressed substitution under 38 U.S.C. § 5121A concerning whether there is a limitation in the amount of benefits that can be paid to a substituted claimant under § 5121A who was recognized as an accrued benefits claimant under § 5121(a)(6)," and contended that such "constitute[d] an impermissible advisory opinion." "[A] motion for . . . panel [reconsideration] . . . shall state the points of law or fact that the party believes the Court has overlooked or misunderstood." U.S. VET. APP. R. 35(e)(1). The Court did not overlook or misunderstand any argument that was properly before it.

Upon consideration of the foregoing, it is

ORDERED that the motion for reconsideration by the panel is denied.

DATED: July 17, 2024 PER CURIAM.

Copies to:

Kenneth M. Carpenter

VA General Counsel (027)

*Not Published*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

NO: 22-4670

JEANINE FRAZIER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

**JUDGMENT**

The Court has issued a decision in this case, and has acted on a motion under Rule 35 of the Court's Rules of Practice and Procedure.

Under Rule 36, judgment is entered and effective this date.

Dated: August 8, 2024

FOR THE COURT:

TIFFANY M. WAGNER
Clerk of the Court

By: /s/ Genesis B. Garcia
Deputy Clerk

Copies to:

Kenneth M. Carpenter, Esq.

VA General Counsel (027)

**DEPARTMENT OF VETERANS AFFAIRS**
**Veterans Benefits Administration**
**Washington, D.C. 20420**

August 10, 2010

Director (00/21)
All VA Regional Offices and Centers

In Reply Refer to: 211
Fast Letter: 10-30

SUBJ: Substitution of Party in Case of Claimant's Death

This Fast Letter supplements the information on substitution of parties previously provided in Fast Letter 09-15. It also provides guidance on processing claims involving substitution of parties. At this time, we are lifting the stay on processing such claims.

## Background

Section 212 of the Veterans' Benefits Improvement Act of 2008, Public Law 110-389 (VBIA 2008), added 38 U.S.C. § 5121A, Substitution in case of death of claimant, which provides, in part, that if a claimant dies while a claim or appeal is pending:

> *[A] living person who would be eligible to receive accrued benefits due to the claimant under [subsection (a) of the accrued benefits statute] may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion.*

This section applies to pending claims or appeals in which the original claimant died on or after October 10, 2008, and a request to be substituted is received within one year of the claimant's death. It does not apply to claims where notice of the decision was provided prior to death of the claimant and no appeal was filed prior to death.

## Relationship of Accrued Benefits to Substitution

In its wording of the substitution statute, Congress closely linked accrued benefits to the opportunity for an accrued-eligible party to substitute upon the death of a claimant. Individuals who are eligible for accrued benefits are individuals who would be eligible for substitution. *See* 38 U.S.C. § 5121A(a)(1). As mentioned below, benefits payable in the case of substitution are the same types of benefits for which accrued benefits are payable, i.e., periodic monetary benefits.

Accrued benefits are still derived from "existing ratings or decisions or [decisions] based on evidence in the file at date of death." As defined by 38 CFR 3.1000(d)(4), "evidence in the file at date of death" means evidence in VA's possession on or before the date of the beneficiary's death, even if such evidence was not physically located in the VA claims folder on or before the date of death, i.e., the evidence was in the "constructive custody" of VA. A substitute claimant, however, may submit additional evidence in support of the claim. Similarly, VA is responsible for obtaining any additional evidence required and addressing notice or due process defects in the same manner as if the original claimant were still alive. Unlike prior accrued benefits claims, the record is not closed on the date of death of the original claimant, but remains open for the submission and development of any pertinent additional evidence. Therefore, any eligible survivor submitting a claim for accrued benefits will automatically be considered as requesting to substitute and may be able to submit additional evidence in support of the claim.

### Manner of Substitution Request and Claims Processing

An eligible survivor may submit a substitution request by filing a VA Form 21-601 *Application for Accrued Amounts Due a Deceased Beneficiary*, VA Form 21-534, *Application for DIC, Death Pension & Accrued Benefits by Spouse or Child*; VA Form 21-0847, *Request for Substitution of Claimant Upon Death of Claimant*; or through any other communication indicating a desire to substitute for a deceased claimant. Receipt of a VA Form 21-534 will be accepted as both a claim for accrued benefits and a substitution request. Therefore, the claim for accrued benefits will be viewed as a continuation of the claim pending at the time of the claimant's death, and the individual substituting for the deceased claimant may submit additional evidence in support of the claim. We will process substitution requests that are not accompanied by or in the form of an accrued benefits claim. Individuals may waive the opportunity to substitute/submit additional evidence in support of the claim.

