**Nos. 2025-1068 & 2025-1070**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

JEANINE FRAZIER,

Claimant-Cross-Appellant,

v.

DOUGLAS A. COLLINS, Secretary of Veterans Affairs

Respondent-Appellant.

---

On Appeal from the United States Court of Appeals for Veterans Claims
in case no. 22-4670, Judge Michael P. Allen, Chief Judge Margaret C. Bartley, and
Judge Grant Jaquith.

---

# RESPONDENT-APPELLANT'S RESPONSE AND REPLY BRIEF

---


BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. MCCARTHY
*Director*

ERIC P. BRUSKIN
MEREDYTH COHEN HAVASY
*Attorneys, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2951*

*Of Counsel:*

BRIAN D. GRIFFIN
*Deputy Chief Counsel*

MATTHEW ALBANESE
*Attorney*
*Office of General Counsel*
*Department of Veterans Affairs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................... iv

STATEMENT OF RELATED CASES .................... x

INTRODUCTION .................... 1

JURISDICTIONAL STATEMENT .................... 1

I. Affirmative Appeal .................... 1

II. Cross-Appeal .................... 2

STATEMENT OF THE ISSUE ON CROSS-APPEAL .................... 2

STATEMENT OF THE CASE .................... 2

I. Statutory Background .................... 2

II. Prior Proceedings .................... 3

SUMMARY OF ARGUMENT .................... 4

ARGUMENT .................... 6

I. The Veterans Court Erred in Holding That Section 5121A Permits Substitution in Any Benefit Administered by VA .................... 6

A. Statutory Text and Context Make Clear That Substitution under Section 5121A Is Confined to Accrued Benefits under Section 5121(a) .................... 6

1. Accrued Benefits Are Monetary Benefits That Are Paid Periodically .................... 6

2. The Word "Any" In Section 5121A Does Not Carry an Expansive Meaning .................... 9

a. Section 5121A Ties "Any" to "The Claim" for Accrued Benefits .................... 10

b. Section 5121A's Cross-References to Section 5121(a) Broadly Incorporate Section 5121(a)'s Limit on The Type of Benefits Available ................11

c. Ms. Frazier Misconstrues The Procedural Differences between Sections 5121(a) and 5121A To Also Indicate Substantive Differences in The Type of Benefits Available........14

d. Only Section 5121(a) Authorizes Payment of Benefits.........................................................................15

B. Additional Relevant Considerations Confirm That Substitution under Section 5121A Is Confined to Accrued Benefits under Section 5121(a) ........................................................17

1. Section 5121A's Legislative History Confirms That It Is Confined to Accrued Benefits ......................................17

2. The Historic Purpose of Periodic Monetary Benefits Confirms That Survivors Should be Restricted to Pursuing Only Periodic Monetary Benefits Claims ...........19

3. Ms. Frazier's Distinction between Reimbursement And Prospective Non-Periodic Benefits Claims Is Inapposite And Undermines Her Statutory Textual Argument.......................................................................21

4. Ms. Frazier's Interpretation of Section 5121A Would Lead to Absurd Results .........................................................22

5. VA's Interpretation of Section 5121A As Being Limited to Accrued Benefits Has Been Longstanding And Consistent ..........................................................................24

II. The Veterans Court Correctly Limited Ms. Frazier's Potential Recovery to The Reimbursement of Mr. Frazier's Funeral Expenses.....................................................................................................27

A. Ms. Frazier's Cross-Appeal Should be Dismissed Because It Does Not Meet The Third *Williams* Exception for Review of A Non-Final Order.........................................................27

B. If Ms. Frazier's Cross-Appeal Is Not Dismissed, This Court Should Affirm That The Veterans Court Correctly Limited Ms. Frazier's Potential Recovery........................................30

1. This Court Recently Resolved The Same Legal Question Against Ms. Frazier................................................30

2. The Amount of Benefits Available under Section 5121A Is Plainly Limited by Section 5121(a)(6)'s Cap .......32

CONCLUSION ........................................................................................................ 38

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Principi*,
237 F.3d 1368 (Fed. Cir. 2001) .................................................................... 28, 29

*Andrews v. Principi*,
351 F.3d 1134 (Fed. Cir. 2003) .................................................................... 7

*Arellano v. McDonough*,
1 F.4th 1059 (Fed. Cir. 2021), *aff'd*, 598 U.S. 1 (2023) .................................... 7, 8

*Barma v. Holder*,
640 F.3d 749 (7th Cir. 2011) .................................................................... 12

*Bd. of Trs. of Bakery Drivers Loc. 550 & Indus. Pension Fund v. Pension Benefit Guar. Corp.*,
136 F.4th 26 (2d Cir. 2025) .................................................................... 12

*Biden v. Texas*,
597 U.S. 785 (2022) .................................................................... 26

*Bondi v. VanDerStok*,
145 S. Ct. 857 (2025) .................................................................... 24

*Brown v. Gardner*,
513 U.S. 115 (1994) .................................................................... 36

*Corley v. United States*,
556 U.S. 303 (2009) .................................................................... 13

*Crews v. McDonough*,
63 F.4th 37 .................................................................... 16

*Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*,
583 U.S. 416 (2018) .................................................................... 13

*Deckers Corp. v. United States*,
752 F.3d 949 (Fed. Cir. 2014) .................................................................... 31

*Donnellan v. Shinseki*,
676 F.3d 1089 (Fed. Cir. 2012) .......... 29

*Duchesneau v. Shinseki*,
679 F.3d 1349 (Fed. Cir. 2012) .......... 28, 29

*Gonzalez-Gonzalez v. Ashcroft*,
390 F.3d 649 (9th Cir. 2004) .......... 12

*Gustafson v. Alloyd Co., Inc.*,
513 U.S. 561 (1995) .......... 35

*Hairston v. McDonough*,
36 Vet. App. 131 (2023), *aff'd*, No. 2023-2055, 2024 WL 4707080 (Fed. Cir. Nov. 7, 2024) .......... 23

*Hemlick v. McDonough*,
34 Vet. App. 141 (2021) .......... 4

*Jones v. Hendrix*,
599 U.S. 465 (2023) .......... 22

*Jones v. West*,
136 F.3d 1296 (Fed. Cir. 1998) .......... 33

*Joyce v. Nicholson*,
443 F.3d 845 (Fed. Cir. 2006) .......... 28, 29

*Loper Bright Enter. v. Raimondo*,
603 U.S. 369 (2024) .......... 24, 36

*Martinez-Bodon v. McDonough*,
28 F.4th 1241 (Fed. Cir. 2022) .......... 22

*Morris v. Shinseki*,
26 Vet. App. 494 (2014) .......... 37

*Myore v. Principi*,
323 F.3d 1347 (Fed. Cir. 2003) .......... 29

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
583 U.S. 109 (2018) ....................................................................................................10

*Nat'l Org. of Veterans Advocs., Inc. v. Sec'y of Veterans,*
*Affs.*, 809 F.3d 1359 (Fed. Cir. 2016) ........................................................................ 20, 25

*Nixon v. Mo. Mun. League*,
541 U.S. 125 (2004) ....................................................................................................10

*Nixon v. United States*,
506 U.S. 224 (1993) ....................................................................................................12

*Orozco v. Garland*,
60 F.4th 684 (D.C. Cir. 2023) .....................................................................................12

*Padgett v. Shinseki*,
643 F.3d 950 (Fed. Cir. 2011) .....................................................................................16

*Panama R. Co. v. Johnson*,
264 U.S. 375 (1924) ............................................................................................. 11, 35

*Phil-Insul Corp. v. Airlite Plastics Co.*,
854 F.3d 1344 (Fed. Cir. 2017) ...................................................................................32

*Pieper v. Collins*,
No. 24-1270, 2025 WL 2525211 (Fed. Cir. Sept. 5, 2025) ..........................................31

*Pieper v. McDonough*,
No. 22-5160, 2023 WL 5948148 (Vet. App. Sept. 13, 2023) .......................................31

*Preminger v. Sec'y of Veterans,*
*Affs.*, 517 F.3d 1299 (Fed. Cir. 2008) ..........................................................................31

*Reliford v. McDonald*,
27 Vet. App. 297 (2015) ..............................................................................................19

*Richard v. West*,
161 F.3d 719 (Fed. Cir. 1998) .....................................................................................32

*Robinson v. McDonough*,
No. 21-1784, 2022 WL 499845 (Fed. Cir. Feb. 18, 2022) ...........................................29

