Nos. 25-1068, -1070

---

IN THE

# United States Court of Appeals for the Federal Circuit

---

JEANINE FRAZIER,

*Claimant-Cross-Appellant*,

*v.*

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS,

*Respondent-Appellant*.

---

On Appeal from the United States Court of Appeals for Veterans Claims
No. 22-4670, Chief Judge Michael P. Allen, Judges Margaret Bartley
and Grant C. Jaquith

---

## REPLY BRIEF OF CLAIMANT-CROSS-APPELLANT JEANINE FRAZIER

---


Kenneth M. Carpenter
CARPENTER CHARTERED
P.O. Box 2099
Topeka, KS 66601

Melanie L. Bostwick
Anne W. Savin
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 339-8400

Melanie R. Hallums
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

*Counsel for Claimant-Cross-Appellant*

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. This Court Can And Should Review Ms. Frazier's Cross-Appeal. .......... 3

II. The Veterans Court Erred In Imposing An Atextual Limitation On Recovery For Certain Substitute Claimants. .......... 11

A. En banc reconsideration of *Smith* is warranted .......... 13

B. The text of § 5121A does not limit recovery for any category of substitute claimants. .......... 16

C. The Veterans Court's hypothetical policy concern does not justify limiting recovery for substitute claimants like Ms. Frazier .......... 25

CONCLUSION .......... 31

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Allen v. Principi*,
237 F.3d 1368 (Fed. Cir. 2001) .......... 7, 8, 9, 10

*Barma v. Holder*,
640 F.3d 749 (7th Cir. 2011) .......... 19

*Bd. of Trs. of Bakery Drivers Loc. 550 & Indus. Pension Fund v. Pension Benefit Guar. Corp.*,
136 F.4th 26 (2d Cir. 2025) .......... 19

*Duchesneau v. Shinseki*,
679 F.3d 1349 (Fed. Cir. 2012) .......... 5, 9

*Feliciano v. Dep't of Transp.*,
605 U.S. 38 (2025) .......... 29

*Myore v. Principi*,
323 F.3d 1347 (Fed. Cir. 2003) .......... 10

*Orozco v. Garland*,
60 F.4th 684 (D.C. Cir. 2023) .......... 18, 19

*Padgett v. Shinseki*,
643 F.3d 950 (Fed. Cir. 2011) .......... 23

*Panama R.R. Co. v. Johnson*,
264 U.S. 375 (1924) .......... 17

*Reeves v. Shinseki*,
682 F.3d 988 (Fed. Cir. 2012) .......... 23

*Saunders v. Wilkie*,
886 F.3d 1356 (Fed. Cir. 2018) .......... 19, 20

*Semler v. Psych. Inst. of Washington, D.C., Inc.*,
575 F.2d 922 (D.C. Cir. 1978) .......... 22

*Smith v. Collins*,
133 F.4th 1059 (Fed. Cir. 2025)................................................7, 13, 14

*Sucic v. Wilkie*,
921 F.3d 1095 (Fed. Cir. 2019)............................................................31

*Williams v. Principi*,
275 F.3d 1361 (Fed. Cir. 2002)........................................................3, 4, 5

*Youngman v. Shinseki*,
699 F.3d 1301 (Fed. Cir. 2012)........................................................27, 28

**Statutes**

38 U.S.C. § 101(4)(A)..........................................................................30

38 U.S.C. § 1110.............................................................................20, 21

38 U.S.C. § 1117.....................................................................................20

38 U.S.C. § 5112(b)(1)..........................................................................24

38 U.S.C. § 5121...............................................................................*passim*

38 U.S.C. § 5121(a)........................................................................20, 25

38 U.S.C. § 5121(a)(6)......................................................................*passim*

38 U.S.C. § 5121A............................................................................*passim*

38 U.S.C. § 5121A(a)(1).........................................................................18

38 U.S.C. § 5502.............................................................................27, 28

38 U.S.C. § 7292(a)..................................................................................4

**Rules and Regulations**

38 C.F.R. § 3.1010(a)...........................................................................22

38 C.F.R. § 3.1010(f)............................................................................21

38 C.F.R. § 3.1010(g)(2)........................................................................24

Fed. Cir. R. 40(a)(4) .......... 11, 13, 14, 31

Substitution in Case of Death of Claimant, 79 Fed. Reg. 52977 (Sept. 5, 2014) .......... 21, 22

**Other Authorities**

Claimant-Appellant's Combined Pet. for Panel Reh'g and Reh'g En Banc, *Smith v. Collins*, No. 23-1749 (Fed. Cir. May 16, 2025), ECF No. 45 .......... 15

## INTRODUCTION

The Secretary's response-reply brief continues to ignore the text and function of 38 U.S.C. § 5121A. In the Secretary's view, § 5121A provides little more than a different form to file when a VA benefits claimant dies; the filer can recover only the same benefits, subject to the same limitations, that are available under § 5121. Congress would not likely go to the trouble of enacting an entirely new statute if that was all it meant to accomplish.