### Benefits to Which Substitution Applies

Substitution applies to the same benefits for which accrued benefits are payable, i.e., periodic monetary benefits (other than insurance and servicemember's indemnity) such as compensation, pension, DIC, and Chapter 18 benefits.

### Limits to Substitution

If a substitute claimant dies while the claim is still pending, the next preferred member of a subordinate class listed in the accrued benefits regulation, 38 C.F.R. § 3.1000, may file a claim for accrued benefits, which would serve as both a claim for accrued benefits and/or a request for substitution, provided the request was filed within one year of the

original claimant's death. In such a case, the next preferred survivor would also be provided the opportunity to submit new evidence. If a substitute claimant dies while the claim is still pending and there is no next preferred member of a subordinate class, then there is no longer an opportunity for substitution on that claim.

These claims will be considered in the same order of preference as stated in the accrued benefits regulation, 38 C.F.R. § 3.1000(a): the Veteran's spouse, the Veteran's children (in equal shares), the Veteran's dependent parents (in equal shares), and lastly, to the person who bore the expenses for last sickness or burial. The failure of a preferred survivor to timely file a claim for accrued benefits, or the filing of a waiver of rights on the part of a preferred survivor, will not serve to vest eligibility for substitution in a person in a lower class. The failure of a person or persons in a joint class to file a timely claim for accrued benefits, or a waiver of rights by such person or persons, will not serve to increase the amount payable to the others in the class.

## End Product

Effective immediately, use end product (EP) 165 to record work credit for a request for substitution upon death of claimant when disposing of the accrued benefits claim. In substitution cases, the EP 165 is authorized regardless of whether a formal rating is necessary to decide the claim. A second EP (either 140 or 190, as appropriate) is authorized when a survivor's claim for death benefits is received in addition to the request for substitution. Use the claim label "substitution requested" when establishing EP 165.

## Appeals

Substitution in an appealed case requires a Notice of Disagreement to have been filed prior to the appellant's death. In such a case, an eligible survivor may file a request with the agency of original jurisdiction (AOJ) to be substituted for the original claimant for the purpose of processing the appeal to completion. If the original claimant dies on or after the date the appeal was certified and transferred to the Board of Veterans' Appeals, but before the Board issues a decision on appeal, the Board will dismiss the appeal and return the file to the AOJ. The AOJ will make a determination in the first instance regarding basic eligibility for substitution. Any adverse AOJ determination as to basic eligibility for substitution will be appealable to the Board. If found eligible for substitution, either by the AOJ in the first instance or on appeal to the Board, the substitute claimant will receive the same docket number that was assigned to the original claimant's appeal

**Questions**

Please see the enclosures to this letter for further information.

Additional questions concerning this fast letter should be e-mailed to VAVBAWAS/CO/21Q&A.

/S/
Thomas J. Murphy
Director
Compensation and Pension Service

Enclosures

Enclosure A

## Q&As Pertaining to Substitution

**1. Are we required to send VCAA notice to the substitute claimant?**

If an adequate VCAA notice letter was previously sent to the original claimant, a new VCAA notice letter will not be provided to the individual requesting substitution. However, if no VCAA notice was previously provided to the original claimant, or if such notice letter was inadequate, a VCAA notice letter must be provided to the individual requesting substitution if he or she is eligible for substitution.

**2. What are the differences between pending claims in general and pending claims and appeals for substitution purposes?**

Although "pending claim" in 38 C.F.R. § 3.160(c) is defined expansively and includes all applications that have not been finally adjudicated, for purposes of substitution and this Fast Letter, the definitions of "pending claim" and "pending appeal" are limited. A pending claim, for purposes of substitution, is one that was undecided at the time of the initial claimant's death. A pending appeal is one where a Notice of Disagreement (NOD) was filed by the initial claimant on a decision made during his or her lifetime, but was not resolved either by the agency of original jurisdiction (AOJ) or the Board of Veterans' Appeals (BVA) at the time of death. Therefore, a substitute claimant cannot appeal a decision if the deceased original claimant did not already file an NOD. However, a substitute claimant steps into the shoes of the deceased claimant if an NOD was filed prior to the original claimant's death.

**3. May a substitute claimant amend or expand the pending claim?**

No. A substitute claimant may not add issues or expand the claim. However, the substitute claimant is free to raise new theories of entitlement as to the pending claim. Inferred or implied claims cannot be recognized.