*Rusick v. Gibson*,
760 F.3d 1342 (Fed. Cir. 2014) ... 19

*Saunders v. Wilkie*,
886 F.3d 1356 (Fed. Cir. 2018) ... 35

*Smith v. Collins*,
133 F.4th 1059 (Fed. Cir. 2025) ... 13, 14, 30, 31, 35

*Sucic v. Wilkie*,
921 F.3d 1095 (Fed. Cir. 2019) ... passim

*Timex V.I., Inc. v. United States*,
157 F.3d 879 (Fed. Cir. 1998) ... 23, 24

*United States ex rel. Bryant v. Cmty. Health Sys., Inc.*,
24 F.4th 1024 (6th Cir. 2022) ... 12

*Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457 (2001) ... 15

*Williams v. Principi*,
275 F.3d 1361 (Fed. Cir. 2002) ... 2, 27, 28, 29, 30

*Yates v. United States*,
574 U.S. 528 (2015) ... 9

*Youngman v. Shinseki*,
699 F.3d 1301 (Fed. Cir. 2012) ... 37

*Ysleta Del Sur Pueblo v. Texas*,
596 U.S. 685 (2022) ... 13

**Statutes**

38 U.S.C. § 502 ... 25

38 U.S.C. § 1110 ... 16

38 U.S.C. § 1114 ....................20

38 U.S.C. § 1115 ....................20

38 U.S.C. § 1135 ....................20

38 U.S.C. § 1155 ....................20

38 U.S.C. § 1311 ....................20

38 U.S.C. § 1313 ....................20

38 U.S.C. § 1314 ....................20

38 U.S.C. § 1315 ....................20

38 U.S.C. § 1318 ....................20

38 U.S.C. § 1521 ....................20

38 U.S.C. § 1714(b) ....................24

38 U.S.C. § 5112(b) ....................16

38 U.S.C. § 5121(a) ....................passim

38 U.S.C. § 5121A ....................passim

38 U.S.C. § 7252(a) ....................30

38 U.S.C. § 7266(a) ....................30

**Regulations**

38 C.F.R. § 3.1000(a)(5) ....................3

38 C.F.R. § 3.1010 ....................passim

38 C.F.R. § 4.1 ....................20

38 C.F.R. § 4.2 .......... 20

38 C.F.R. § 5.2660(a) (1938) .......... 8

38 C.F.R. § 17.148 .......... 24

38 C.F.R. § 17.156 .......... 21

38 C.F.R. § 36.4401 .......... 21

38 C.F.R. § 36.4406 .......... 21

**Other Authorities**

76 Fed. Reg. 8666 (Feb. 15, 2011) .......... 25

79 Fed. Reg. 52,977 (Sept. 5, 2014) .......... 16, 25

*Helping Those Left Behind: Hearing Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs*, 110th Cong. (2007) (statement Christine Cote, Staff Attorney, NVLSP) .......... 18

H.R. Rep. No. 110-789 .......... 18, 19, 36

New Oxford American Dictionary 11 (3d ed. 2010) .......... 7

Oral. Arg. at 00:50-00:58, *Smith v. Collins*, 133 F.4th 1059 (Fed. Cir. 2025), *available at* https://www.cafc.uscourts.gov/oral-arguments/24-1270_09022025.mp3. .......... 32

Order, *Smith v. Collins*, No. 23-1749 (Fed. Cir. June 18, 2025), ECF No. 47 .......... 31

VA Gen. Coun. Prec. Op. 13-95 (May 10, 1995) .......... 21

Webster's New International Dictionary 16 (2d ed. 1942) .......... 7

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## INTRODUCTION

Statutory interpretation is a holistic endeavor that considers all reliable indicia of meaning. In our opening brief, we demonstrated how—taken together—statutory text and context, legislative purpose, judicial pronouncements, longstanding agency interpretation, and the absurd consequences of a contrary interpretation all indicate that 38 U.S.C. § 5121A's authorization for substitution into "a claim for any benefit" is best read to refer to a claim for any accrued (that is, periodic monetary) benefit, as authorized by 38 U.S.C. § 5121(a). In response, Ms. Frazier endorses the same acontextual reading of section 5121A that the Veterans Court adopted, ignoring the cumulative weight of the contrary considerations. In fact, she pushes the Veterans Court's error even further in her cross-appeal, asserting that section 5121A's cross-references to section 5121 import neither limitations on the type of benefits subject to substitution nor limitations on the amount of benefits recoverable, in direct contravention of this Court's precedent. But Ms. Frazier's arguments fail to overcome the conclusion that section 5121A is what VA, the courts, and the public have always understood it to be: a procedural device enacted by Congress to permit survivors more efficient access to the benefits that are substantively authorized, defined, and limited by section 5121.

## JURISDICTIONAL STATEMENT

### I. Affirmative Appeal

Although the Veterans Court issued a non-final remand order in this case, Ms.

Frazier does not dispute that our appeal satisfies the finality exception adopted by this Court in *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir. 2002). Respondent-Appellant's Opening Brief (Op. Br.) at 3-4; Claimant-Cross-Appellant Principal and Response Brief (Resp. Br.) at 4, 6 n.1.

## II. Cross-Appeal

As explained below, Ms. Frazier's cross-appeal should be dismissed because the Veterans Court's remand order does not meet the third *Williams* exception.

## STATEMENT OF THE ISSUE ON CROSS-APPEAL

Whether the Veterans Court correctly held that the amount Ms. Frazier could potentially recover as a substitute claimant under 38 U.S.C. § 5121A is limited to reimbursement for the expense of Mr. Frazier's last sickness and burial per 38 U.S.C. § 5121(a)(6).

## STATEMENT OF THE CASE

## I. Statutory Background

If a claimant dies while a claim is pending, section 5121A(a) entitles a "living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)" to request to substitute for the claimant "for the purposes of processing the claim to completion." Section 5121A(b) provides that "[t]hose who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title."

In turn, section 5121(a)(6) provides that upon the death of a claimant, in cases

not covered by subsections (a)(1)-(5), "only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial." 38 U.S.C. § 5121(a)(6); *see also* 38 C.F.R. § 3.1000(a)(5) (same).

Section 3.1010(g)(3) of Title 38 of the Code of Federal Regulations explicitly provides that section 5121(a)(6)'s limitation applies to substitution: "[w]hen substitution cannot be established under any of the categories listed in § 3.1000(a)(1) through (a)(4) [the same as those covered in section 5121(a)(1)-(5)], only so much of any benefits ultimately awarded may be paid as necessary to reimburse the person who bore the expense of last sickness and burial." 38 C.F.R. § 3.1010(g)(3).

## II. Prior Proceedings

As explained in our opening brief, the board dismissed Ms. Frazier's appeal as to non-periodic benefits and the Veterans Court reversed, holding that substitution under section 5121A is not limited to claims for periodic monetary benefits.

Relevant to Ms. Frazier's cross-appeal, the Veterans Court also held that Ms. Frazier's recovery pursuant to section 5121A (if any) would be limited to reimbursement of her expenditures on Mr. Frazier's funeral expenses. Appx17-18. The court first noted that Ms. Frazier's argument on this point was "underdeveloped," but that it was "flawed" even on the merits. Appx17. The court noted that, "[e]ssentially," Ms. Frazier was asking it to "ignore the reason why Congress included subsection (a)(6) in the list of categories of persons eligible to receive a benefit under section 5121." *Id.* Textually, the court observed that

subsections (a)(1)-(5) list a claimant's family members, but that (a)(6) is "materially different" because it does not "turn on a familial relationship," but rather is "defined by its purpose" which is to "make whole" the person bearing the financial burden of a last sickness and burial. Appx17-18 (quoting *Hemlick v. McDonough*, 34 Vet. App. 141, 149 (2021) and citing 38 C.F.R. § 3.1010(g)(3)). The court noted that, under Ms. Frazier's interpretation, a person (even one unrelated to the veteran) who paid only $500 for a veteran's funeral expenses could recover "an unlimited amount under section 5121A," which would be an "absurd result" that it assumed Congress did not intend. Appx18. Accordingly, the Veterans Court read section 5121A "to require that a person who is allowed to substitute on the grounds that they bore the expense of a veteran's last sickness and burial is limited by the amount of such expense when allowed to substitute into a deceased veteran's claim." Appx18.