And that is not what Congress did. Section 5121 gives certain individuals the right to apply for payment of certain benefits that were "due and unpaid" to a claimant upon his death—nothing more. Section 5121A, in contrast, functions like a survival statute, allowing those same individuals the option to step into the shoes of the deceased claimant and pursue the claims he had filed to their "completion," including by submitting new evidence, raising new arguments, and appealing through the available layers of agency and judicial review. Section 5121A cross-references § 5121 for the limited purpose of identifying *who* can serve as a substitute. It does not fairly incorporate anything more from its sister statute.

The Veterans Court correctly recognized that § 5121A does not limit "what" benefits substitute claimants can pursue to only those periodic monthly benefits specified in § 5121, but rather allows substitutes to process claims for "any benefit" that were pending when the original claimant died. The Secretary's reply fails to show otherwise. Ms. Frazier's principal brief also showed, contrary to the Veterans Court's separate holding, that § 5121A does not incorporate the limit on "how much" substitute claimants can recover if their eligibility derives from § 5121(a)(6). The Secretary agrees it does not do so expressly but nonetheless argues that this limit must be applied.

The Secretary's lone textual basis for his argument is wrong, and he fails to rehabilitate the flawed policy rationale that drove the Veterans Court's decision. The Secretary also tries two different ways to get this Court to avoid the merits of the issue. But he offers no reason why this Court should apply its prudential finality doctrine to examine only half of the statutory interpretation question presented. Nor does he successfully rebut Ms. Frazier's showing that the finality factors are satisfied under this Court's precedent. And the Secretary ignores Ms. Frazier's explicit request for the Court to overrule the

precedential opinion rejecting her cross-appeal position, which issued after the Veterans Court's ruling here and which failed to grapple with the considerations raised in this appeal.

The Court should review Ms. Frazier's cross-appeal argument, overrule its recent precedent, and hold that § 5121A does not incorporate the reimbursement limit of § 5121(a)(6).

## ARGUMENT

### I. This Court Can And Should Review Ms. Frazier's Cross-Appeal.

The Secretary first argues that Ms. Frazier's cross-appeal should be dismissed under this Court's finality doctrine because the Veterans Court—after definitively resolving the two related issues of statutory interpretation presented by the appeal and cross-appeal—remanded for the Board to apply those rulings to Ms. Frazier's claims and to fix a separate problem on which the Secretary had conceded error. Resp. and Reply Br. (RB) 27-30; *see* Appx3. The Secretary is wrong; this Court can and should review the cross-appeal.

The Secretary acknowledges that this Court's finality doctrine is not a matter of jurisdiction but rather a "prudential rule." RB27; *see* *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (explaining

that 38 U.S.C. § 7292(a) "does not expressly premise appellate review on the finality of [the Veterans Court's] decision"). The "prudential considerations" driving the finality doctrine in veterans' appeals include "promoting efficient judicial administration," "emphasiz[ing] the deference that appellate courts owe to the trial judge," and avoiding "unnecessary piecemeal appellate review." *Williams*, 275 F.3d at 1363-64 (citations omitted). As Ms. Frazier demonstrated, it would serve none of those aims if this Court were to address the Secretary's appeal while ignoring Ms. Frazier's cross-appeal. *See* Principal and Resp. Br. (AB) 4, 8. On the contrary, it would guarantee inefficient judicial administration and (at best) risk unnecessary piecemeal review.

The Secretary does not (and could not) dispute that both his appeal and Ms. Frazier's cross-appeal present closely related questions of how to interpret a single statute. *See* AB8. Indeed, the Secretary's appeal and cross-appeal arguments turn on the exact same reasoning about the exact same statutory cross-references. *Compare, e.g.*, RB12-13, 15-17 (arguing, in support of the Secretary's appeal, that the cross-references broadly import the limitations of § 5121, including because of the theory that only § 5121 authorizes payment), *with* RB33-35

(arguing, in opposing Ms. Frazier's cross-appeal, that the cross-references broadly import the limitations of § 5121, including because of the theory that only § 5121 authorizes payment). It makes little sense—and certainly would not serve the goal of efficient judicial administration—to consider one half of this statutory-interpretation question and not the other. Ms. Frazier explained as much, AB8, and the Secretary fails to show otherwise. He observes in response that "the Secretary cannot appeal a future adverse board decision, while Ms. Frazier can." RB29-30. That is a non-sequitur. Just because it may be possible for this Court to consider Ms. Frazier's cross-appeal challenge during a subsequent appeal does not mean it is efficient to do so.

Piecemeal appellate review is also a risk if the Court considers the appeal but not the cross-appeal. This Court typically applies the finality doctrine in cases involving only one party's appeal. *See, e.g.*, *Williams*, 275 F.3d at 1363; *Duchesneau v. Shinseki*, 679 F.3d 1349, 1351 (Fed. Cir. 2012) (dismissing veteran's appeal as non-final). Dismissal of that appeal defers this Court's consideration of the entire case until there is a fully final Veterans Court ruling to review. That is not the situation here. Both parties agree that the Secretary's appeal

presents a reviewable issue. *See* AB4, 6 n.1; RB1-2. Assuming this Court agrees as well, it will proceed to consider whether the Veterans Court correctly interpreted § 5121A to allow substitution in claims for non-periodic benefits, rather than being limited to the narrower category of benefits available in a payment claim under § 5121.