**4. The RO made a decision on the Veteran's claim. The Veteran dies within the appeal period. After the appeal period has expired, but within one year of the Veteran's death, a survivor requests to substitute. Is substitution allowed in this situation?**

No. The Veteran did not appeal the RO's decision before death so there is no pending claim or appeal.

**5. How will VA process a substitution request where a Veteran's claim is on appeal at BVA when the Veteran dies?**

BVA will continue to dismiss all appeals in cases where the appellant dies while his or her appeal is pending at BVA. For cases in which the appellant died on or after October 10, 2008 (the effective date of the substitution statute), BVA's dismissal will specifically note that the dismissal of the appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for the purposes of processing the claim to completion. Requests for substitution must be filed with the AOJ, which will determine basic eligibility for substitution in the first instance. The initial eligibility determination would then be appealable to BVA.

**6. A Veteran's claim for SC for a disability is on appeal. The Veteran dies from that disability. The Veteran's surviving spouse submits a VA Form 21-534 claiming DIC and also requests to substitute on the Veteran's pending claim. What is the appropriate action?**

Decide the substitution request and keep the DIC claim pending. In this situation, the two matters would be inextricably intertwined in that the outcome of the claim following a successful substitution request (i.e., whether or not SC is granted for the disability the Veteran was appealing) would have a bearing on the outcome of the DIC claim.

**7. The custodian of two surviving children has requested to substitute by filing a claim for accrued benefits, we permit substitution, and we later receive the same request (also within the one-year time limit) from the Veteran's 18-year old surviving schoolchild. What do we do?**

Inform the schoolchild that a substitute claimant has already been recognized, but if benefits become payable on the claim, the schoolchild will receive an equitable share of the benefit. Appeal rights should be provided on the decision not to permit the schoolchild to substitute.

**8. What happens if a substitute claimant dies?**

If a substitute claimant dies, the next preferred member of a subordinate class listed in the accrued benefits regulation, 38 U.S.C. § 3.1000, needs to file a claim for accrued benefits within a year of the original claimant's death in order to substitute.

**9. If no claim is pending at time of death, and the claim for accrued is denied, would the notification letter deny both the accrued claim and the request for substitution?**

No. If VA denies the accrued claim, then the denial also applies to requests for substitution.

**10. Do substitute claimants have to file a separate form when requesting to be substituted? What if a claim for accrued benefits was filed for a death occurring on or after October 10, 2008, and we have already rated the claim based only on evidence in the file at the date of death?**

To request substitution, an eligible survivor may file either a claim for accrued benefits or a request for substitution. Accrued benefits claims and requests for substitution shall be treated as one and the same. If a claim for accrued benefits was filed for a death occurring on or after October 10, 2008, and a rating was completed based only on the evidence in the file at the time of death, we must consider the accrued benefits claim as a request for substitution, permit the submission of new evidence, and readjudicate the claim.

**11. How should the issue be addressed in the rating? Should it state "entitlement to accrued benefits based on substitution"?**

No. It only needs to state "entitlement to accrued benefits." A claim for accrued benefits and a request for substitution are considered one and the same.

**12. How should claims be handled that involve pension?**

Any income information presented within one year of the original claimant's death is permissible evidence. If there is a pending medical expense claim, submission of information related to that medical expense claim is permissible.

**13. If an SOC was issued to the Veteran, but no VA Form 9 was filed, could the substitute claimant file a timely VA Form 9 and continue the Veteran's appeal?**

Yes. If the substitute claimant indicates that he or she does not have a copy of the SOC or VA Form 9, send copies of the SOC and VA Form 9 to the substitute claimant, as needed.

**Enclosure B**

## Substitution and Accrued Definitions

**Accrued benefits.** Benefits described in current 38 CFR 3.1000(a). Entitlement to these benefits is based on existing ratings or decisions, or decisions based on evidence in file at the date of death.

**Eligible survivor.** An individual described in 38 CFR 3.1000(a)(1) through (a)(5).

**Joint class.** A group of two or more individuals in which each individual is an eligible substitute of the same preference, i.e., two or more surviving children, two surviving parents, or two or more persons who bore the expense of last sickness or burial.

**Original claimant.** A deceased claimant whose claim or appeal of an adverse decision on the claim was pending when he or she died.

**Preferred eligible survivor.** A living individual listed first/highest in the descending rank order of individuals described in 38 CFR 3.1000(a)(1) through (a)(5).

**Substitute claimant.** An individual whom VA has recognized to replace the original claimant in a pending claim or a pending appeal (i.e., a preferred eligible survivor).