## SUMMARY OF ARGUMENT

As we established in our opening brief, the Veterans Court misinterpreted section 5121A as permitting substitution in claims for non-accrued benefits. The phrase "a claim for any benefit" refers to any accrued benefit payable under section 5121 and thus does not permit substitution in claims for benefits that are not periodic and monetary.

The statutory text and context of section 5121A establish that substitution is only available for accrued benefits. First, contrary to Ms. Frazier's assertion, accrued benefits refer to benefits paid periodically in both sections 5121 and 5121A. Second,

none of Ms. Frazier's arguments support her expansive definition of the word "any" in section 5121A, given that "any" is limited to accrued benefits per the two cross-references to section 5121 in section 5121A. Third, section 5121A must be understood as a procedural alternative for seeking the same benefits available under section 5121 because section 5121A does not authorize payment, and the original claimant's right to payment does not authorize payment to the substitute.

Statutory purpose and history, consistent agency interpretation, and the absurd results of a contrary reading also support the Secretary's interpretation of section 5121A. The legislative record does not support Ms. Frazier's assertion that Congress intended to make the sweeping changes urged by the testimony of one single witness. Moreover, this Court and the Veterans Court have repeatedly stated that section 5121A was not meant to be a fundamental change to the accrued benefits system, but rather an alternative procedural path for seeking those benefits. Further, requiring VA to provide non-accrued benefits to survivors, particularly when those benefits are prospective in nature, would lead to absurd results. Finally, contrary to Ms. Frazier's assertions, VA's interpretation of section 5121A has been both longstanding and consistent.

As for Ms. Frazier's cross-appeal, as an initial matter she has failed to establish that it meets the third *Williams* factor justifying the Court's review now. On the merits, as Ms. Frazier concedes, this Court recently concluded that section 5121A's reference to eligibility under section 5121(a) means that the eligibility of a substitute to

receive accrued benefits under section 5121A is limited by section 5121(a)(6) to the substitute's expenditures on the veteran's last sickness and burial. And because she has not shown that the Court should consider overruling its recent precedent en banc, if the Court does not dismiss the cross-appeal as premature, it should affirm the Veterans Court's decision on this question.

## ARGUMENT

### I. The Veterans Court Erred in Holding That Section 5121A Permits Substitution in Any Benefit Administered by VA

As established in our opening brief, the best reading of section 5121A—considering statutory text, context, and all other relevant determinants of meaning—is that the phrase "a claim for any benefit" refers to any accrued benefit payable under section 5121(a) and thus does *not* permit substitution in claims for benefits that are not periodic and monetary. Ms. Frazier's attempts to overcome these considerations and defend the Veterans Court's contrary conclusion fail. Accordingly, this Court should reverse the Veterans Court's judgment.

#### A. Statutory Text and Context Make Clear That Substitution under Section 5121A Is Confined to Accrued Benefits under Section 5121(a)

##### 1. Accrued Benefits Are Monetary Benefits That Are Paid Periodically

"Accrued benefits are 'periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at [the] date of death . . . and [that are] due and unpaid.'" *Sucic v. Wilkie*, 921

F.3d 1095, 1098 (Fed. Cir. 2019) (quoting 38 U.S.C. § 5121(a)). Ms. Frazier initially suggests that the Secretary has not taken a consistent position on what constitute "accrued benefits." Resp. Br. at 16-17 n.4. But VA has always taken the position that accrued benefits must be "periodic monetary benefits," as Ms. Frazier concedes they must. *See id.* Instead, any confusion arises from Ms. Frazier's attempt—based on an inapposite meaning of "accrue"—to redefine accrued benefits exclusively as those to which an individual was already "entitled at death" based on existing rating decisions or evidence in the claims file at that time. *Id.*; *see also id.* at 42-46.

"Accrued benefits" are "benefits . . . received by someone in regular or increasing amounts over time." New Oxford American Dictionary 11 (3d ed. 2010); *accord* Webster's New International Dictionary 16 (2d ed. 1942) ("accrued" means "[t]o be added by ordered growth in process of time, whether as increase or decrease, esp. in financial matters"). That is, accrued benefits are benefits that are paid periodically. Ms. Frazier's definition, "remuneration that has been earned but not yet paid," Resp. Br. at 17 n.4, is inapposite in this context because the "earning" of a benefit, *i.e.*, the entitlement to a benefit, is a separate question from its accrual. *See Andrews v. Principi*, 351 F.3d 1134, 1138 (Fed. Cir. 2003) (noting that "the question of when benefits begin to accrue" is distinct from the question of "whether a veteran is entitled to benefits at all"); *see also Arellano v. McDonough*, 1 F.4th 1059, 1073 (Fed. Cir. 2021) (en banc) (Chen, J., concurring in the judgment) ("[T]he filing of a benefits claim must first occur for any benefits to accrue or be paid by the VA."), *aff'd*,

598 U.S. 1 (2023)). Moreover, that "accrued benefits" refers to monetary benefits paid periodically has long been apparent from VA's regulations on the matter. *See, e.g.*, 38 C.F.R. § 5.2660(a) (1938) ("**Accrued pension payable to widow or children.** Pension which has accrued to the date of death of any pensioner . . . shall . . . be paid [to certain persons].). In short, the defining characteristic of "accrued benefits" is that they are "periodic monetary benefits." If entitlement is established, a substitute may be paid (all or a portion of) the benefits that have *accrued* between the filing of the original claim and the date of discontinuance due to the claimant's death.

It is true that, in section 5121(a), Congress defines "accrued benefits" as (1) "periodic monetary benefits" (2) "to which an individual was entitled at death under exiting ratings or decision or those based on evidence in the file at date of death." 38 U.S.C. § 5121(a). That is, accrued benefits are defined by two components: (1) a substantive component (*i.e.,* type of benefit), namely periodic monetary benefits; and (2) a procedural component, namely that they are based on existing evidence.

Though section 5121A changes the procedural component by permitting entitlement on the underlying claim to be established based on evidence submitted during the continued "processing [of] the claim to completion," as explained in our opening brief, that provision still makes "eligib[ility] to receive accrued benefits" a touchstone of the substitution process. 38 U.S.C. § 5121A(a)(1); *see also* 38 U.S.C. § 5121A(b) ("[Those who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title."). If Congress had wanted to

wholly abandon the concept of "accrued benefits" in section 5121A, it could have simply written "a living person who would be eligible to file an application under section 5121(a) of this title." It did not. Thus, although the ability to submit new evidence under section 5121A shows that Congress intended to change the procedural component of section 5121(a)'s accrued benefits definition,[1] there is no indication that Congress intended section 5121A to change the substantive component, namely the type of benefits available. Accordingly, section 5121A must be read to have retained the character of "accrued benefits" as "periodic monetary benefits." Ms. Frazier may suggest otherwise, but it is perfectly permissible for the term "accrued benefits" to carry different procedural connotations when used in section 5121 as opposed to section 5121A. The Supreme Court has several times "affirmed that identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute." *Yates v. United States*, 574 U.S. 528, 537 (2015) (collecting cases).

### 2. The Word "Any" In Section 5121A Does Not Carry an Expansive Meaning

Next, Ms. Frazier urges the same all-embracing reading of "any" that the Veterans Court embraced when it impermissibly ignored statutory context. Like the

[1] As discussed below, Congress's focus on addressing the procedural hurdles caused by section 5121(a), as opposed to its substantive aspects, is evident not only from section 5121A's text but also from its legislative history.

Veterans Court, Ms. Frazier begins by asserting that section 5121A "unambiguously provides for substitution in a claim for any VA benefit" because "any" carries "an expansive meaning." Resp. Br. at 40; *see also id.* at 39 (contending that "the plain text" of section 5121A alone resolves the legal question). But she then seems to retreat from that position, agreeing that the proper scope of the word "any" is necessarily dependent on context. *Id.* at 42 (citing *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 123 (2018)); *see also, e.g.*, *Nixon v. Mo. Mun. League*, 541 U.S. 125, 132 (2004) ("'[A]ny' can and does mean different things depending upon the setting."); *see also* Op. Br. at 20 (collecting cases).[2] Contrary to her assertion, however, the context here does not support the Veterans Court's broad reading of the word "any."