Regardless of how the Court resolves that question, Ms. Frazier's cross-appeal issue will remain live. That is because the Board has already granted claims for *periodic* monetary benefits that will exceed the amount Ms. Frazier paid for her father's burial expenses. *See* AB28-29 (recounting grants of secondary service-connection and special monthly compensation based on aid and attendance); Appx129 (same). Regardless of how Ms. Frazier's remaining claims (including those for non-periodic benefits) are resolved in this appeal or on remand, the question will remain: how much of the benefits that were due to her late father may she recover as a substitute claimant?

The Secretary admits that, if this Court dismisses the cross-appeal as non-final, the Board on remand will be bound by law of the case to limit Ms. Frazier's recovery to last sickness and burial expenses. RB29. Ms. Frazier will then have to appeal that limitation again to the

Veterans Court. And the Secretary admits that law of the case will "control[] the rule of decision" in the Veterans Court, RB29, meaning that court will not re-examine its prior holding about the limitation on Ms. Frazier's recovery. The Veterans Court will also be bound by this Court's intervening decision in *Smith v. Collins*, 133 F.4th 1059 (Fed. Cir. 2025), which adopted the same limitation. Therefore, even if the Secretary is correct (RB28) that Ms. Frazier could press her challenge to that limitation in a subsequent appeal to this Court, the result would be exactly the kind of piecemeal appellate proceedings that the *Williams* doctrine is meant to guard against.

Of course, there is a substantial risk that the Secretary is incorrect about Ms. Frazier's future appeal rights. That is why, as Ms. Frazier demonstrated, the third *Williams* factor is met here. *See* AB7-8.[1] This Court has previously recognized as much. For example, in *Allen v. Principi*, the Court chose to review the Veterans Court's legal holding that a veteran may not rely on an alcohol abuse disability to obtain compensation for secondary service-connection or for its role in

[1] The Secretary agrees that the first and second *Williams* factors are met. RB27 n.9.

increasing the severity of the primary service-connected disability (there, PTSD). 237 F.3d 1368, 1372-74 (Fed. Cir. 2001). The Veterans Court had remanded Mr. Allen's claim for the Board to assess whether his alcohol abuse was service-connected, which might entitle him or his dependents to benefits other than disability compensation. *Id.* at 1371. It had also remanded for reconsideration of certain rating criteria. *Id.* But neither remand deterred this Court from addressing Mr. Allen's legal challenge to the Veterans Court's statutory interpretation that prevented him from pursuing disability compensation. As relevant here, the Court explained that its own future review was threatened because the remand ruling would not necessarily include a statutory interpretation issue that could in turn be appealed up through the courts. *See id.* at 1374. Rather, the remand would be limited to resolving factual disputes and applications of law to fact—decisions that are outside this Court's appellate jurisdiction. *Id.*

The reasoning of *Allen* suggests that, even though the Board and the Veterans Court would be adhering to their *earlier* statutory-interpretation rulings on remand in that case, this reiteration of the legal holding would not provide a proper basis for a subsequent appeal.

The Secretary (RB28) cites a later case in which this Court apparently reached the opposite conclusion, holding that a veteran could continue to raise her argument that she was legally entitled to multiple disability ratings in a subsequent appeal following a remand to reconsider the proper level of the single rating she had been awarded. *See Duchesneau*, 679 F.3d at 1354. If this Court holds that *Duchesneau* governs and dismisses the cross-appeal for failure to meet the third *Williams* factor, Ms. Frazier requests that the Court make express in its opinion that she is entitled to present her statutory-interpretation argument in a subsequent appeal regardless of whether the Board or the Veterans Court revisits that question on remand.

But Ms. Frazier respectfully suggests that the *Allen* approach is the better fit here. In addition to the questions about future reviewability, the *Allen* Court observed that it was "burdensome to the veteran to undergo needless and futile additional proceedings" before challenging the Veterans Court's improper statutory interpretation. 237 F.3d at 1374. Regardless of whether the Board on remand deemed his alcohol abuse service-connected, Mr. Allen was not seeking any benefit that could flow from that determination, in view of the Veterans

Court's legal ruling. That rendered the remand proceeding "meaningless." *Id.* The same is true here. Whatever the Board on remand determines about the remaining benefits claims—and however many years it takes them to do so—Ms. Frazier cannot recover any more than she is already entitled to receive for the benefits already granted, because of the Veterans Court's holding that § 5121A incorporates the reimbursement limit of § 5121(a)(6). As the Court observed in *Allen*, it would be "a grave injustice" to decline jurisdiction in such circumstances.[2] *Id.*

The Secretary offers no reason to force Ms. Frazier into such a potentially meaningless remand proceeding. Nor does it cite any instance of this Court applying its finality doctrine in the illogical way the Secretary suggests here: to consider one party's appeal involving interpretation of a statute while declining to consider the other party's cross-appeal involving a closely related interpretation of that same

---

[2] That inability to "win" on remand is what this Court later described as the "unique circumstances presented in *Allen*." *Myore v. Principi*, 323 F.3d 1347, 1353 (Fed. Cir. 2003); *see* RB29. Although *Myore* also characterized this as Mr. Allen "waiv[ing] the right to a remand," 323 F.3d at 1353, the *Allen* opinion itself does not describe a waiver but instead focuses on the *futility* of any remand, 237 F.3d at 1374.

statute. Whether by relying on the prudential considerations underlying the *Williams* factors or by agreeing that, under *Allen*, Ms. Frazier's cross-appeal meets the third *Williams* factor, the Court should review both aspects of the Veterans Court's interpretation of § 5121A.