#### a. Section 5121A Ties "Any" to "The Claim" for Accrued Benefits

Ms. Frazier ignores that, within the span of a single sentence, Congress clearly indicated that an eligible person may only be substituted into "the claim" for which accrued benefits may be paid: "If a claimant dies while *a claim* for any benefit under a law administered by the Secretary . . . is pending, a living person who would be *eligible to receive accrued benefits due to the claimant under section 5121(a) of this title* may . . . file a

[2] As explained below, Ms. Frazier also seems to retreat from her expansive view of "any" when she admits that she would not expect VA to make a hypothetical determination about what housing or automobile assistance a veteran might have needed had the veteran lived, as this is in essence an admission that prospective claims for such benefits (as opposed to claims for reimbursement) would not be eligible for substitution. Resp. Br. at 63. But Ms. Frazier does not hazard to guess at where to draw the line between permissible and impermissible non-accrued benefits.

request to be substituted as the claimant for the purposes of processing *the claim* to completion." 38 U.S.C. § 5121A(a)(1) (emphasis added); *see also* 38 U.S.C. § 5121A(b). That is, if a claimant with a pending claim for the accrued benefits referenced in section 5121(a) dies, then a person eligible to receive such accrued benefits may be substituted in *that claim* and process it to completion. Under Ms. Frazier's proffered reading, however, the inquiry into accrued-benefits eligibility directed by the middle of the sentence has no connection to the particular "claim" referenced at the beginning and end of the sentence. Thus, as explained more below, *see infra* pp. 13-14, the wording of section 5121A(a)(1), coupled with repeated cross-references to section 5121, make clear that section 5121A permits substitution only into claims for accrued—i.e., periodic—monetary benefits.

**b. Section 5121A's Cross-References to Section 5121(a) Broadly Incorporate Section 5121(a)'s Limit on The Type of Benefits Available**

Ms. Frazier's response—that the cross-references "address only the question of which individuals can seek substitution," Resp. Br. at 48—is simply a continuation of the Veterans Court's myopic statutory analysis. A cross-reference brings with it "all that is fairly covered by the reference." *See Panama R. Co. v. Johnson*, 264 U.S. 375, 392 (1924). What is "fairly covered" necessarily depends on the wording of the reference itself and the statutory scheme. In almost all the cases Ms. Frazier cites to support her compartmentalized reading of section 5121A's cross-references, Resp. Br. at 48-50, the courts simply concluded that cross-references to specific statutory *subdivisions*

could not be read to incorporate the referenced statutes as a whole.[3] Of her remaining two case examples, the courts rejected interpretations of cross-references that (1) would put a statute "at war with itself" and render the cross-referencing provision "a nullity,"[4] and (2) could not be reconciled with "the intent of Congress."[5]

None of these cases support Ms. Frazier's argument that section 5121A's cross-references to section 5121 narrowly address only *who* can seek substitution. Unlike the statutes in most of Ms. Frazier's cases, the cross-references in section 5121A are broad. Section 5121A(a)(1) states that a person may be substituted in "a claim" for which the person "would be eligible to receive accrued benefits . . . under section 5121(a) of this title." And section 5121A(b) says that eligibility to seek substitution must accord with "section 5121" as a whole. Thus, these broad cross-references incorporate the limitation that a person may only be substituted into a claim for a

---

[3] *See Bd. of Trs. of Bakery Drivers Loc. 550 & Indus. Pension Fund v. Pension Benefit Guar. Corp.*, 136 F.4th 26, 30 (2d Cir. 2025); *Barma v. Holder*, 640 F.3d 749, 753 (7th Cir. 2011); *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004).

[4] *See Orozco v. Garland*, 60 F.4th 684, 689-90 (D.C. Cir. 2023). In *Orozco*, the statutory interpretation the D.C. Circuit rejected "would appear to leave no one capable of using the rights, remedies, and procedures" adopted by the statute. *Id.* Here, there is no such concern with reading section 5121A to incorporate section 5121(a)'s limit on the type of benefits available—section 5121A would still provide an important alternative procedural mechanism for individuals seeking accrued benefits.

[5] *See United States ex rel. Bryant v. Cmty. Health Sys., Inc.*, 24 F.4th 1024, 1035 (6th Cir. 2022). The Sixth Circuit's analysis is highly questionable, as it flouts "the well-established rule that the plain language of the enacted text is the best indicator of intent." *Nixon v. United States*, 506 U.S. 224, 232 (1993).

periodic monetary benefit per subsection (a) of 5121. And unlike Ms. Frazier's cited cases, the Secretary's reading of section 5121A's cross-references does not create tension between the two provisions or violate congressional intent. To the contrary, it is Ms. Frazier's reading of the cross-references as being strictly limited to "who" is eligible to substitute that would be problematic in that it would make section 5121A(b) superfluous, as the "who" is the only issue that subsection (b) addresses. 38U.S.C. § 5121A(b); *Ysleta Del Sur Pueblo v. Texas*, 596 U.S. 685, 698-99 (2022) (courts "'must normally seek to construe Congress's work 'so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant'" (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

Ms. Frazier, in essence, "wants to cherry pick from the material covered by the statutory cross-reference." *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 428 (2018). But that causes problems. Under her reading, the inquiry is not whether a person "would be eligible to receive accrued benefits due . . . under section 5121(a)" for "the claim" into which she is seeking substitution, as section 5121A(a)(1) states. Rather, her narrow reading advocates an abstract inquiry into a would-be substitute's potential status, divorced from the specific claim at issue—would she be eligible to substitute into *any* claim for accrued benefits? Yet, as this Court has already observed when rejecting the argument that section 5121A's cross-references to section 5121 do not import any limitation on how much may be recovered: "This provision does not, contrary to Mr. Smith's position, provide that Mr. Smith is entitled to 'recover all

benefits' due to his father upon substitution. Rather, this provision allows a party, like Mr. Smith, to be substituted so long as the party is eligible under § 5121(a)." *Smith v. Collins*, 133 F.4th 1059, 1062 (Fed. Cir. 2025). As a result, the more natural reading of section 5121A's cross-references to section 5121(a) is that they tie "the claim" for which substitution is sought to the claim for accrued benefits. *Cf.* Op. Br. Addendum at A2 ("any eligible survivor submitting a claim for accrued benefits will automatically be considered as requesting to substitute" and "[r]eceipt of a VA Form 21-534 [accrued benefits application] will be accepted as both a claim for accrued benefits and a substitution request").

**c. Ms. Frazier Misconstrues The Procedural Differences between Sections 5121(a) and 5121A To Also Indicate Substantive Differences in The Type of Benefits Available**

Ms. Frazier's effort to misconstrue the statutory context to support her expansive reading of "any" is evident from her false contrast between section 5121 and section 5121A. She asserts that accrued benefits in section 5121 are those for which entitlement was established (or could have been established) at the time of a claimant's death, and therefore that section 5121A cannot be limited to accrued benefits because a substitute under section 5121A may submit new evidence that can establish entitlement. Resp. Br. at 43-45. But as we demonstrated above, "accrued" benefits in the context of section 5121A are those that are paid periodically; the word "accrued" has nothing to do with whether entitlement to benefits can be determined

from the state of the record. Congress separately spoke to the entitlement and record issues by inserting language in section 5121A that materially differed from section 5121. *Compare* 38 U.S.C. § 5121(a) (requiring the showing that "an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death" before accrued benefits could be paid), *with* 38 U.S.C. § 5121A(a)(1) (permitting a substitute to obtain accrued benefits after "processing the claim to completion"). There is nothing unusual or impermissible about Congress establishing different procedural paths with different limitations on evidence submission for the *same* benefit. Op. Br. at 22-24. Rather, what is odd is the notion that Congress would silently alter "the substantive galaxy of pursuable claims" based on "which procedural path a survivor chooses" without any indication it was making such a change. *Id.* at 24; *see Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 468 (2001).

**d. Only Section 5121(a) Authorizes Payment of Benefits**

Section 5121A must be understood as a procedural derivative of section 5121 because only section 5121 contains language authorizing payments to certain survivors; section 5121A contains no such language. *See* Op. Br. at 17-19. Ms. Frazier seeks to sidestep this fact by arguing that a substitute "essentially steps into the shoes" of the deceased claimant, and therefore payment to the substitute is authorized by whichever statute originally authorized payment to the deceased claimant. Resp. Br.

at 54-56. This argument cannot be reconciled with the statutory scheme.

Although section 5121A means that a claimant's death no longer automatically extinguishes a claim, death still extinguishes any ongoing entitlement to benefits. *See* 38 U.S.C. § 5112(b) (discontinuance of benefits). "A veteran's claim 'dies' when he does in that the veteran's entitlement to disability benefits ends when he dies." *Padgett v. Shinseki*, 643 F.3d 950, 955 n.5 (Fed. Cir. 2011). Thus, when (for example), a veteran dies, the statutory mandate to "pay [compensation] *to any veteran* thus disabled" can no longer be effectuated and necessarily ends. 38 U.S.C. § 1110 (emphasis added). Section 1110 does not permit payment to individuals other than the "veteran."