## II. The Veterans Court Erred In Imposing An Atextual Limitation On Recovery For Certain Substitute Claimants.

On the merits, the Court should reverse the Veterans Court's erroneous conclusion that § 5121A limits the amount of benefits recoverable by substitute claimants like Ms. Frazier, whose eligibility derives from being a person identified in § 5121(a)(6). The Secretary relies on the precedential effect of this Court's ruling in *Smith*—which reached the same flawed conclusion as the Veterans Court here—without acknowledging Ms. Frazier's request for overruling that precedent under Federal Circuit Rule 40(a)(4). Ms. Frazier demonstrated that the *Smith* Court's conclusion, reached in the context of a mootness challenge first raised on appeal, was unsupported by any textual analysis or consideration of the limited nature of § 5121A's cross-references; far from showing otherwise, the Secretary's brief barely relies on anything from *Smith* apart from the binding effect of its bottom-line conclusion on panel decisions. *Infra* § IIA.

Nor does the Secretary provide any reason that could support the *Smith* holding or the Veterans Court's similar conclusion here. The Secretary's only textual basis for why § 5121A must incorporate the payment limitation of § 5121 turns on a misapprehension of both the substitution statute and the benefits scheme as a whole. *Infra* § IIB. And the Secretary does not meaningfully defend the hypothetical policy consideration that drove the Veterans Court's decision. *Infra* § IIC.[3]

Instead, in both his own appeal and his response to Ms. Frazier's cross-appeal, the Secretary continues to insist that § 5121A does nothing but provide a slightly different procedure for pursuing the same relief available under § 5121.[4] That argument ignores the plain text of

---

[3] The Secretary also mentions the Veterans Court's criticism of Ms. Frazier's cross-appeal argument as "underdeveloped," RB3 (quoting Appx17), but he rightly does not suggest that this Court should reject her argument on that basis. As Ms. Frazier showed—and the Secretary does not dispute—the Veterans Court's characterization was not a fair critique. *See* AB76-79.

[4] The Secretary now acknowledges that recovery under § 5121A is *not* limited to "accrued benefits" as defined by § 5121. The Secretary concedes that § 5121 defines "accrued" benefits, in part, to be those due "based on existing evidence." RB8. And the Secretary likewise concedes that § 5121A is not limited to such benefits because it allows for the submission of additional evidence. RB8. Inexplicably, however, the Secretary continues to insist throughout its brief that § 5121A allows recovery of only "accrued benefits." *E.g.*, RB1, 4, 11, 14, 17, 24,

§ 5121A and this Court's prior recognition that, with the enactment of this new statute, a veteran's claim no longer necessarily dies with him.

### A. En banc reconsideration of *Smith* is warranted.

In her principal brief, Ms. Frazier acknowledged this Court's precedent—issued after the Veterans Court ruling in this case—holding that substitute claimants whose eligibility derives from § 5121(a)(6) are limited to recovering only the expenses of last sickness and burial. AB69; *see Smith*, 133 F.4th at 1062. Citing Federal Circuit Rule 40(a)(4), she requested that *Smith* "be overruled by the en banc Court." AB69. And she demonstrated why overruling was justified, showing how the *Smith* opinion—which addressed the statutory-interpretation question in the context of a mootness challenge, without a ruling from the Veterans Court, and without complete briefing—provided no rationale for its holding that § 5121A incorporates the "how much" of § 5121(a)(6) along with the "who." AB69-70, 74-75.

The Secretary fails to rebut this showing. The Secretary seems to misunderstand Ms. Frazier's request, suggesting that she "appears to

---

36-38. The Secretary makes no attempt to square this position with those the agency has previously taken. *See* AB16-17 n.4.

be preserving the issue for further judicial review." RB31. Ms. Frazier is not merely "preserving" a future argument; she seeks en banc overruling now under this Court's rules, which permit a party to "argue" at the panel stage "to overrule a binding precedent," and which provide that "[t]he panel will decide" whether en banc consideration is appropriate. Fed. Cir. R. 40(a)(4). The Secretary's insistence that *Smith* is "controlling precedent" on this panel is therefore beside the point. RB31-32 (also observing that another panel has recognized the binding effect of *Smith*). Ms. Frazier is not asking the panel to ignore the binding nature of *Smith*. She is asking the panel to determine under Rule 40(a)(4) that the issue should be considered by the en banc Court, which has the authority to overrule *Smith*.

The Secretary also provides no meaningful response to Ms. Frazier's showing of the shortcomings in the *Smith* opinion's analysis. As Ms. Frazier demonstrated, *Smith*—presumably given the procedural posture in which the statutory-interpretation issue arose—relied on the mere fact that § 5121A cross-references § 5121's list of eligible individuals. 133 F.4th at 1061-62; *see* AB74-75. The Court did not address why that limited cross-reference would also fairly incorporate

other aspects of § 5121, particularly in view of the legal authority discussed in Ms. Frazier's principal brief (AB73-79) and below (§ IIB).