Section 5121A does not itself fill the post-death payment authorization gap. It allows a substitute to "step[ ] into the shoes of a deceased appellant *in order to process a claim to completion*," 79 Fed. Reg. 52,977, 52,981 (Sept. 5, 2014) (emphasis added), but it does not contain language authorizing payment to someone other than the (deceased) claimant formerly entitled to receive it. Nor does section 5121A give a substitute all the rights a claimant would have had when alive. *See, e.g.*, *Crews v. McDonough*, 63 F.4th 37 (Fed. Cir. 2023) (holding that a substitute could continue, but not *initiate*, CUE proceedings); 38 C.F.R. § 3.1010(f)(2) ("A substitute may not add an issue to or expand the claim.").

Only section 5121 explicitly authorizes payment of a deceased individual's benefits to someone else after the individual's death. But section 5121 specifically

limits this authorization to accrued—i.e., periodic—monetary benefits. That is why section 5121A, whatever procedural changes it affords survivors, must be read in conjunction with the substantive limitations explicitly imposed by section 5121.

* * * *

In sum, statutory text and context make plain that section 5121A permits eligible individuals to substitute into any claim for *accrued* benefits authorized by section 5121.

### B. Additional Relevant Considerations Confirm That Substitution under Section 5121A Is Confined to Accrued Benefits under Section 5121(a)

In addition to statutory text and context, our opening brief established that numerous other considerations recognized by this Court and the Supreme Court as informing the best reading of a statute—such as statutory purpose and history, consistent agency interpretation, and the absurd results of a contrary reading—support our interpretation of section 5121A. Op. Br. at 24-37. Ms. Frazier's attempts to show otherwise fail.

#### 1. Section 5121A's Legislative History Confirms That It Is Confined to Accrued Benefits

Ms. Frazier bases her contention that the purpose of section 5121A supports her preferred reading wholly on the testimony of a single witness before Congress. She asserts that because this testimony objected to limitations on the type of benefits that survivors could obtain, Congress must be understood as having "responded" to

that lone objection when enacting section 5121A. Resp. Br. at 57-58; *see also id.* at 20. But the record does not support that assertion.

The specific testimony Ms. Frazier cites urged a change in several aspects of the accrued-benefits scheme: (1) the need to file a new claim and to restart the process; (2) the exclusion of adult children from the class of eligible claimants; (3) the one year filing deadline; (4) the limitation on the introduction of new evidence; and (5) the restriction of claimable benefits to periodic monetary benefits. *Helping Those Left Behind: Hearing Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs*, 110th Cong. 29-31 (2007) (statement Christine Cote, Staff Attorney, NVLSP); *see also id.* at 60-63).[6] But the House report on section 5121A clearly reflects that Congress intended to change the first and fourth aspects of the accrued-benefits scheme addressed by the lone witness, and makes no mention of changing the filing deadline, the classes of eligible survivors, or—as most relevant here—the types of eligible benefits. H.R. Rep. No. 110-789, at 17. If fundamentally altering the types of benefits survivors could seek was as important a part of the legislation as Ms. Frazier asserts, one would expect at least some suggestion in the House report that Congress thought it was making this alteration. Most importantly, the text of section 5121A plainly reflects changes from the new claim requirement and

[6] Admittedly, as Ms. Frazier notes, the testimony explicitly criticized the inability of a decedent's family to seek adaptive housing benefits. *Id.* at 30-31, 62; Resp. Br. at 57-58.

the evidence limitations imposed by section 5121 but does not reflect the other changes advocated by the testimony.

This Court and the Veterans Court have already affirmed this more limited reading of section 5121A's changes to the accrued-benefits scheme. *See Sucic*, 921 F.3d at 1100 (holding that section 5121A did not "fundamentally change[ ] the accrued benefits framework" by expanding the scope of eligible survivors to include adult children); *Rusick v. Gibson*, 760 F.3d 1342, 1346–47 (Fed. Cir. 2014) (finding that forcing survivors to "restart the claim 'at the back of the line'" was "the perceived injustice Congress sought to remedy with the enactment of section 5121A"); *Reliford v. McDonald*, 27 Vet. App. 297, 302 (2015) ("Rather, both section 5121 and section 5121A provide separate and distinct procedural *paths* for pursuing accrued benefits.").[7]

### 2. The Historic Purpose of Periodic Monetary Benefits Confirms That Survivors Should be Restricted to Pursuing Only Periodic Monetary Benefits Claims

We also explained in our opening brief why restricting the types of benefits certain survivors may recover to periodic monetary benefits was consonant with the

[7] Ms. Frazier also notes that the legislative history for the Veterans Benefits Improvement Act of 2008, when considered as a whole, indicated that the Act was intended to "comprehensively overhaul" VA's claims processing system. Resp. Br. at 19 (quoting H.R. Rep. No. 110-789, at 2 (2008)). But the asserted intent to comprehensively overhaul the entire claims processing system does not mean that Congress intended to fundamentally change every statute that it revised. Moreover, the same House report cites delays in the processing of claims as the basis of the need for the legislation, H.R. Rep. No. 110-789, at 2-4, and reading section 5121A as being an alternative (and more efficient) procedure for seeking accrued benefits fits with that goal.

broader historic purpose of those benefits—to help support veterans' dependents—a purpose that does not undergird the sort of non-periodic claims at issue in this case. Op. Br. at 28-32. As explained below, Ms. Frazier does not successfully dispute these realities.

Congress explicitly provided for *additional* disability compensation, DIC, and pension when a claimant (whether a veteran or a surviving spouse) has cognizable dependents. 38 U.S.C. §§ 1115, 1135, 1311, 1313-1315, 1318, 1521. Ms. Frazier's point that VA does not deny claimants without dependents the base level of these benefits, Resp. Br. at 61, is correct but also entirely beside the point. As this Court recognized when considering the overall statutory scheme into which section 5121A was inserted: "In some cases a veteran receiving disability benefits is entitled to receive additional benefits because of his dependents. Those same dependents may also be eligible to substitute for that veteran after his death." *Nat'l Org. of Veterans Advocs., Inc. v. Sec'y of Veterans Affs.*, 809 F.3d 1359, 1361 (Fed. Cir. 2016). That is, the purpose of periodic benefits is, in part, to support a veteran's dependents who rely on the veteran's income.

To be sure, the amount of compensation a veteran receives is correlated to a veteran's actual level of disability. 38 C.F.R. § 4.2. But compensation, like other periodic monetary benefits, is awarded according to standardized tables, 38 U.S.C. § 1155; 38 C.F.R. § 4.1, or in statutorily specified dollar amounts, *e.g.*, 38 U.S.C. §§ 1114, 1315. They are not "personalized to the veteran's disability picture" in the way, for

example, that the housing benefits at issue in this case are. Resp. Br. at 61; *see* Op. Br. at 30-31 (explaining how housing benefits are personalized).

### 3. Ms. Frazier's Distinction between Reimbursement And Prospective Non-Periodic Benefits Claims Is Inapposite And Undermines Her Statutory Textual Argument

Equally irrelevant is Ms. Frazier's observation that VA will in certain circumstances provide reimbursement for (rather than prospectively pay) non-periodic benefits. Resp. Br. at 62-63. Reimbursement is available only to the "eligible individual"—that is, the veteran requiring the housing or automotive assistance—after VA has approved the benefit. *See* 38 C.F.R. §§ 17.156, 36.4401. As our opening brief explains, a veteran who incurs costs for housing or automotive adaptations *before* VA approves them runs the risk that VA will not later cover them. Op. Br. at 30 n.8. This is true regardless of whether the veteran survives to pursue the claim, so has no bearing on the issue of substitution. VA has recognized a narrow circumstance where housing costs can be repaid to a veteran's estate when they were incurred pursuant to *conditional* approval by VA and death occurred before *final* approval is given. *See generally* 38 C.F.R. § 36.4406; VA Gen. Coun. Prec. Op. 13-95 (May 10, 1995). This narrow exception provides a procedure independent of claims under sections 5121 and 5121A and thus does not support Ms. Frazier's broad reinterpretation of the rules that govern claims under those sections.