The Secretary fails to rehabilitate the *Smith* opinion's reasoning. Indeed, the Secretary's substantive response to Ms. Frazier's cross-appeal cites *Smith* only once, and only for its conclusion: that, by cross-referencing anything in § 5121, § 5121A "necessarily import[s]" other aspects of that statute. RB35. The Secretary goes on to supply his own (flawed) reasoning for why that must be so. RB35 (arguing that § 5121A contains no "affirmative payment language"). He has to do so, because *Smith* provided only a bottom-line conclusion on incorporation.

The Secretary's only argument for why the en banc Court should adhere to *Smith* on its own terms is that "both panel reconsideration and rehearing en banc were sought and denied in *Smith* without noted dissent." RB31. But the fact that the en banc Court previously declined to reconsider *Smith* is no bar to it doing so now. Notably, the rehearing petition in *Smith* did not include the arguments Ms. Frazier has presented, including the caselaw on how to interpret statutory cross-references. *See* Claimant-Appellant's Combined Pet. for Panel Reh'g and Reh'g En Banc, *Smith v. Collins*, No. 23-1749 (Fed. Cir. May 16,

2025), ECF No. 45 (arguing that rehearing was appropriate based on the Supreme Court's *Loper-Bright* decision). Nor did the *Smith* petition address the Veterans Court's analysis in Ms. Frazier's case of the limited nature of § 5121A's cross-reference to § 5121 for purposes of "what" benefits are recoverable. The context of the present case, including the more complete briefing on the statutory-interpretation question, warrants en banc review of this important issue.

### B. The text of § 5121A does not limit recovery for any category of substitute claimants.

If the en banc Court does engage in that review, it should overrule *Smith* and reject the portion of the Veterans Court's decision here that interpreted § 5121A to incorporate the recovery limit of § 5121(a)(6). As Ms. Frazier demonstrated (AB68-83), § 5121A's cross-reference to § 5121 incorporates only the list and hierarchy of individuals *who* are eligible to substitute in a pending claim for benefits. The Veterans Court correctly held that this statutory cross-reference does not limit *what* benefits a substitute claimant may pursue to only those accrued periodic benefits that a § 5121 claimant can obtain. The court should likewise have recognized that the cross-reference does not limit *how much* an individual may recover. While § 5121(a)(6) specifies that

accrued benefits payments to a "person who bore the expense of last sickness and burial" may not exceed the amount "necessary to reimburse" those expenses, § 5121A contains no similar limitation.

The Secretary concedes that § 5121A does not place any express limit on the amount recoverable by any substitute claimant, including one whose eligibility derives from § 5121(a)(6). *See* RB33-34 (acknowledging it is "factually correct" that "section 5121A does not specify how much … a substitute claimant is entitled to be paid"). The Secretary instead relies on § 5121A's two statutory cross-references to § 5121. RB33. But Ms. Frazier already showed that those cross-references fairly incorporate only which individuals are eligible to substitute in a deceased veteran's claim, and the order of priority among those eligible individuals. AB71-73. In other words, the cross-references incorporate the "who" of § 5121 into § 5121A, but not the "how much." *See* AB72-74. The Secretary offers nothing to contradict this showing.

The Secretary agrees that a statutory cross-reference brings with it only that which is "fairly covered," and that this inquiry depends on statutory text and context. RB11 (quoting *Panama R.R. Co. v. Johnson*,

264 U.S. 375, 392 (1924)). Ms. Frazier showed how the text and context here limit the effect of the cross-references to the identification of which individuals are eligible for substitution—not how much they may recover once they successfully “process[] the claim to completion,” 38 U.S.C. § 5121A(a)(1). *See* AB71-75. Unlike the broad incorporation language at issue in *Panama Railroad*, the cross-references in § 5121A are more narrowly tailored. Ms. Frazier showed this distinction, AB51, yet the Secretary continues to rely on *Panama Railroad* without accounting for this difference, RB35.

Ms. Frazier also demonstrated how this case is analogous to the D.C. Circuit’s consideration of the Rehabilitation Act in *Orozco v. Garland*, 60 F.4th 684 (D.C. Cir. 2023). *See* AB49-51, 73-74. The Rehabilitation Act’s incorporation of another statute’s “remedies, procedures, and rights” did not also fairly incorporate that other statute’s “limitations on who can sue.” *Orozco*, 60 F.4th at 688. The converse is true here: § 5121A’s reference to a “person who would be eligible” to receive benefits under § 5121 does not fairly incorporate how much that eligible individual may receive under § 5121A. *See* AB73-74. The Secretary’s only response (in the reply portion of its brief, not the

cross-appeal section) ignores most of *Orozco*'s reasoning.[5] *See* RB12 n.4. The D.C. Circuit cited the potentially absurd effects of reading a broader incorporation into the Rehabilitation Act only after concluding that the more limited reading was a "common-sense conclusion" that gave "the most natural meaning to each of the words Congress used." *Orozco*, 60 F.4th at 689.