* * * *

At bottom, the legislative purpose and history underlying section 5121A, like the statutory text, does not indicate a congressional intent to expand either the classes of survivors who may recover, or the types of benefits that may be recovered, after a veteran's death.

#### 4. Ms. Frazier's Interpretation of Section 5121A Would Lead to Absurd Results

The canon against absurd results is another important consideration when determining statutory meaning. *See Jones v. Hendrix*, 599 U.S. 465, 480 (2023); *Martinez-Bodon v. McDonough*, 28 F.4th 1241, 1246 (Fed. Cir. 2022). We established in our opening brief how absurd it would be to read section 5121A as requiring VA to undertake the complex development and adjudication of entitlement to a bespoke non-periodic benefit like housing assistance. Op. Br. at 30-31. Ms. Frazier appears to concede that section 5121A does not permit the recovery of such benefits insofar as she admits that "[n]o one is suggesting that VA must make a hypothetical determination about what assistance a veteran might have needed had he lived, or how much it would have cost" and that "some non-periodic benefits will necessarily be unrecoverable." Resp. Br. at 63. By making this concession, she appears to be suggesting that substitution for the type of non-periodic benefits sought by Mr. Frazier (and now by Ms. Frazier via substitution) would be limited to only reimbursement for housing and automobile adaptions made during Mr. Frazier's

lifetime, not for prospective benefits.[8] We do not dispute that it might prove less absurd for a survivor to be permitted to seek reimbursement rather than for a survivor to be permitted to seek prospective housing or automobile adaptation benefits. But there is nothing in the language of section 5121A to suggest this distinction, nor to suggest that either retrospective or prospective non-periodic monetary benefits are recoverable under that provision. Indeed, the necessity of such a distinction undermines Ms. Frazier's fundamental argument that the phrase "any benefit" in section 5121A truly means "any" in the broadest sense. *See, e.g.*, Resp. Br. at 40 (asserting that "Congress placed no limits on the type of benefit claim for which substitution may be sought").

Nor can Ms. Frazier wave away the mandate to avoid absurd results as "anomalous policy consequences." Resp. Br. at 64. The absurdity resulting from a specific statutory interpretation is surely a "sign that it is wrong." *Hairston v. McDonough*, 36 Vet. App. 131, 138 (2023), *aff'd*, No. 2023-2055, 2024 WL 4707080 (Fed. Cir. Nov. 7, 2024). Said otherwise: A statute should not be given a construction that causes absurd results when it can be given a reasonable application consistent with the statute's text and purpose. *Timex V.I., Inc. v. United States*, 157 F.3d 879, 886

[8] There is no suggestion in the record, and Ms. Frazier does not appear to assert, that Mr. Frazier in fact made any housing or automobile adaptations during his lifetime for which he was seeking reimbursement prior to his death. To the extent Mr. Frazier's claim was for prospective benefits only, it is questionable whether, given this admission, Ms. Frazier's proffered interpretation of section 5121A would even offer her any relief.

(Fed. Cir. 1998). For example, we cautioned in our opening brief that the Veterans Court's analysis of section 5121A could easily encompass claims for non-monetary benefits. Op. Br. at 36-37. Ms. Frazier, perhaps inadvertently, highlights the absurd consequences of the court's reasoning when she identified a service animal as among the non-periodic benefits that VA administers and that would fall within her broad construction of section 5121A. Resp. Br. at 13; *see* 38 U.S.C. § 1714(b); 38 C.F.R. § 17.148. If section 5121A's reference to "a claim for any benefits" is not understood to be limited to the benefits specified in section 5121, on what basis would any non-periodic benefit (monetary or otherwise) be excluded? Ms. Frazier never says.

#### 5. VA's Interpretation of Section 5121A As Being Limited to Accrued Benefits Has Been Longstanding And Consistent

Finally, there can be no dispute that the Supreme Court, even after overruling *Chevron*, has made clear that an agency's construction of a statute issued roughly contemporaneously with the statute itself may be useful in determining a law's meaning. *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 394 (2024); *see also Bondi v. VanDerStok*, 604 U.S. 458, 480-81 (2025). Our opening brief established that VA has, since it began administering section 5121A, consistently interpreted the statute as permitting substitution only into claims for accrued—i.e., periodic—monetary benefits. Op. Br. at 33-35.

Ms. Frazier suggests that the Court should disregard VA's interpretation because it is not consistent, longstanding, or considered. Resp. Br. at 65-67. She is

wrong on all counts. Her inconsistency argument is premised on her proffered (and erroneous) assertion that "accrued" refers to benefits based on existing evidence or ratings. *See supra* pp. 6-9. Her suggestion that VA's roughly contemporaneous interpretation of section 5121A cannot be considered "longstanding" simply because the statute itself is less than 20 years old is unsupported by any authority. Moreover, a decade and a half is plenty of time for an agency to develop a settled interpretation of a statute, particularly as the agency applies that statute, creates and implements policies based on that statute, and receives input from relevant parties about its interpretation. And finally, VA's administrative actions bear all the hallmarks of careful agency consideration. VA's reading of section 5121A as limited to periodic monetary benefits was articulated in internal agency policy guidance and reaffirmed when VA promulgated its regulation through formal notice and comment rulemaking. *See generally* 76 Fed. Reg. 8666 (Feb. 15, 2011) (proposed rule); 79 Fed. Reg. 52977 (Sept. 5, 2014) (final rule).

Additionally, the issues in this case did not arise during the rulemaking process or when VA successfully defended its regulation against a petition for review under 38 U.S.C. § 502. *See generally Nat'l Org. of Veterans Advocs., Inc. v. Sec'y of Veterans Affs.*, 809 F.3d 1359 (Fed. Cir. 2016). The absence of an objection to VA's interpretation in these contexts does not necessarily mean that the regulation complies with the law, Resp. Br. at 67, but nonetheless supports the conclusion that VA's interpretation of the statutory text and context was eminently reasonable and consistent with a

commonly understood meaning of section 5121A when it was enacted in 2008. In contrast, the novelty of Ms. Frazier's proffered interpretation suggests that it is questionable in light of the fact that neither VA nor any Court to consider related questions of statutory interpretation in the accrued-benefits scheme up until this case had adopted Ms. Frazier's reading. *See, e.g.*, *Biden v. Texas*, 597 U.S. 785, 805 (2022) (doubting "the novelty of respondents' interpretation" as compared to the uniform administrative interpretation over the course of the statute's 26-year existence). Moreover, the notion that VA has not previously explicitly rejected Ms. Frazier's interpretation, Resp. Br. at 67, does not support Ms. Frazier's argument. Taken to its logical conclusion, this argument would require that an agency anticipatorily reject every possible misinterpretation of a statute upon its enactment for the agency's interpretation to be given any consideration.

In sum, all relevant indicia of statutory meaning confirm that the best reading of section 5121A is simply what a fair reading of its text clearly says: The statute permits an individual to substitute in "a claim for any benefit" in which the individual "would be eligible to receive accrued benefits . . . for the purposes of processing the claim to completion." 38 U.S.C. § 5121A(a)(1). Because the housing and automobile assistance benefits at issue in this appeal are not accrued benefits, the Veterans Court erred as a matter of law in holding that Ms. Frazier could substitute into claims for those benefits. The court's erroneous judgment should be reversed.

## II. The Veterans Court Correctly Limited Ms. Frazier's Potential Recovery to The Reimbursement of Mr. Frazier's Funeral Expenses

Ms. Frazier's cross-appeal should be dismissed because it does not meet the criteria stated in *William,s*, 275 F.3d 1361, that would justify review of the Veterans Court's non-final order. But even if the Court entertains her cross-appeal, it should reject her argument on the merits. Under this Court's precedent, as well as the plain text and context of section 5121A, the Veterans Court correctly held that Ms. Frazier cannot recover more in accrued benefits than the expense she bore for Mr. Frazier's funeral.

### A. Ms. Frazier's Cross-Appeal Should be Dismissed Because It Does Not Meet The Third *Williams* Exception for Review of A Non-Final Order

As an initial matter, Ms. Frazier's cross-appeal should be dismissed because she is seeking review of a non-final Veterans Court remand that does not meet the third part of the *Williams* test.[9]

Under a strong prudential rule, this Court generally declines to review non-final (remand) orders of the Veterans Court unless all three requirements outlined in *Williams* are met. 275 F.3d at 1363-64. The final requirement is that there is a "substantial risk" that "remand proceedings may moot" the legal issue appealed. *Id.* at

[9] We do not dispute that Ms. Frazier's cross-appeal meets the first two requirements—that there is a "clear and final decision of a legal issue" and the resolution of that issue would "adversely affect the party seeking review." Resp Br. at 5-6; *Williams*, 275 F.3d at 1364.