Here, the most natural reading of § 5121A's text is that it incorporates only the "who" of § 5121, not the "how much." That conclusion does not require reading the two statutes "as a series of unrelated and isolated provisions," as the Secretary asserts. RB35 (quoting *Saunders v. Wilkie*, 886 F.3d 1356, 1365 (Fed. Cir. 2018) (internal citation omitted)). Rather, it properly respects the distinct text and function of each statute. Just as this Court in *Saunders*

[5] The Secretary similarly mischaracterizes other cases cited in Ms. Frazier's principal brief, asserting that they show only that a cross-reference to a statutory subdivision does not incorporate the "referenced statute[] as a whole." RB11-12 & n.3. In fact, the cited cases take a far more nuanced approach to incorporation by reference. *See*, *e.g.*, *Bd. of Trs. of Bakery Drivers Loc. 550 & Indus. Pension Fund v. Pension Benefit Guar. Corp.*, 136 F.4th 26, 30-31 (2d Cir. 2025) (weighing the statutory text and structure and the meaningful-variation canon in limiting incorporation by reference); *Barma v. Holder*, 640 F.3d 749, 752-53 (7th Cir. 2011) (invoking statutory text, context, and structure in declining to "incorporate the statute as a whole").

rejected the Secretary's attempt to limit the meaning of 38 U.S.C. § 1110 based on a separate provision in § 1117, *see* 886 F.3d at 1365, it should reject a reading of § 5121A that incorporates more of § 5121's substance than is fairly warranted by the text and context.

The Secretary's only argument for why the reimbursement limitation of § 5121(a)(6) should be incorporated into substitution proceedings under § 5121A is one Ms. Frazier has already rebutted. According to the Secretary, "section 5121A contains no affirmative payment language itself, and section 5121(a) is the only statutory provision authorizing payment to section 5121A substitutes." RB35. That argument fundamentally misunderstands the nature of § 5121A substitution and the differences between that procedure and a request for accrued benefits payments under § 5121.

As Ms. Frazier showed (AB54-56), an accrued benefits claimant is pursuing a claim for payment that is created by, and thus entirely dependent on, § 5121. Moreover, that claimant is entitled to nothing other than payment of certain benefits that have already accrued—those that were "due and unpaid" at the time of the veteran's death. 38 U.S.C. § 5121(a). They are not, for example, entitled to submit new

evidence in support of a pending claim. That is why § 5121 is focused on payment—that is all the statute is about. A substitute claimant under § 5121A, in contrast, "steps into the shoes" of the deceased claimant to pursue the underlying claim. Substitution in Case of Death of Claimant, 79 Fed. Reg. 52977, 52981 (Sept. 5, 2014). They are entitled not merely to payment of benefits already due but to act as though they were the original claimant, including by submitting evidence, securing VA assistance in developing the claim, obtaining hearings, and raising "new theories of entitlement." 38 C.F.R. § 3.1010(f). Section 5121A has no need to reference payment because no payment is necessarily due; the substitute will continue to press the merits of the claim. Then, if payment is ultimately made on that claim, that payment is authorized by whatever statute confers the benefit being claimed. *See* AB55-56.

The Secretary argues that this cannot be true because, for example, the disability compensation statute (§ 1110) authorizes compensation to "any veteran"—not to an individual other than the veteran. RB15-16. But again, that ignores the nature of substitution, which allows an individual to take over a claim that originally belonged

to another. Just as a survival statute allows an appropriate person to step into the shoes of a tort claimant to recover damages even though that individual himself did not suffer the requisite personal injury, § 5121A puts the substitute claimant in the place of the "veteran" (or other original claimant) for purposes of pursuing the claim and receiving the benefit that belonged to the veteran. *See*, *e.g.*, *Semler v. Psych. Inst. of Washington, D.C., Inc.*, 575 F.2d 922, 925 (D.C. Cir. 1978) (describing D.C.'s Survival Act and contrasting it with other statutes that create new rights of action for designated individuals). The Secretary has no explanation for what else it could mean for a substitute claimant to "step[] into the shoes" of the deceased claimant—VA's own description of how § 5121A works. 79 Fed. Reg. at 52981. Indeed, VA's regulation implementing § 5121A recognizes that "[a]ny benefits ultimately awarded are payable to the substitute." 38 C.F.R. § 3.1010(a). The fact that the substitute cannot also insert *new* claims that were not pending when the original claimant died says nothing about their ability to recover on the claims that *were* pending. *Contra* RB16.