1364. Ms. Frazier agrees that, upon remand of her claims, the board will apply the Veterans Court's legal ruling limiting her recovery to the expenses she bore of the veteran's last sickness and burial, but she asserts that "it is at least unclear whether she would be able to appeal [that adverse limitation], given that the Veterans Court has already resolved the exact issue against her in this very case." Resp. Br. at 7. Her assertion is without merit.

On remand, the board would apply the limitation rule under the law of the case, and Ms. Fraizer would be "free to file a second appeal and raise her argument regarding the Veterans Court's interpretation of [section 5121A]." *Duchesneau v. Shinseki*, 679 F.3d 1349, 1353 (Fed. Cir. 2012). Should the Veterans Court reaffirm the limitation rule, Ms. Frazier could then appeal to this Court and "'raise any objections to the judgment that was entered [by the Veterans Court], whether the errors arose from the original [Veterans Court's] decision or the second and final decision.'" *Id.* (quoting *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006)).

The cases Ms. Frazier cites to support her contrary contention are inapposite. Resp. Br. at 7. First, although this Court in *Allen v. Principi*, 237 F.3d 1368 (Fed. Cir. 2001), exercised jurisdiction where it was "possible that [it] would not have the opportunity to review the statutory interpretation issue later in litigation," that was because "the factual issues" of that case might have "become entangled so as to defeat [the Court's] future review of the statutory issue." *Id.* at 1373-74. No such jurisdiction-defeating factual issues lurk in this case; the cross-appeal presents a pure

question of law. *See also Myore v. Principi*, 323 F.3d 1347, 1353 (Fed. Cir. 2003) (distinguishing *Allen* further as presenting "the unique circumstances" of a veteran who waives in the Veterans Court the right to a remand).

Second, *Robinson v. McDonough*, No. 21-1784, 2022 WL 499845 (Fed. Cir. Feb. 18, 2022), in addition to being non-precedential, did not concern the *Williams* exception to finality. Rather, the Court discussed the contours of the law-of-the-case doctrine and concluded that the Veterans Court properly applied it. *Id.* at *3. As Ms. Frazier correctly notes, under that doctrine "courts generally refuse to reconsider questions of law and fact that have already been decided during litigation." *Id.* at *2; *see* Resp. Br. at 8. But the doctrine controls the rule of decision; it does not restrict appealability. Even if the law of the case binds the Veterans Court in a second appeal, "it will not, of course, in any way bind this court." *Joyce*, 443 F.3d at 850 (rejecting "law of the case" as a reason for finding *Williams*'s third requirement satisfied).

Because there is no chance that factual development could moot the legal issue raised by the cross-appeal, "'in order to satisfy the third *Williams* factor, 'the appellant's claim must be that [she] has a legal right not to be subjected to a remand.'" *Duchesneau*, 679 F.3d at 1349 (quoting *Donnellan v. Shinseki*, 676 F.3d 1089, 1092 (Fed. Cir. 2012)). Ms. Frazier has not alleged, much less shown, such a right.

Further, the Court should reject Ms. Frazier's argument that, notwithstanding *Williams*'s explicit third requirement, it would be contrary to underlying policy considerations to consider the Secretary's appeal but not hers. Resp. Br. at 8. The

critical distinction between the posture of the two parties is that the Secretary cannot appeal a future adverse board decision, while Ms. Frazier can. *Compare* 38 U.S.C. § 7252(a), *with* 38 U.S.C. § 7266(a). The goal of sound judicial administration is better served by evenhandedly applying the *Williams* test.

**B. If Ms. Frazier's Cross-Appeal Is Not Dismissed, This Court Should Affirm That The Veterans Court Correctly Limited Ms. Frazier's Potential Recovery**

If the Court concludes that Ms. Frazier's cross-appeal should not be dismissed, then the Court should affirm the Veterans Court's holding that Ms. Frazier's recovery as a substitute claimant under section 5121A is limited to reimbursement for the expense she bore of Mr. Frazier's last sickness and burial per section 5121(a)(6). This result is compelled by this Court's precedent, as well as the plain text of section 5121A and its statutory context.

**1. This Court Recently Resolved The Same Legal Question Against Ms. Frazier**

As a preliminary matter, *Smith v. Collins*, 133 F.4th 1059, already resolved the same legal question against Ms. Frazier. This Court in *Smith* held that section 5121A does not permit a substitute who bore the expenses of a veteran's last sickness and burial to recover *all* benefits due to the deceased veteran. *Id.* at 1062. As the Court explained, section 5121A(a)(1) permits a party "to be substituted so long as the party is eligible under § 5121(a)," and—because subsection (a)(6) of section 5121 "limits recovery to the expenses of last sickness and burial"—the eligibility of a substitute to

receive accrued benefits under that provision is capped. *Id.* at 1062. *Smith* is a precedential decision that directly governs this issue and binds the panel in this case. *Preminger v. Sec'y of Veterans Affs.*, 517 F.3d 1299, 1309 (Fed. Cir. 2008).

Ms. Frazier appears to concede that *Smith* is binding but criticizes the quality of its analysis, asserts that it was wrongly decided, and appears to be preserving the issue for further judicial review by this Court en banc. Resp. Br. at 69-70. But she cites no authority for the proposition that the quality of a precedential decision's reasoning affects its binding nature vis-à-vis future panels. *Cf. Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) ("In this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court."). She also overlooks that both panel reconsideration and rehearing en banc were sought and denied in *Smith* without noted dissent. Order, *Smith v. Collins*, No. 23-1749 (Fed. Cir. June 18, 2025), ECF No. 47.

The Court's subsequent summary affirmance in *Pieper v. Collins*, No. 24-1270, 2025 WL 2525211 (Fed. Cir. Sept. 5, 2025), further confirms that *Smith* is controlling precedent. The legal issue regarding the limitation rule was identical in both cases. *See generally Pieper v. McDonough*, No. 22-5160, 2023 WL 5948148 (Vet. App. Sept. 13, 2023) (nonprecedential) (Veterans Court decision that was on appeal).[10] An

---

[10] At oral argument, counsel for Ms. Pieper answered affirmatively in response

*Continued on next page.*

affirmance under Rule 36 of the Court's rules indicates that, after full consideration of the issue, the panel concluded that there was no legal error in the Veterans Court's decision and that an opinion would have no precedential value. *See Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1354 (Fed. Cir. 2017). As in *Pieper*, *Smith* governs the cross-appeal issue here and binds this panel.

### 2. The Amount of Benefits Available under Section 5121A Is Plainly Limited by Section 5121(a)(6)'s Cap

Even if the Court were writing on a blank slate, section 5121(a)(6) plainly limits the amount that may be recovered by a substitute under section 5121A to expenses borne for the last sickness and burial. As explained below, this is evident from statutory text and context. *See* Op. Br. at 15-32 (explaining that statutory interpretation is a holistic endeavor, in which language's plain meaning is derived from its text, structure, and placement within the statutory scheme).

Section 5121(a) has long restricted the payment of a claimant's accrued benefits upon death. *See Richard v. West*, 161 F.3d 719, 721 (Fed. Cir. 1998) (explaining that, since at least 1943, Congress has permitted "a limited amount of 'accrued benefits' due to the deceased veteran" to be "recovered by designated individuals"). In section 5121, Congress largely restricted eligibility for accrued benefits payments to the beneficiary's dependents, with a "hierarchy of eligibility for such benefits" based on

---

to the Court's question: "If *Smith* is governing authority, you lose, right?" Oral. Arg. at 00:50-00:58, *available at* https://www.cafc.uscourts.gov/oral-arguments/24-1270_09022025.mp3.

the claimant's relationship to the beneficiary. *Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998); *see* 38 U.S.C. § 5121(a)(1)–(5). Congress also provided in subsection (a)(6) one category of non-dependents who may be eligible for payment of accrued benefits—non-dependents who paid for the beneficiary's last sickness and burial. 38 U.S.C. § 5121(a)(6). But unlike dependents who may be eligible for payment of all the beneficiary's accrued benefits, without a cap, non-dependents who paid for the beneficiary's last sickness and burial are only eligible to be reimbursed for that expense. *Id.*

As explained above, Congress expressly referenced section 5121 twice in section 5121A, first in restricting substitution to persons "who would be eligible to receive accrued benefits due to the claimant under section 5121(a)" and second in that eligibility to "make a claim" as a substitute "shall be determined in accordance with section 5121 of this title." 38 U.S.C. § 5121A; *see also* 38 C.F.R. § 3.1010. Thus, Congress permitted only those individuals who would be entitled to the payment of all or a portion of a claimant's accrued benefits under section 5121(a) to substitute under section 5121A. Applying section 5121A in concert with section 5121(a)'s eligibility requirements, the Veterans Court here correctly affirmed the board's finding that Ms. Frazier was only eligible for payment of her father's accrued benefits in an amount sufficient to reimburse her for her "last sickness and burial expenses" under section 5121(a)(6). Appx16-18.