The Secretary argues that there is a "post-death payment authorization gap," because the claimant's death "extinguishes any ongoing entitlement to benefits." RB16. The Secretary's argument continues to ignore this Court's explanation of the effect of § 5121A, which "makes clear that a veteran's claim is not extinguished by his death." *Reeves v. Shinseki*, 682 F.3d 988, 997 (Fed. Cir. 2012); *see* AB21, 55.[6] The claim—the right to pursue payment of benefits that the veteran sought, and should have been entitled to, during his lifetime—survives if there is an appropriate substitute. What ends with the veteran's death is the ability for new entitlements to arise or ongoing entitlements to continue accruing. Thus, for example, Ms. Frazier has no entitlement to her father's special monthly compensation benefits for periods *after* his death in August 2020; his ongoing entitlement to those benefits ended with his death. But that fact does not deprive her of the

---

[6] The dicta quoted by the Secretary (RB16)—from a case about substitution at the Veterans Court, involving a veteran who died before the effective date of § 5121A—is not to the contrary. Rather, the Court there emphasized that it is "too broadly stated" to say that "a veteran's claim dies when he does." *Padgett v. Shinseki*, 643 F.3d 950, 955 n.5 (Fed. Cir. 2011) (citation omitted).

ability to recover *payment* of the special monthly compensation that Mr. Frazier was entitled to in the periods *before* his death.

The discontinuance provision cited by the Secretary (RB16) is consistent with this understanding. The statute provides that "[t]he effective date" of a "discontinuance of compensation" by reason of death is the last day of the month before the death occurs. 38 U.S.C. § 5112(b)(1). An effective date is not the same thing as a payment date. Section 5112(b)(1) means that the entitlement to benefits ends effective on the month before the veteran's death. It does not mean that the agency's obligation to pay out those benefits to an appropriate claimant also ends. Here too, VA's regulation recognizes as much: for substitute claimants under § 5121A, "[a]ny benefits ultimately awarded are limited to any past-due benefits for the time period between the effective date of the award and what would have been the effective date of discontinuance of the award as a result of the claimant's death." 38 C.F.R. § 3.1010(g)(2). In other words, the effective dates—including the discontinuance effective date—govern the period of the veteran's (or substitute claimant's) entitlement to benefits; they do not alter the government's obligation to pay those benefits.

### C. The Veterans Court's hypothetical policy concern does not justify limiting recovery for substitute claimants like Ms. Frazier.

There is also no sound reason to depart from the plain text of § 5121A and impose a limitation on how much certain substitutes may recover based on notions of policy or congressional intent. As Ms. Frazier demonstrated, the supposedly "absurd result" that drove the Veterans Court's analysis is far-fetched at best and certainly cannot override statutory text. The court's imagined "pay-for-profit substitution scheme," Appx18, is implausible—particularly on any scale that could justify an atextual reading of § 5121A. *See* AB79-83. In contrast, there are sound reasons why Congress might have wanted to allow substitute claimants whose eligibility derives from § 5121(a)(6)—such as adult children of deceased veterans—to obtain complete recovery if they successfully process pending claims to completion. *See* AB75-76.

The Secretary disputes that the Veterans Court relied entirely on its hypothetical pay-for-substitution scheme to reach its conclusion about recovery limits. RB34. But he cites a portion of the Veterans Court's opinion addressing the text of *section 5121*, not 5121A. *See*

Appx17-18 (analyzing the different subsections of § 5121(a)). And even this analysis focused on Congress's supposed intent, not the words it used. *See* Appx17-18 (discussing the purported "reason why Congress included subsection (a)(6) in the list of categories of persons eligible to receive a benefit under section 5121"). While the Secretary is correct that this Court's review is de novo, RB36-37, it is noteworthy that no court—not this Court in *Smith*, and not the Veterans Court in this case—has offered a reason for concluding that § 5121A's cross-references to § 5121 on their face incorporate the reimbursement limit of § 5121(a)(6).[7]

Although the Secretary does not expressly urge this Court to interpret the statutory cross-reference in light of the Veterans Court's policy concern, he does dispute that the pay-for-profit hypothetical is "as far-fetched as [Ms. Frazier] suggests." RB37. But the Secretary offers

[7] Nor has the Board. The Secretary incorrectly states that the Veterans Court "*affirmed the board's finding* that Ms. Frazier was only eligible for payment of her father's accrued benefits in an amount sufficient to reimburse her for her 'last sickness and burial expenses' under section 5121(a)(6)." RB33 (emphasis added). As Ms. Frazier showed, the Board made no such finding; the limitation issue was first raised in a footnote of the Secretary's response brief at the Veterans Court. AB76-77. The Secretary cites nothing in the Board's decision suggesting otherwise.

no response to the litany of obstacles that Ms. Frazier showed would prevent such a scheme (or at least make it highly unlikely). *See* AB80-83.

Instead, the Secretary cites a single case involving facts that bear no resemblance to the Veterans Court's hypothetical. RB37. That case involved a fiduciary appointed by VA itself to assist a veteran who had been adjudged incompetent in pursuing his claims before the agency. *Youngman v. Shinseki*, 699 F.3d 1301, 1302 (Fed. Cir. 2012). The veteran prevailed on his claims, but VA delayed payment, and the veteran died. *Id.* The fiduciary then attempted in multiple ways to secure payment of the benefits so that the money could be distributed to the veteran's heirs.[8] But the fiduciary specifically disavowed that she was making a claim under § 5121 (let alone substitution under § 5121A), instead relying on the statute governing payment to fiduciaries (38 U.S.C. § 5502). *See Youngman*, 699 F.3d at 1303-04. It

---

[8] The Secretary, perhaps insinuating some misconduct, refers to these prospective recipients as "unspecified heirs." RB37. But the heirs *were* specified: they were "cousins of Mr. Richardson," the veteran. *Youngman*, 699 F.3d at 1303. Moreover, there is no apparent reason to believe that this agency- and court-appointed fiduciary would have ignored her various legal obligations to distribute the veteran's earned benefits to the proper people.

was this Court that held that, when a veteran dies, § 5121 displaces § 5502's directive to pay benefits to the veteran's fiduciary. *Id.* at 1304. And in all events, the fiduciary did not claim any entitlement based on paying the veteran's last sickness and burial expenses. *Id.* at 1303 ("No claim for sickness or burial expense is asserted here.").