Ms. Frazier first notes that section 5121A does not specify how much of a

beneficiary's accrued benefits a substitute claimant is entitled to be paid. Resp. Br. at 73. Although that is factually correct, the more crucial point (addressed above) is that section 5121A does not mention payment *at all*. *See supra* pp. 15-17. Rather, it is section 5121(a) that governs payment, and, therefore, section 5121(a)(6)'s payment cap that applies to section 5121A.

Ms. Frazier next asserts that the Veterans Court "did not perform any textual analysis" and "instead relied entirely" on the absurdity resulting from its proffered hypothetical. Resp. Br. at 69. Review of the Veterans Court's decision contradicts this assertion. Prefiguring this Court's analysis in *Smith*, the Veterans Court observed that section 5121A specifies who is eligible to substitute by referencing section 5121(a). Appx17. "Subsections (a)(1) through (a)(5) all refer to a veteran's family members—spouses, children, and parents. Congress did not impose limits on the nature of these beneficiaries' recoveries." Appx17. "But subsection (a)(6) is materially different," the court noted, because "[i]nclusion in this category does not turn on a familial relationship to the deceased veteran. Rather, *the category is defined by its purpose*—to reimburse any person who bore the expense of the veteran's last sickness and burial." Appx17-18 (emphasis added). Only after this textual analysis did the Veterans Court then use the hypothetical of a "pay-for-profit substitution scheme" by an individual not related to a veteran to clearly demonstrate why Ms. Frazier's argument would destroy the purpose-based definition of category (a)(6) substitutes. *Id.*

In her cross-appeal, Ms. Frazier seeks to extend the interpretive error the Veterans Court made when concluding that section 5121A's cross-references to section 5121 addressed only *who* may substitute but not *what* claims for benefits they may pursue as a substitute. Appx15. Ms. Frazier argues that—despite the section 5121A's clear references to section 5121(a)—section 5121A also does not incorporate any limit on *how much* substitutes may recover. Resp. Br. at 68. But a statute "'should not be read as a series of unrelated and isolated provisions.'" *Saunders v. Wilkie*, 886 F.3d 1356, 1365 (Fed. Cir. 2018) (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995)). Section 5121A's cross-references to section 5121(a) necessarily import the latter's "limits [on] recovery." *Smith*, 133 F.4th at 1062; *see Panama R. Co.*, 264 U.S. at 392. Moreover, section 5121(a) is not strictly a list of persons who may be entitled to accrued benefits but rather indicates that accrued benefits "shall be *paid* as follows." 38 U.S.C. § 5121(a) (emphasis added). That is, section 5121(a)'s six categories are explicitly about payment, not just about persons, so section 5121(a)'s payment limitation in subsection (a)(6) is naturally encompassed by section 5121A's reference to section 5121(a)'s categories. As already explained, section 5121A contains no affirmative payment language itself, and section 5121(a) is the only statutory provision authorizing payment to section 5121A substitutes. *See supra* pp. 15-17.

Ms. Frazier next opines that Congress "might have allowed" a veteran's grown children to recover unlimited amounts under section 5121A (when they could not under section 5121(a)) as a kind of compensation for long delays in the claims

process. Resp. Br. at 75-76. But this argument likewise fails for multiple reasons. First, the purpose of statutory interpretation is to find the "best" reading, not some possible reading, of a statute. *Loper Bright Enters.*, 603 U.S. at 400. Statutory interpretation is not, in other words, a hunt for "definitional possibilities." *Brown v. Gardner*, 513 U.S. 115, 118 (1994). Second, this Court has already recognized that section 5121A did not "fundamentally change[ ] the accrued benefits framework," which reasonably provided benefits to minor, dependent children but not to adult, non-dependent children. *Sucic*, 921 F.3d at 1100; *see also id.* at 1101 (stating that the eligibility of a "child" to substitute must be determined at the time of the veteran's death). Third, the legislative history Ms. Frazier invokes does not support her argument. As discussed above, although Congress heard testimony specifically urging it to permit full recovery by children who had grown to adulthood during delays in the adjudications of a parent's claims, Resp. Br. at 75, the House report summarizing the objectives of section 5121A notably omits any mention of such a change to the accrued benefits framework. *See* H.R. Rep. 110-789, at 17 (specifically noting alteration of the separate claim requirement and of the evidence submission limitation). So, to the extent the House report offers reliable evidence of congressional intent, it indicates that Congress did *not* intend to revolutionize this area by removing any limitation on the amount of accrued benefits the adult children of veterans (or, for that matter, any other non-dependent adult) could receive.

Regardless, because this Court undertakes statutory interpretation *de novo*, *Sucic*,

921 F.3d at 1095, it can properly resolve the cross-appeal without dwelling on the alleged errors in the Veterans Court's analysis that Ms. Frazier raises. *See* Resp. Br. at 68-83. A response is nevertheless warranted to her criticism of the court's hypothetical of "'a pay-for-profit substitution scheme" in which individuals unrelated to veterans would pay for their funeral expenses in order to be permitted to substitute in their pending benefits claims, pursue them to completion, and recover 'an unlimited amount.'" Resp. Br. at 33 (quoting Appx18). Although the hypothetical offered to expose the absurdity that could result from Ms. Frazier's argument may seem unlikely to her, Resp. Br. at 80-81, it is not as far-fetched as she suggests. Accrued benefits have been sought by individuals unrelated to deceased veterans who know about the status of the decedents' VA claims, such as fiduciaries. For example, in *Youngman v. Shinseki*, 699 F.3d 1301, 1302 (Fed. Cir. 2012), a deceased veteran's fiduciary sought approximately $350,000 for distribution to unspecified heirs. Although there was no suggestion that the fiduciary's motives were improper, that did not alter the fact that "[n]o payment [could] be made to the veteran's estate, or any heir other than as designated in § 5121(a)." *Id.* at 1304.

Indeed, this Court and the Veterans Court have repeatedly rejected claims by non-immediate relatives and executors of estates of deceased veterans that they should be permitted to obtain accrued benefits despite the scheme established by Congress in section 5121. *See Morris v. Shinseki*, 26 Vet. App. 494, 499-506 (2014) (collecting cases and concluding that section 5121 preempts conflicting state

inheritance laws). Under Ms. Frazier's interpretation of section 5121A, such survivors now could—by paying even some part of a veteran's funeral or last sickness expenses—obtain all accrued benefits owed to the veteran. Whether such a scheme would be good policy, it is not the policy that Congress adopted in section 5121 and preserved via cross-reference in section 5121A. *See Sucic*, 921 F.3d at 1100 (noting that section 5121A preserves the essential character of the accrued benefits framework).

## CONCLUSION

For these reasons, the judgment of the Veterans Court ordering substitution in the housing and automobile assistance claims should be reversed and the case remanded for the court to affirm the board decision as to those matters. If the Court were to hold that substitution in those non-periodic benefits claims is permissible, it should affirm the Veterans Court's conclusion that the amount recoverable by Ms. Frazier is limited to the amount necessary to reimburse her for the expense of Mr. Frazier's last sickness and burial.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. McCARTHY
*Director*

ERIC P. BRUSKIN
*Assistant Director*

/s/ *Meredyth Cohen Havasy*
MEREDYTH COHEN HAVASY
*Trial Attorney*
*Commercial Litigation Branch*
*Civil Division*
*U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-2951*
*Meredyth.C.Havasy@usdoj.gov*

*Of Counsel:*

BRIAN D. GRIFFIN
*Deputy Chief Counsel*

MATTHEW ALBANESE
*Attorney*
*Department of Veterans Affairs*

October 28, 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9,802 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Meredyth Cohen Havasy*
Meredyth Cohen Havasy