Nothing about *Youngman* lends credence to the scenario imagined by the Veterans Court. It did not involve a person unrelated to the veteran; it involved a fiduciary appointed by both the agency and a court (and who thus had sanctioned access to the veteran's confidential claim file). This person did not insert herself into the claims process after (or shortly before) the veteran died; she succeeded a prior fiduciary who had resigned. 699 F.3d at 1302. She did not engage in a "pay-for-profit" scheme. She did not actually pay the veteran's last sickness and burial expenses, and she sought payment on behalf of the veteran's heirs, not herself. She also specifically disavowed any reliance on the accrued benefits statute. And she certainly did not try to substitute into a pending claim to pursue benefits the veteran had sought but had not yet been awarded before he died.

There is therefore still no reason to believe that the policy concern that drove the Veterans Court's statutory interpretation is even remotely plausible. In contrast, there is good reason to think Congress would have wanted the text it wrote to be enforced, without limiting any substitute claimant's ability to recover benefits that are ultimately awarded. As Ms. Frazier showed, many individuals who qualify as substitute claimants because of § 5121(a)(6) will be veterans' adult children—including those who were minors during the time when a veteran should have been receiving benefits but did not due to VA's denials and delays. *See* AB75.

The Secretary faults Ms. Frazier for offering only a "possible reading" of § 5121A, not the best one. RB35-36. But Ms. Frazier's reading of the statute derives principally from its text and structure, as shown above (in § IIB). As the reading that most faithfully implements the text Congress wrote, Ms. Frazier's is the best one. *See, e.g.*, *Feliciano v. Dep't of Transp.*, 605 U.S. 38, 54 (2025). Ms. Frazier referred to the example of adult children only to respond to an anticipated absurd-results objection from the Secretary. *See* AB75. The Secretary has not made this objection, so the Court need not delve into

the reasons why Congress might have written the statute as it did. Nonetheless, the Secretary's attempt to turn the legislative history against Ms. Frazier's argument is unavailing. The fact that the House Report accompanying § 5121A specifically relies on the testimony that Ms. Frazier cited suggests that Congress was trying to remedy the problems identified in that testimony, including the plight of adult children harmed by agency delay. *See* AB19-20, 57, 62. That the House Report summarized this testimony without specifically calling out that one issue—either favorably or unfavorably—does not, as the Secretary argues, suggest that Congress rejected it as a concern that could be remedied by the new statute. *Contra* RB36.

The Secretary contends that it would be "absurd[]" to allow veterans' adult children to rely on their (a)(6) eligibility to "obtain all accrued benefits owed to the veteran," which would contravene "the policy that Congress adopted in section 5121." RB37-38. But Ms. Frazier's argument is *not* that these adult children may rely on their sickness and burial payments to claim accrued benefits under § 5121. Nor is Ms. Frazier seeking to overturn this Court's ruling that the definition of "child" in § 101(4)(A) was not altered by the enactment of

§ 5121A; unlike the appellant in *Sucic v. Wilkie*, she is not claiming eligibility by virtue of being Mr. Frazier's "child." 921 F.3d 1095, 1099-1101 (Fed. Cir. 2019); *contra* RB36-37 (suggesting that Ms. Frazier's arguments are inconsistent with *Sucic*).

Individuals whose eligibility depends on § 5121(a)(6) and who file an application under that statute seeking payment of the periodic benefits that have accrued—those that are "due and unpaid" to the veteran under the existing claim file—are limited to the "reimburse[ment]" provided in that statute. But individuals who are permitted to substitute in a pending claim because they are "a living person who would be eligible to receive accrued benefits" under § 5121(a)(6) are entitled to exactly what § 5121A says: to "process[] the claim to completion," which necessarily includes receiving payment on the claim if it is successful.

## CONCLUSION

The Court should review Ms. Frazier's cross-appeal; act en banc under Federal Circuit Rule 40(a)(4) to overrule *Smith*; reverse the Veterans Court's holding that recovery for substitute claimants whose

eligibility is based on § 5121(a)(6) is limited to the expenses of last sickness and burial; and remand for further proceedings.

January 2, 2026

Respectfully submitted,

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
Anne W. Savin
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 339-8400

Melanie R. Hallums
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

Kenneth M. Carpenter
CARPENTER CHARTERED
P.O. Box 2099
Topeka, KS 66601

*Counsel for Claimant-Cross-Appellant*

## CERTIFICATE OF COMPLIANCE

The brief complies with the type-volume limitation of Fed. Cir. R. 28.1(b)(3) because this brief contains 6,378 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Claimant-Cross-Appellant*